UNITED STATES DISTRICTCOURT
FOR THE SOUTHERN DISTRICT OF
TEXAS   HOUSTON DIVISION

In Re:

**ELIZABETH THOMAS**
*Debtor*

**22-cv-00705**

**JAMES ALLEN, ROBERT L. THOMAS**
**ALLAN HAYE**

*Plaintiffs/Counter-Defendants*

**vs.**

**PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UATH CORPORATION**
*Defendants/Counter- Plaintiff*

**PCF PROPERTIES OF TEXAS LLC,**
*Third Party Plaintiff*

vs.

**J.P. MORGAN CHASE BANK N.A**
**ELIZABETH THOMAS AND JAMES M. ANDERSEN**
*Third Party Defendants*

---

### REPLY TO DEFENDANTS' PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UATH RESPONSE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**TO HONORABLE JUDGE ALFRED H. BENNETT**

In opposing Third Party Defendants James M .Andersen Elizabeth Thomas and Plaintiffs Robert L. Thomas, James Allen and Allan Haye Joint Motion for Summary Judgment, (the "Motion") Defendants PCF Properties of Texas LLC., as Successor to Flagstone Lending Group a Foreign Non-Existent Utah Corporation makes a series of arguments that are not supported by any evidence, are irrelevant, and/or include misstatements or omissions of facts.   Defendants have presented no evidence in

opposition to Third Defendants and Plaintiff's Joint Motion for Summary Judgment to establish a genuine issue of material fact. Therefore, summary judgment should be granted on all of the defendants counterclaims and Third Party claims on the grounds of illegality.

**JURISDICTION**

Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Code], or arising in or related to cases under title 11 and retain jurisdiction to interpret and enforce their orders." In re Charter Commc'ns, No. 09–11435, 2010 WL 502764, at *4 (Bankr. S.D.N.Y. Feb. 8, 2010); Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) the Notice of Removal outline in this proceeding Thomas is seeking "the enforcement of a bankruptcy court orders" that arises in a Chapter 13 proceeding, because it raises a dispute created by the fact of the bankruptcy court. In re Sterling Optical Corp. , 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003). Mountain Am. Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 448 (10th Cir. 1990) (enforcement of order from core proceeding is itself a core proceeding).

I.   **Defendants PCF/Successor did not meet their evidentiary burden to prove that Flagstone Lending Group a "Foreign Utah Corporation" Organized and Existing under the laws of the State of Utah has a legal existence.**

In Third Party Defendants and Plaintiffs statement of facts asserted that lender named in the Deed of Trust at issue *formerly* recorded in the Harris County Real Property Records under Instrument 2007-0643668 is Flagstone Lending Group a "Utah Corporation" organized and existing under the law of **the State of Utah.** *See*: **Exhibi**t A

wherein at page 1 of said Deed of Trust it clearly states as follows:

> (C) "Lender" is **FLAGSTONE LENDING GROUP**. Lender is a corporation organized and existing under the laws of the State of UTAH. Lender's address is 4750 WEST WILEY POST WAY, SUITE 200, SALT LAKE CITY, UTAH 84116.

On December 10, 2022, attached as **Exhibit** 2 to Defendants Successor PCF Response in Opposition Summary Judgment is also a certified copy of the same Deed of Trust *formerly* recorded in the Harris County Real Property Records under Instrument 2007-0643668 is Flagstone Lending Group a "Utah Corporation" organized and existing under the law of **the State of Utah.** *See*: PCF **Exhibi**t 2 at page 1.

There is no genuine dispute as to any material fact that the Lender named under the Deed of Trust (the "Contract") ___*formerly*___ record in the Harris County Real Property under Instrument 2007-0643668 is Flagstone Lending Group "Utah Corporation" organized and existing under the law of **the State of Utah;** and

On January 25, 2017, the Texas Secretary of State hereby issued a "certificate of fact" certifying under its oath of office that after a diligent search on the name of Flagstone Lending Group and in pertinent part states that there is "___*no record*___" of a foreign corporation, professional corporation, or other foreign filing entity with a registration to transact business by the name search. See **Exhibi**t B.

Third Party Defendants and Plaintiffs **Object** to Defendants PCF/Successor **Exhibit** 3 as it evidence the existence of a similar named Flagstone Lending Group that's a Texas local assume named ("d/b/a") which is *not relevant*. As the Flagstone Lending Group on said deed of trust at issue is a "Foreign Utah Corporation" allegedly organized and existing under the law of State of Utah; and there is no genuine dispute as to any material

fact that Flagstone Lending Group a "Foreign Utah Corporation" has no legal existence and under Texas law, without a **valid** certificate of authority a non-existent foreign entity cannot sue, may not maintain or defend an action or obtaining any affirmative relief on any matter in "***any of our Texas courts***" through a "**successor**" "**assignee**", or "**legal representative**" of a non-existent entity including PCF.  Tex. Bus. Org. Code. 9.051,

II.   **Defendants PCF/Successor did not meet its evidentiary burden to prove that Flagstone Lending Group a Non-Existent "Foreign Utah Corporation" held a "Texas Regulated Lender License" as Statutorily Required.**

Defendants Successor/PCF Properties of Texas LLC., has not produce **any** evidence before this Court proving that Flagstone Lending Group a Non-Existent "Foreign Utah Corporation" procured a Regulated Loan License to legally engage in the business of making, transacting, or negotiating loans in the State of Texas statutorily required pursuant to Texas Finance Code § 342.051 in the State of Texas.  **Objection:** to PCF **Exhibit** 4 as to relevance as to Primary Residential Mortgage Inc., whom operated under the d/b/a name of Flagstone Lending Group from Texas locations just as AmericaHomeKey Inc. and Westar Mortgage Corp., operated under the d/b/a name of Flagstone Lending Group and none of these lenders are named as a party to this lawsuit. See **Exhibit** C.

The Flagstone Lending Group in this action is a Non-Existent "**Foreign Utah Corporation**" that operated out of the **State of Utah** and is not a d/b/a. There is no genuine dispute as to any material fact that Flagstone Lending Group a Non-Existent "Foreign Utah Corporation" criminally and illegally engaged in the business of making, transacting, or negotiating loans without having procured a license pursuant to Texas

Finance Code § 342.051 in the State of Texas and  operating without a license is a "**_criminal offense_**"  a "**_felony of the third degree._**" pursuant to Texas Finance Code 151.708(2). Rendering any transaction or contract illegal and illegal contracts, agreements or transactions  **_may not_** be satisfied by the courts. _Smith v. Gladney_, 128 Tex. 354, 98 S.W.2d 351, 352 (1936). Courts will not enforce an illegal contract. _Phillips v. Phillips_, 820 S.W.2d 785, 789 (Tex. 1991); _Texaco v. Pennzoil Co._, 729 S.W.2d 768, 806 (Tex. App—Houston [1st Dist.] 1987). The rationale behind refusing to legitimize illegal contracts through the courts arises from long standing Texas law holding that a contract to do a thing that cannot be performed without a violation of the law is void. _Lewis v. Davis_, 199 S.W.2d 146 (Tex. 1947)..  Accordingly, the courts will generally leave the parties as they found them. _Plumlee v. Paddock,_ 832 S.W.2d 757, 759 (Tex. App.—Forth Worth 1992, writ denied)(court refused to enforce contract for illegal practice of law); _Peniche v. Aeromexico_, 580 S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.] 1979, no writ)(" Texas courts will not enforce an illegal contract, particularly where the contract involves the doing of an act prohibited by statutes for the protection of the public health and welfare, and it is the duty of the courts to at once decline to give it any validity."); _Rogers v. Traders & General Ins. Co._, 135 Tex. 149, 155 (Tex. 1940)("The general rule is well settled that, where statutes enacted to protect  the public against fraud or imposition, or to safeguard the public health or  morals, contain a prohibition and impose a penalty, all **_contracts in violation thereof are void_**.").

**III.**    **Defendants PCF/Successor Flagstone Lending Group a Non-Existent Foreign Utah Corporation Affirmative Defense of Res Judicata Fails as a Matter of Law**

Defendants PCF/Successor Flagstone Lending Group a Non-Existent Foreign Utah Corporation fails  to prove or raise any question of material fact on its affirmative defenses for Res Judicata.  Here Defendants PCF/Successor Flagstone Lending Group, alleges that the underlying claims have been litigated and resolved in Case No. 4:13-cv-01022, and styled *Elizabeth Thomas and Abdelhalim H. Mohd v. J.P. Morgan Chase, N.A. F/K/A Chase Home Finance, LLC, its Successors and Assigns DOES 1-50*, in the United States District Court for the Southern District of Texas, Houston Division, (the 2013 Lawsuit). **In the claims of this lawsuit:** Ms. Thomas- challenged that her lender MTH Lending Group L.P., on October 19, 2007, violated Article XVI, Section 50(a)(6)(Q)(vii) of the Texas Constitution, due to the failure to obtain her then spouse *Abdelhalim H. Mohd* signature on the Texas Home Equity Deed of Trust. See **Exhibi**t D.

**There is no identity of parties**:   James M. Andersen, Robert L. Thomas, James Allen and Allan Haye were named as parties in the first action and   have no interest or rights in the property as such are not in privity with Elizabeth Thomas whom also has no interest or rights in the property as it has been sold nor was PCF Properties of Texas LLC., named as party to the first action has no interest or rights in the property; and Abdelhalim H. Mohd and MTH Lending Group L.P., is not a party to this action.

**The second action based on the same claims**; there is no second action pending before the Court based on the same claims in the first action that Thomas lender MTH Lending Group L.P., on October 19, 2007, violated Article XVI, Section 50(a)(6)(Q)(vii) of the Texas Constitution, due to the failure to obtain Ms. Thomas then spouse *Abdelhalim H. Mohd* signature on the Texas Home Equity Deed of Trust.  Res judicata  requires ***proof***

of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. Espeche v. Ritzell, 123 S.W.3d 657, 665 (Tex. App.-Houston [14th Dist.] 2003, pet. denied).

IV.   **Defendants PCF/Successor Flagstone Lending Group a Non-Existent Foreign Utah Corporation Seeks Judgment on Claims arising from illegal agreements or contracts that is unenforceable as a matter of law.**

Claims arising from illegal agreements or transactions may also not be satisfied by the courts. _Smith v. Gladney_, 128 Tex. 354, 98 S.W.2d 351, 352 (1936). Courts will not enforce an illegal contract. _Phillips v. Phillips_, 820 S.W.2d 785, 789 (Tex. 1991); _Texaco v. Pennzoil Co._, 729 S.W.2d 768, 806 (Tex. App—Houston [1st Dist.] 1987). The rule that illegal contracts may not be enforced because doing so would be contrary to Texas public policy.  Texas holds that a  illegal contract is void. _See_: _McCreary v. Bay Area Bank & Trust_, 68 S.W.3d 727, 733 (Tex. App. 2001)(a contract made in violation of a statute is illegal and void). Where contract is void, it has no legal existence. Hence there is nothing to enforce.

All of _PCF_'s claims arise from the illegal contract or agreements stemming from Flagstone Lending Group Non-Existent Foreign Utah Corporation criminal and illegal actions and are unenforceable as a matter of law. Flagstone Lending Group a Non-Existent Foreign Utah Corporation violated the statue by engaging in the State of Texas in the business of making, transacting, or negotiating loans without a Regulated Loan License and operating without a license is **_illegal_**  it's a criminal offense a "**_felony of the third degree_**" See **Exhibits** E  and F.

P.C.F. Properties In Tx. LLC., has already filed for eviction and possession of the property in the Justice Court Precinct 4, Place 1 in Harris County Texas, cause number 204100110735, against Elizabeth Thomas and all Other Occupants of 8202 Terra Valley Lane, Tomball Texas 77375.  Before the Honorable Judge Lincoln Goodwin, and _loss_ due to having no title or interest in said property. See **Exhibit** G.

Debtor Elizabeth Thomas filed an answered and affirmative defense that the Deed of Trust instrument No. 20070643669has been recorded as release effective since December 27, 2016 and the power of sale no longer has any legal force or effect. Below is a snapshot visual showing said Deed of Trust is recorded in the Harris County Real Property Records as Release ("REL"), February 18, 2018 . See **Exhibit** H.



1 Record(s) Found.

| File Number | File Date | Type Vol Pg | Names | Legal Description | Pgs | Film Code |
|---|---|---|---|---|---|---|
| RP-2018-76715 | 02/23/2018 | REL | Grantor: ANDERSEN JAMES M TRE<br>Grantor: THOMAS ELIZABETH<br>Grantee:FLAGSTONE LENDING GROUP | Desc: MIRAMAR LAKE<br>Sec: 3<br>Lot: 25<br>Block:2<br>Related Docs:    RP-2016-577139 | 3 | RP-2018-76715 |

On July 13, 2020, the Honorable Judge Lincoln, held a trial and stated that because the deed of trust was record in the Harris County Real Property Records as release on February 18, 2018, effective as of December of 2016, on March 3, 2020, the alleged substitute trustee Ana Sewart had no power to transfer title of the property to PCF., therefore, PCF could not have obtained title or color of title from the substitute trustee. See _Martin v. Cadle_ Company, 133 S.W.3d 897 (Tex. App.- 2004 Precedential).

Secondly, the Honorable Judge Lincoln also found that on **March 3, 2020**, James Allen had already purchased the property at **10: 07 a,m**, and deed conveying title to Mr.

Allen was recorded in the Harris County Real Property Record the same day on March 3, 2020, by **11;50 a.m**., vesting titled in Mr. Allen. See **Exhibit I**.

By the time PCF sought to acquired, the property at **12;30 pm** on March 3, 2020 it had already been sold at **10: 07 a,m** to Mr. Allen and the Trustee Deed conveying title to Mr. Allen was recorded in the Harris County Real Property Records on March 3, 2020, at **11;50 a.m**., Compare PCF **Exhibit** 1 with **Exhibit** G. The Court awarded possession of the property to Elizabeth Thomas whom does not even reside in Texas. See **Exhibit** J.

PCF filed a Appeal on July 21, 2020, *Properties In Tx. LLC., filed a* appealed in the County Court at Law No. 3 cause number No. 1156772, case entitled *P.C.F. Properties in Tx. LLC., vs. Elizabeth Thomas, Intervenor James Allen et al.* Elizabeth Thomas and James Allen. Properties In Tx. LLC., again hoping to deceive the court into believing that they foreclosed on March 3, 2020, on a Deed of Trust that has been recorded as release effective as of December 27, 2016. The Honorable Judge LaShawn A. Williams denied *P.C.F. Properties In Tx. LLC.'s,* appeal and possession of said property signed an order for sanctions against *PCF.* See **Exhibit** K.

There is no genuine dispute as to any material fact that all of PCF counterclaims and third party claims **arise** from the illegal agreements or contracts stemming from Flagstone Lending Group Foreign Non-Existent Utah Corporation criminally and illegally engaging in the business of making, transacting, or negotiating loans without having procured a license pursuant to Texas Finance Code § 342.051 in the State of Texas and operating without a license is a ***criminal offense*** a "***felony of the third degree.***"

pursuant to Texas Finance Code 151.708(2) PCF claims are unenforceable as a matter of law as they seek to enforce an illegal contract.

**CONCLUSION**

For the reasons stated above, Third Party Defendants James M. Andersen, and Elizabeth Thomas Jointly with Plaintiffs James Allen, Robert L. Thomas and Allan Haye, requests that this Court enter summary judgment holding that under Texas law the parties must be left where the Court finds them due to illegality, and dismissing PCF Properties of Texas LLC., counter/claims and third party claims filed as Successor to Flagstone Lending Group a Non-Existent Foreign Utah Corporation due to lack of legal existence. A proposed form of order is filed herewith pursuant to this Court's Local Rules.

Respectfully submitted,

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

By/s/Elizabeth Thomas
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington DC 20002
elizthomas234@gmail.com
832-813-9231

By:/s/Keith Robinson Nguyen
Keith Robinson Nguyen
Texas State Bar No. 24062919

PO BOX 1787
Alief, TX 7741
Tel. 832-869-3419
Fax. 281-271-8077
krnlawfirm@gmail.com

ATTORNEY FOR ALLAN HAYE

By/s/Colleen M. McClure
COLLEEN M. MCCLURE
ATTORNEY AT LAW
Texas Bar No. 24012121
18482 Kuykendahl Rd. Box 106
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

ATTORNEY   FOR   JAMES   ALLEN
AND ROBERT l. THOMAS

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2022 a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen
James M. Andersen