| | |
|---|---|
| In Re: <br>     **ELIZABETH THOMAS** <br>        *Debtor* | 22-cv-00705 |
| **JAMES ALLEN, ROBERT L. THOMAS ALLAN HAYE** <br>     *Plaintiffs/Counter-Defendants* <br> vs. <br> **PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UATH CORPORATION** <br>     *Defendants/Counter- Plaintiff* <br><br> **PCF PROPERTIES OF TEXAS LLC,** <br>     *Third Party Plaintiff* <br> vs. <br> **J.P. MORGAN CHASE BANK N.A** <br> **ELIZABETH THOMAS AND JAMES M. ANDERSEN** <br>     *Third Party Defendants* | |

**REPLY TO THIRD PARTY DEFENDANTS' JP MORAN CHASE BANK N.A. RESPONSE <u>OPPOSITION</u> TO MOTION FOR SUMMARY JUDGMENT**

**TO HONORABLE JUDGE ALFRED H. BENNETT**

    Objection to  Third Party Defendant J.P. Morgan Chase Bank N.A.,  attempts to assert affirmatives defenses that have already been waived in prior action and/or any attempt to re-litigate the same claims already litigated and adjudicated in the bankruptcy Court, now barred under the doctrine of Res judicata, which includes PCF Properties of Texas LLC., Successors in interest, deriving their counter claims and third party claims  through Chase  party to the prior action are barred under the doctrine of Res judicata and affirmative defense of illegality and for cause shows the Court the following;

# STATEMENT OF ACTS

**I. J.P. Morgan Chase and PCF Claims Are Barred under the Doctrine of Res Judicata**

On June 17, 2020, the Honorable Judge Sean H. Lane U.S.B.J., of the U.S. Bankruptcy Court of the Southern District of New York signed a "disallowance order" which bars the claims that J.P. Morgan Chase Bank N.A., and PCf Properties of Texas LLC., seeks to re-litigate before this Court in regard to Non-Existent Flagstone Lending Group a Foreign Utah Corporation Deed of Trust under the doctrine of res judiciata.

Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." Dotson v. A. Specialty Ins. Co., 24 F.4th 999, 1002 (5th Cir. 2022), cert. denied, 143 S. Ct. 102 (2022). A bankruptcy order disallowing a **proof** of claim pursuant to 11 U.S.C. § 502(b)(1) is a final judgment on the merits by a court of competent jurisdiction, and ***is a predicate for*** ***res judicata***. EDP Med. Computer Sys. v. United States, 480 F.3d 621, 625 (2nd Cir. 2007); In re Residential Capital, LLC, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015); Moore v. Wiz, 2008 WL 2357406, *1 (E.D.N.Y. Jun. 4, 2008). As explained in Warner v. CMG Mortg. Inc., 2015 WL 7454151, *4-5 (N.D. Cal. Nov. 24, 2015) (footnotes and internal citations omitted) (dismissing a plaintiff's case with prejudice following the disallowance of her claim in bankruptcy):

A final judgment on the merits of an action precludes the parties or their privities from relitigating the same issues or claims that were or could have been raised in that action." _EDP Med. Computer Sys. Inc., v. U.S_, 480 F.3d 621, 624 (2d Cir. 2007)(quoting _St. Pierre v. Dyer_ 208 F.3d394, 399 (2d Cir 2000)). For res judicata, a party must prove (1) the

existence of a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a subsequent action based on the same claims that were or could have been raised in the prior action. Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010) This rule applies with full force to matters decided by bankruptcy courts. See *Katchen v. Landy*, 382 U.S. 323, 334 (1996)("the normal rules of *res judicata* and collateral estoppels apply to the decisions of the bankruptcy courts"). Additionally, *res judicata* does not require the precluded claim to actually have been litigated; it concern, rather is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim. *See*: *EDP Med. Computer Sys. Inc., v. U.S*, 480 F.3d at 626 (citing *Federated Dep't Stores. Inc., v. Moitie*, 452 U.S. 394, 398 (1981); see also *Falbaum v. Pomerantz*, 19 Fed. Appx, 10, 2001 WL 1019616 (2d Cir. Sept. 6, 2001)(plaintiffs were barred from bringing a disparate impact claim because they could have timely raised such a claim during the bankruptcy proceeding).

### A. **J.P Morgan Chase Bank N.A. Claims as to the Flagstone Deed of Trust have already been Litigated.**

On January 7, 2019, J.P. Morgan Chase Bank N.A., filed a proof of claim, alleging to be a secured creditor and claiming that debtor Elizabeth Thomas was in default and owned the outstanding amount of **$489, 069.96,** in mortgage payments in support of its claim, in support of its claim CHASE submitted a copy of Flagstone Lending Group a Non-Existent "Foreign Utah Corporation" allegedly organized and existing under the laws of the **State of Utah** October 19, 2007, Deed of Trust *formerly* recorded in the Harris County Real Property Records under instrument No. 20070643669, which establishes a secure claim for Chase. See **Exhibit** 1.

### B. Debtor Elizabeth Thomas Objection to CHASE Claim

On January 13, 2020, debtor Thomas **rebutted the validity of CHASE claim** by filing a "Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5." Thomas pleaded that the "Debtor borrowed approximately $235, 262. 37 from **MTH Lending Group** **L.P**., on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx., (the Property) instead of Flagstone Lending Group advance cahs purchase money loan as alleged by CHASE.See **Exhibit** 2.

### C  JP Morgan Chase Bank N.A. Response to Debtor Thomas Objection

On February 5, 2020, JP Morgan Chase filed a Objection in Response to the Debtor "Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5" merely argued that Debtor Thomas, her son Robert Thomas and James Allen are all part of a scheme to defraud Chase of payment for advance cash purchase money loan from Non-Existent Foreign Utah Corporation Flagstone Lending Group that was (i) fraudulently recorded as release by Andersen and; (ii) deeds transferring the interest in the property are fraudulent  Debtor has filed a false satisfaction of Flagstones Loan (the "Purported Satisfaction"), in which James M. Andersen , an attorney who had represented the Debtor in numerous actions, purported to act as a "substitute trustee" and the deeds transferring an interest property were also fraudulent and without consideration." JP Morgan Chase Bank N.A., did not raise any affirmative defenses, that Thomas objection to Dlien was barred under the doctrine of res judicata due to a prior 2013 court judgment. An affirmative defense is waived if not asserted.  *See* FED. R. CIV. P. 8(c). See **Exhibit** 3.

### D. The Honorable Judge Sean H. Lane U.S.B.J., Order

On June 17, 2020, the Honorable Judge Sean H. Lane U.S.B.J., signed "disallowance order" denying J.P. Morgan Chase Bank N.A., claims and granted debtor Thomas Motion to "**Reclassify** and **Expunge**" J.P. Morgan Chase Bank N.A Claim No. 5. See **Exhibit** 4 .

The Court ruled in favor of Debtor Thomas and found that borrowed was approximately $235, 262. 37 from **MTH Lending Group L.P**., on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the *refinance* of the residential property located at 8202 Terra Valley Lane, Tomball Tx., (the Property),. Chase never filed an appeal. A creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined. and if the *claim* is rejected its *validity* may not be re-litigated in another proceeding on the same claim." *Katchen*., 382 U.s. at 334 (internal citations omitted). *An order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and is a final judgment, furnishes a basis for a plea of res judicata."*).... *Per Cost v. Super Media*, 482 B.R. 857, 861-863 (S.D.N.Y. 2012) (internal citations omitted) See also e.g., Moore v. The Wiz, Cablevision, 2008 WL 2357406, *3 (E.D.N.Y. Jun. 4, 2008).

All the three (3) elements establishing res judicata have been met: (1) the June 12, 2020 "disallowance order" is a final judgment on the merits from bankruptcy court of competent jurisdiction; (ii) Thomas and J.P. Morgan Chase were same parties to the bankruptcy proceedings PCF as successors in interest is in privity with Chase deriving their claims through Chase a party to the prior action (iii) claims before this court are based on the same claims *Flagstone Lending Group a Non-Existent Utah Corporation* Deed

of Trust" raised in the prior action and Chase waived any affirmative defenses that could have or should have been raised in the first action that res judicata now bars.

**II.     The Honorable Judge Jaclanel McFarland February 14, 2019 Order is a final judgment on the merits.**

On February 14, 2019, the Honorable Judge Jaclanel McFarland granted debtor Elizabeth Thomas motion for summary judgment and signed a *"**plaintiff take nothing"** final judgment order* in the case styled as *Robert L Thomas James Allen vs. McCarthy & Holthus LLP., on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A. Elizabeth Thomas,* **in** the 133rd Judicial District Court, Harris County Texas, cause No. 2018-14171. See **Exhibit** 5.

November 30, 2018, Debtor Elizabeth Thomas filed a Motion for Summary Judgment on the grounds that as a matter of law the *Flagstone Lending Group a Non-Existent Utah Corporation* Deed of Trust" **_formerly_** recorded in the Harris County Real Property Records under instrument No. 20070643669, was not a valid lien against said property.  (the validity of a lien on real property is a question of law. *Florey v. Estate of McConnell,* 212 S.W.3d 439 (Tex. App.-Austin 2006, pet. denied). See **Exhibit** 6.

Debtor Elizabeth Thomas in support of the Motion for Summary argued thirteen (13) grounds as to why that *Flagstone Lending Group a Non-Existent Utah Corporation* Deed of Trust" **_formerly_** recorded was not a valid lien against the property at issue which was supported with summary judgment evidence. See **Exhibit** 7.

The summary judgment evidence admitted of significant here proved that as recited in  the Deed of Trust that the lender named is Flagstone Lending Group a Utah Corporation organized or existing under the laws of the **State of Utah** See **Exhibit**  8.

> (C) "Lender" is **FLAGSTONE LENDING GROUP**. Lender is a corporation organized and existing under the laws of the State of UTAH. Lender's address is 4750 WEST WILEY POST WAY, SUITE 200, SALT LAKE CITY, UTAH 84116.

The summary judgment evidence admitted from Ms. Kathy Berg Director of the Utah Department of Commerce Division of Corporation & Commercial Code proved that Flagstone Lending Group is not a 'corporation' organized or existing under the law of the State of Utah as recited in the Deed of Trust. See **Exhibit** 9.

Debt Collectors Defendants McCarthy & Holthus LLP., represented *J.P. Morgan Chase Bank N.A,* interest in this case and never filed a response to debtor Elizabeth Thomas, Summary Judgment Motion never objected to the summary judgment evidence and never filed a compulsory counterclaim or any affirmative defenses.

The February 14, 2019, **order is a final** judgment on the merits where it states "plaintiff take nothing," constitutes a dismissal of the lawsuit ***with prejudice*** *even if found that the order was incorrectly granted its final*. See Jacobs v. Satterwhite, 65 S.W.3d 653 (Tex. 2001); Almanara World Class Rest., Inc. v. Caspian Enters., Inc., No. 14-02-00347-CV, 2003 WL 748180, at *4, ---S.W.3d ----, ---- (Tex. App.-Houston [14th Dist.] Mar. 6, 2003, no pet. h.) (stating that a take-nothing judgment is a dismissal of the lawsuit with prejudice and ***a final judgment on the merits of the case***).See Nguyen v. Desai 132 S.W.3d 115 (Tex. App. 2004*); Harrell v. Godinich* NO. 01-16-00338-CV (Tex. App. Dec. 5, 2017) ***portion of trial court's judgment ordering plaintiffs take nothing constituted*** "a dismissal of the lawsuit ***with prejudice*** on the merits of the [plaintiffs'] claims"); see also Daniels v. Empty Eye, Inc., 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. This aspect of the trial court's order of "takes ***nothing***" is a "dismissal of the claims

with prejudice on the merits." See <u>Mossler v. Shields</u>, 818 S.W.2d 752, 754 (Tex.1991) (stating that take-nothing judgment is **<u>dismissal with prejudice</u>** functions as a **final determination on the merits**); Dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided. See <u>Mullins v. Estelle High Security Unit</u>, 111 S.W.3d 268, 273 (Tex. App.—Texarkana 2003, no pet.) (citing <u>Mossler v. Shields</u>, 818 S.W.2d 752, 754 (Tex. 1991)). A dismissal of a case with prejudice has full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action same transaction, or series of connected transactions, out of which the action arose or issues between the same parties. See <u>Barr v. Resolution Trust Corp</u>., 837 S.W.2d 627, 630–31 (Tex. 1992).

All the three elements establishing res judicata have been met: (1) the 133rd Judicial District Court is a court of competent jurisdiction and, the February 14, 2019 judgment that the **plaintiffs <u>take nothing</u>**" is a **final judgment** on the merits (ii) the parties to the judgment are same as those before this court: *Robert L Thomas James Allen claims against* Defendants *Elizabeth Thomas, and McCarthy & Holthus LLP., on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A, CHASE was in privity with McCarthy & Holthus LLP., whom represented their interest in the case and* PCF is in privity with Chase deriving their claims through Chase a party to the prior action. <u>HECI Exploration Co. v. Neel</u>, 982 S.W.2d 881, 890 (Tex. 1998); <u>Benson v. Wanda Petroleum Co</u>., 468 S.W.2d 361, 363 (Tex. 1971); <u>McNeil Interests, Inc. v. Quisenberry</u>, 407 S.W.3d 381, 388 (Tex. App.-Houston [14th Dist.] 2013, no pet. (iii) Texas Courts apply the "transactional test" whether the second action is based on the

same claims raised or could have been raised in the first action and also whether the same transaction, evidence, and factual issues are involved in both proceedings, if so then res *judicata* applies. <u>Barr v. Resolution Trust Corp</u>., 837 S.W. 2d 627, 630 (Tex. 1992.). (iii) here PCF Properties of Texas LLC., as an alleged successor to Non-Existent Utah Corporation Flagstone Lending Group seeks a court to order that Deed of Trust" to Non-Existent Utah Corporation Flagstone Lending Group for a advance cash purchase money loan in the amount of $239,400, <u>*formerly*</u> recorded in the Harris County Real Property Records under instrument No. 20070643669 is valid lien encumbering said property. Since both proceedings involve the same claims involving a "question of law" as to the validity of the same deed of trust that was in the first action then res judicata applies. <u>Barr v. Resolution Trust Corp</u>., 837 S.W. 2d 627, 630 (Tex. 1992.). Chase waived any affirmative defenses and counterclaims Rule 97**.**

A. **Moreover J.P. Morgan Chase and PCF Claims are barred under Affirmative defense of ' Compulsory Counterclaim Rule 97 of the TRCP'.**

J.P. Morgan Chase claims PCF as successor to said claims as stated in its counterclaims and third party claims are compulsory counter claims that should been brought as a counterclaim and affirmative defenses in the above-mention 133rd District Court case for which J.P. Morgan Chase was name as party..

Texas follows the transactional approach to res judicata. <u>Barr v. Resolution Trust Corp.,</u> 837 S.W.2d 627, 628 (Tex.1992). This approach **_mandates_** that a defendant **must** bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit. *Id.* A counterclaim is compulsory only if meets the following six characteristics: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the claim is

mature and owned by the defendant at the time of filing the answer; (4) it arose out of the same transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require the presence of third parties over whom the court cannot acquire jurisdiction. See TEX. R. CIV. P. 97(a); <u>Wyatt v. Shaw Plumbing Co</u>., 760 S.W.2d 245 247 (Tex. 1988); <u>Encore Enter., Inc. v. Borderplex Realtym Trust</u>, No. 08-17-00153-CV, 2018 WL 4659579 at *5 (Tex. App.—El Paso, Sept. 28, 2018, no pet.). <u>Ingersoll-Rand Co. v. Valero Energy Corp</u>., <u>997 S.W.2d 203</u>, 207 (Tex.1999). Of these six requirements, Plaintiffs James Allen and Robert L. Thomas challenges only the fourth element (arises out of the same transaction or occurrence.

To determine whether counterclaims arise out of the same transaction or occurrence, courts apply a logical relationship test. <u>Moore v. First Fin. Resolution Enter., Inc.</u>, 277 S.W.3d 510, 516 (Tex. App.—Dallas 2009, no pet.). The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims. <u>Id.</u>

J.P. Morgan Chase Exhibits G-1, G-2 and G-3 evidence before this Court that Chase knew since the year of 2013 that they had claim that "arose out of the same transaction or occurrence that is the subject matter of the opposing party's claim in a prior case and failed to file a claim." The test is met based on the record. The central fact to both lawsuits the 133rd District Court and before this court involve a Deed of Trust ***formerly*** record in the Harris County Real Property under Instrument 2007-0643668 to Flagstone Lending Group a Non-Existent "Utah Corporation" for a October 19, 2007, advance cash

purchase money loan allegedly advance to Elizabeth Thomas in dispute. The dispute centers on Elizabeth Thomas denying that on October 19, 2007, she abstained a advance cash purchase money loan Flagstone Lending Group a Non-Existent "Utah Corporation" and that instead on October 19, 2007, she obtained a Texas Home Equity Loan from MTH Lending Group L.P.  The 2103 judgment arose out of the same transaction Deed of Trust *__formerly__* record in the Harris County Real Property under Instrument 2007-0643668 that was the subject matter of the opposing party's Elizabeth Thomas claim the same facts were being disputed, in 133rd District Court case that was disputed in the 2013 federal court case for which a judgment had already been rendered. This mandated that CHASE bring as a compulsory counterclaim any claim i.e. res judicata in 133rd District Court case. A compulsory counterclaim must be asserted in the initial action and cannot be asserted in later actions; a party's failure to assert a compulsory counterclaim precludes that party from asserting it in later lawsuits. *Id.; Williams v. Nat'l Mortgage Co.,* 903 S.W.2d 398, 403 (Tex. App.-Dallas 1995, writ denied); *Weiman v. Addicks-Fairbanks Road Sand Co.,* 846 S.W.2d 414, 415 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

**B.   The Deed of Trust at Issue and submitted as evidence by All parties before this Court recites the lender Is Flagstone Lending Group a "Foreign Utah Corporation" Organized  and Existing under the law of the "<u>STATE OF UATH</u>" and <u>NOT</u> a local Texas Assume Name.**

As evidence above the Honorable Judge Jaclanel McFarland February 14, 2019, final judgment on the merits resolved the issue that lender named in the Deed of Trust at issue is  *Flagstone Lending Group 'Utah Corporation"* and  resolved the issue that this lender according to the Utah Department of Commerce Division of Corporation &

Commercial Code *Flagstone Lending Group 'Utah Corporation* is non-existent and these issues have been dismissed the with prejudice between the parties.

Objection to J.P. Morgan Chase **Exhibit** B as to relevance as it merely establishes the existence of Texas assume name d/b/a with the similar name of Flagstone Lending Group however there are no pleadings, claims or cause of action pending before the Court against this assume name. An assumed name is merely a trade name that has **<u>no legal existence</u>** of its own. <u>Steer Wealth Mgmt., LLC v. Denson</u>, 537 S.W.3d 558 (Tex. App.—Houston [1st Dist.] 2017, no pet. h.). This *Flagstone* Lending Group "**<u>trade name</u>**" was used my several lenders such as Primary Residential Mortgage Inc., AmericaHomeKey Inc., and Weststar Mortgage Corp none of these lenders are recited as the lender in the deed of trust at issue and none of these lender are named or designated as a party to this law suit. See **Exhibit** 10.

The Texas Secretary of *Texas* has sworn under their oath of office that there is no record of a foreign corporation, professional corporation, or other foreign filing entity with a registration to transact business by the name search of Flagstone Lending Group. See **Exhibi**t 11. There is no genuine dispute as to any material fact that Flagstone Lending Group is a Non-Existent "Utah Corporation" and that is prohibit from proceeding on any cause of action in any court in State of Texas through any "**<u>successor</u>**" "**<u>assignee</u>**", or "**<u>legal representative</u>**" of a non-existent entity. Tex. Bus. Org. Code. 9.051, expressly precludes a foreign entity which is transacting, or has transacted, business in Texas, without a **<u>valid</u>** certificate of authority, from obtaining any affirmative relief on any matter arising out of the transaction in **<u>*any of our Texas courts*</u>**. Under the **Texas Tax**

**Code**, a corporation or LLC without corporate privileges is "**denied**" the right to sue or defend an action in any court in this state." *See* **Tex**. Tax Code Ann. § 171.252.

C. **Flagstone Lending Group a "Foreign Utah Corporation" Organized and Existing under the law of the "<u>STATE OF UATH" was Not licensed as Lender.</u>**

Objection to J.P. Morgan Chase **Exhibit** C as to relevance this is a document from the Office of Consumer Credit Commissioner for which J.P. Morgan Chase seeks to mislead this court into believing represent that the assumed name trade Flagstone Lending Group was issue a license when in fact it's well-settled law that a" trade name has no legal existence." See: *Kahn v. Imperial Airport, L.P.*, 308 S.W.3d 432, 438 (Tex. App.—Dallas 2010, no pet.) and without a existence no license could have ever been illegally issued to a non-existent assumed trade name.

Instead J.P. Morgan Chase **Exhibit** C evidences that Primary Residential Mortgage Inc., a Nevada Corporation held a license with the Office of Consumer Credit and was authorized to engage in the business of making, transacting, or negotiating loans in the trade name of Flagstone Lending Group out of three licensed Texas locations. Primary Residential Mortgage Inc., a Nevada Corporation is not relevant as they are not recited as the lender in the Deed of Trust at issue and there are no claims or causes of action naming this entity before this court.

There is no genuine dispute as to any material fact that neither J.P Morgan Chase or Successor/PCF Properties of Texas LLC., produce *<u>any</u>* evidence before this Court proving that Flagstone Lending Group a Non-Existent "**Foreign Utah Corporation**" allegedly organized and existing under the laws of the **State of Utah** address being 4750 Wiley Post Way, Salt Lake City Utah 84116, procured a Regulated Loan License to legally engage

in the business of making, transacting, or negotiating loans in the State of Texas statutorily required pursuant to Texas Finance Code § 342.051 and operating without a license is a "***criminal offense***" a "*felony of the **third degree.***" pursuant to Texas Finance Code 151.708(2). Rendering any transaction or contract illegal and illegal contracts, agreements or transactions. Claims arising from illegal agreements or transactions may not be satisfied by the courts. *Smith v. Gladney*, 128 Tex. 354, 98 S.W.2d 351, 352 (1936). Courts will not enforce an illegal contract. *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991); *Texaco v. Pennzoil Co.*, 729 S.W.2d 768, 806 (Tex. App—Houston [1st Dist.] 1987). The rule that illegal contracts may not be enforced because doing so would be contrary to Texas public policy. Texas holds that a illegal contract is void. *See*: *McCreary v. Bay Area Bank & Trust*, 68 S.W.3d 727, 733 (Tex. App. 2001)(a contract made in violation of a statute is illegal and void). Where contract is void, it has no legal existence. Hence there is nothing to enforce.

**CONCLUSION**

For the reasons stated above, Third Party Defendants James M. Andersen, and Elizabeth Thomas Jointly with Plaintiffs James Allen, Robert L. Thomas and Allan Haye, requests that this Court enter summary judgment holding that under Texas law the parties must be left where the Court finds them due to illegality, and dismissing PCF Properties of Texas LLC., counter/claims and third party claims filed as Successor to Flagstone Lending Group a Non-Existent Foreign Utah Corporation due to lack of legal existence. A proposed form of order is filed herewith pursuant to this Court's Local

Respectfully submitted

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

By/s/Colleen M. McClure
COLLEEN M. MCCLURE
ATTORNEY AT LAW
Texas Bar No. 24012121
18482 Kuykendahl Rd. Box 106
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

ATTORNEY FOR JAMES ALLEN AND ROBERT l. THOMAS

By/s/Elizabeth Thomas
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington DC 20002
elizthomas234@gmail.com

By:/s/Keith Robinson Nguyen
Keith Robinson Nguyen
Texas State Bar No. 24062919
PO BOX 1787
Alief, TX 7741
Tel. 832-869-3419
Fax. 281-271-8077
krnlawfirm@gmail.com

ATTORNEY FOR ALLAN HAYE

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022 a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen
James M. Andersen