IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES ALLEN, et al._____§<br>_Plaintiffs/Counter-Defendants,_ §<br>v. §<br> §<br>PCF PROPERTIES IN TEXAS, LLC, et al. §<br>_Defendants/Counter-Plaintiff_ §<br>_____ §<br>PCF PROPERTIES IN TEXAS, LLC §<br>_Third-Party Plaintiff_ §<br>v. §<br> §<br>ELIZABETH THOMAS, et al. §<br>_Third-Party Defendants._ § | Civil Cause No. 4:22-cv-00705 |

JPMORGAN CHASE BANK, N.A. AND P.C.F. PROERTIES IN TX, LLC'S JOINT MOTION
TO STRIKE (RE: DOCS. 45 AND 46) OR,
<u>IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY</u>

JPMorgan Chase Bank, N.A. ("Chase") and P.C.F. Properties in TX, LLC ("PCF") move to strike the exhibits attached to, and new issues raised in, the "Reply to Defendants' PCF Properties in Texas LLC. Sucessor to Flagstone Lending Group, a Foreign Non-Existent UATH Response Opposition to Motion for Summary Judgment" [sic] ("Reply to PCF," Doc. 45) and "Reply to Third Party Defendants' JP Moran Chase Bank N.A. Response Opposition to Motion for Summary Judgment" [sic.] ("Reply to Chase," Docs. 46) or, in the alternative, seek leave to file a sur-reply.

I.   Background

This matter arises from a residential mortgage loan that Chase foreclosed on March 3, 2020, after a decade of default and repeat litigation. The real property at issue is not, and has never been, part of the estate of Elizabeth Thomas's pending Chapter 13 bankruptcy action. Nonetheless, Ms. Thomas removed this case to federal court based on the bankruptcy case and proceedings

statute, 28 U.S.C. § 1334. (Chase and PCF Properties of Texas, LLC have a pending motion to remand that is ripe for ruling (*see* Doc. 16, 34).) And as discussed below, she contends orders in the bankruptcy action somehow impaired Chase's lien.

Third-Party Defendants James M. Andersen and Elizabeth Thomas, and Plaintiffs James Allen, Robert L. Thomas, and Allan Haye (the "Thomas Parties") did not, however, raise these allegations in their motion for summary judgment. (Doc. 42.) Rather, contrary to the records of the Office of Consumer Credit Commissioner, movants allege that Flagstone Lending Group was not licensed as a Regulated Lender when the Loan was originated on October 19, 2007. They also contend that Flagstone Lending Group did not exist, disregarding the records of the Texas Secretary of State. As discussed in Chase's Opposition to Joint Motion for Summary Judgment (Doc. 43), these factual allegations have no merit and *res judicata* bars movants' challenge to the validity of the Deed of Trust.

On December 17, 2022, the Thomas Parties filed their Reply to PCF, attaching 100 pages of exhibits. (Doc. 45.) On December 19, 2022, the Thomas Parties filed their Reply to Chase, attaching 200 pages of exhibits and raising new legal arguments and allegations—including "res judicata" and "compulsory counterclaim" (Doc. 46)—that appear nowhere in their motion for summary judgment. Chase and PCF request that the exhibits and allegations be stricken.

II. Argument and Authorities

A. The Thomas Parties' newly raised arguments should be stricken together with the exhibits attached to the Replies to PCF and Chase.

As articulated by the Fifth Circuit, "a moving party is typically not permitted to submit new evidence after its initial brief unless the nonmoving party has an opportunity to respond." *U.S. v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507, n. 1 (5th Cir. 2008). Similarly, arguments cannot generally be raised for the first time in a reply brief. *Jones v. Cain*, 600 F.3d 527, 541 (5th

Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 573 (S.D. Tex. 1999) (citing *Stephens v. C.I.T. Group/Equip. Fin., Inc.*, 955 F.2d 1023, 1026 (5th Cir.1992) (issue raised for the first time in reply brief (as opposed to motion to dismiss) was not properly before the court). If the district court decides to consider arguments and evidence presented for the first time in a reply, it must give the nonmovant an adequate opportunity to respond. *In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, 491 F. Supp. 2d 690, 705 (S.D. Tex. 2007) (noting that "when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the moving party should be granted an opportunity to respond").

The Thomas Parties' motion for summary judgment did not raise *res judicata* and compulsory counterclaim. Instead, they premised their motion on illegality and lack of capacity allegations. They attempt to raise *res judicata* and compulsory counterclaim arguments for the first time in their replies. (Doc. 46.) In addition, they attach 200 pages of exhibits (Doc. 46). These exhibits and allegations are not properly before the Court and should be stricken.

B.   Alternatively, Chase and PCF should be permitted to file a sur-reply.

In the event the Court considers the new arguments and exhibits, Chase and PCF seek leave to file a sur-reply. The Thomas Parties' allegation that Elizabeth Thomas' bankruptcy proceeding somehow resulted in an order invalidating Chase's lien has no merit. (Doc. 46 at 1, 2.) The bankruptcy court explicitly rejected this notion. More specifically, on April 28, 2022, the U.S. Bankruptcy Court for the Southern District of New York ruled:

> The order reclassifying of JPMorgan Chase's claim to unsecured was based solely on the fact that Debtor does not own the Texas Property. That the claim is not being paid in Debtor's plan is only because the Debtor previously discharged her personal obligation to repay the debt.

> The Court made no determination as to JPMorgan Chase's right to enforce its interests against the Texas Property. Indeed, this Court granted JPMorgan Chase the right to enforce any rights it has in the Texas Property when it granted *in rem* relief. ECF No. 80 (specifically giving permission for JPMorgan Chase Bank, N.A. as servicer for JPMorgan Chase Bank, National Association and **any subsequent successor or assign** to enforce its interest in the Texas Property). The validity of the March 3, 2020 foreclosure sale on the Texas Property is not invalidated or affected in any way whatsoever by this bankruptcy case.

(Exhibit 1 at 12.) On December 14, 2022, the U.S. District Court for the Southern District of New York dismissed the appeal. (Exhibit 2.) Thus, the bankruptcy court's ruling—that the bankruptcy case had no effect on the foreclosure sale—is final.

The Thomas Parties further allege that Chase and PCF are bound by a judgment in a suit to which Chase and PCF were not parties, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP, on behalf of Flagstone Lending Group a Non-Existent Uath* [sic.] *Corp. and successor/assignee J.P. Morgan Chase Bank, NA.; and Elizabeth Thomas*, Cause No. 2018-14171, in the 133rd District Court of Harris County, Texas. They contend Chase and PCF (though non-parties in that 2018 suit) failed to assert compulsory counterclaims.

Multiple entities' names appear in the 2018 suit's caption, but the only two defendants in the suit were (1) McCarthy & Holthus LLP ("McCarthy") and (2) Elizabeth Thomas. Contrary to the contention of the Thomas Parties (Doc. 46 at 7), McCarthy did not represent Chase in that suit. It represented itself. When McCarthy moved for summary judgment, Robert Thomas and James Allen nonsuited their claims against McCarthy, leaving Elizabeth Thomas as the sole defendant (*see* 6th Am. Pet., omitting claims against McCarthy).  Additionally, PCF did not acquire the subject property until March 2020, so it could not possibly have participated in that litigation.

Elizabeth Thomas presented "Defendant [*sic*.] Unopposed Motion for Summary Judgment" against James Allen and Robert Thomas. She obtained an order "that Plaintiffs [Robert

Thomas and James Allen] take nothing by their claims pled in the Unopposed Motion for Summary Judgment and [Borrower] is dismissed from this suit." Robert Thomas and James Allen subsequently submitted a proposed agreed judgment to the Court purporting to adjudicate the validity of the Chase Lien—although Chase was not a party to the suit. McCarthy objected to the proposed agreed judgment, noting that Robert Thomas and James Allen could be attempting to create the false appearance that the Court had adjudicated the validity of the Deed of Trust. (Exhibit 3.) The Court declined to sign the proposed agreed judgment.

To the extent the Court wishes to consider the newly raised arguments and evidence of the Thomas Parties, it should afford Chase and PCF the opportunity to present further briefing and evidence to show that the allegations find no support in fact or law.

### III. PRAYER

Subject to their motion to remand, Chase and PCF request that the Court grant the motion to strike or, alternatively, grant Chase and PCF leave to file a sur-reply. Chase and PCF further request such other relief in equity and law to which they are justly entitled.

Respectfully submitted,

By: /s/ Rachel Hytken
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
RACHEL L. HYTKEN, of counsel
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com
Attorneys for JPMorgan Chase Bank, N.A.

By: /s/ John V. Burger (with permission)
John V. Burger, Attorney-in-Charge
Texas Bar No. 03378650
**BARRY & SEWART, PLLC**
4151 Southwest Freeway, Suite 680
Houston, TX 77027
(713) 722-0281 (Telephone)
(713) 722-9786 (Facsimile)
john@barryandsewart.com

Attorneys for PCF Properties in TX, LLC, Defendant

### CERTIFICATE OF CONFERENCE

This is to certify that on December 21, 2022, the undersigned emailed a draft of this motion to James Andersen, Elizabeth Thomas, Keith Nguyen, counsel for Alan Haye, and Colleen McClure, counsel for Robert Thomas and James Allen, requesting their position on the motion, which at that time addressed Doc. 46. Further, on December 22, 2022, John Burger (counsel for PCF) sent a follow-up email in a second effort to confer with a revised draft of the motion; he advised that PCF intended to join in the motion and to seek an order striking the exhibits attached to Doc. No. 45. James Andersen, Elizabeth Thomas, Keith Nguyen, and Colleen McClure did not respond. Accordingly, movants presume they oppose the relief sought.

/s/ Rachel Hytken
Rachel Hytken

### CERTIFICATE OF SERVICE

This is to certify that on December 23, 2022, a true and correct copy of the foregoing pleading has been furnished to all parties as follows:

Via ECF
James M. Anderson
jandersen.law@gmail.com

Via CM, RRR 9314 8699 0430 0102 7157 14
Elizabeth Thomas
712 H St. NE Suite 1297
Washington DC, 20002
elizthomas234@gmail.com and tethomas3@aol.com

Via ECF
Keith R Nguyen    krnlawfirm@gmail.com
Attorney for Allan Haye

Via ECF
Colleen McClure colleen.mcclure@att.net
Attorney for Robert Thomas and James Allen

/s/ Rachel Hytken
Rachel Hytken