UNITED STATES DISTRICTCOURT
FOR  THE SOUTHERN DISTRICT
OF TEXAS  HOUSTON DIVISION

In Re:

**ELIZABETH THOMAS**
*Debtor*

Case No. **22-cv-00705**

**JAMES ALLEN, ROBERT L. THOMAS ALLAN HAYE**
    *Plaintiffs/Counter-Defendants*
**vs.**

**PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION**
    *Defendants/Counter- Plaintiffs*

**PCF PROPERTIES OF TEXAS LLC**,
    *Third Party Plaintiff*
vs.

**1.P. MORGAN CHASE BANK N.A ELIZABETH THOMAS AND JAMES M. ANDERSEN**
    *Third Party Defendants*

<u>**AMENDED JOINT MOTION FOR SUMMARY JUDGMENT**</u>

**TO HONORABLE JUDGE ALFRED H. BENNETT U.S.D.J.**

 Third Party Defendants James M. Andersen and Elizabeth Thomas Jointly with Plaintiffs James Allen, Robert L. Thomas and Allan Haye (the Movants") moves for summary judgment pursuant to Fed. R. Bkr. P. 7056 which states that, "Rule 56 F.R. Civ. P." applies in adversary proceedings on all of Defendants PCF Properties of Texas LLC., Successor to Flagstone Lending Group a Foreign Non-Existent Utah Corporation counter/claims and third party claims asserted Pursuant to Rule 8 (c) of the Federal Rules of Civil Procedure on the affirmative

defenses of Illegality; Lack of legal Existence as such lack capacity to litigate; and Res Judicata

and respectfully shows the Court as follows:

## STATEMENT OF FACTS

1.      This case illustrates the abusive illegal "ten year unsuccessful campaign of lawsuits" in

an attempt to collect ("Unlawful Debts") stemming from criminal and illegal activity though the

courts system.  The meaning of "unlawful debts" is define in 18 U.S.C. §§ 1961(6) (defining

"unlawful debt "which is unenforceable under State or Federal law in whole or in part as to

principal').

2.      Incredibility Defendant PCF Properties of Texas LLC., Successor to Non-Existent

Flagstone Lending Group a Foreign Utah Corporation (the "Real Party-In-Interest"), has on July

20, 2020, filed counterclaims seeking th*e court* to enforce Non-Existent Flagstone Lending

Group deed of trus*t formerly* recorded on October 25, 2007 under Instrument 20070643668 in

the Harris County Real Property Records allegedly securing an  "unlawful debt" stemming from

criminal and illegal activities and seeks an:

(i)      ***declaratory judgment*** and ask the Court to construe the deeds and declare that the
Trustee Deeds to Defendants valid and declare the alleged lien, allegedly foreclosed by Andersen,
to be inferior to the lien foreclosed by Flagstone Lending Group lien;

(ii) ***Trespass to Try Title*** :Because the deed to Robert Thomas and the Deed of Trust Robert
Thomas granted JEVE were executed and recorded after the Mortgage Lien, they are inferior
interest to Flagstone Lending Group interest. . **Exhibit** 1.

3.      On August 12, 2020, Defendant PCF Properties of Texas LLC., Successor to Non-

Existent Flagstone Lending Group a Foreign Utah Corporation (the "Real Party-In-Interest"),

filed a third party petition against Third Party Defendants James M. Andersen, and Elizabeth

Thomas, and seeks the Court to declare as follows:

(i)  An Order declaring the Flagstone Lending Group a Utah Corporation Deed of Trust is a
valid lien against the Subject Property;

(ii)  An Order declaring the appointment of James Andersen under Flagstone Lending Group a Utah Corporation a nullity and void ab initio;

 (iii)  An Order declaring the Deeds and other documents alleging releasing the Subject Property from Flagstone Lending Group a Utah Corporation Deed of Trust lien as a nullity and void ab initio; and

(iv)  An Order removing all documents filed by Elizabeth Thomas or James Andersen  in regard to Flagstone Lending Group a  Utah Corporation Deed of Trust. See **Exhibit** 2.

4.    PCF seeks the court to enforce a Deed of Trust _**formerly**_ recorded on October 25, 2007 under instrument 20070643668 in the Harris County Real Property Records that recites the lender name is Flagstone Lending Group **a ”Utah Corporation”** organized and existing under the laws of the **State of Utah** lenders address is 4750 West Wiley Post Way, suite 200, Salt Lake City Utah; See **Exhibit** 3 ¶ page 1. Below is a snapshot from the deed of trust evidencing that the lender is a **Utah Corporation**:

(C) "Lender" is FLAGSTONE LENDING GROUP.  Lender is a corporation organized and existing under the laws of the State of UTAH.  Lender's address is 4750 WEST WILEY POST WAY, SUITE 200, SALT LAKE CITY, UTAH 84116.

5.    The recital in the Deed of Trust names lender as Flagstone Lending Group a "**Utah Corporation**" **this** is of significance because it _**evidences**_ that this lender is a "Foreign Utah Corporation' which separates this foreign corporation from a similar name local Texas d/b/a trade name Flagstone Lending Group used by various other lenders exclusively here in the State of Texas. **For example**:'Primary Residential Mortgage Inc.,"America HomeKey Inc." and 'Westar Mortgage Corp.,' however none of these lenders are named as a party to this lawsuit nor are any of these lender named as the **lender** on the Deed of Trust formerly recorded under No. 2007064366. See **Exhibits** 3, 4 and 5.

6.    According to Ms. Kath Berg the Director of the Utah Department of Commerce Division of Corporations & Commerce Code "the department cannot certify the existence of "FLAGSTONE LENDING GROUP" as it does not appear on any computer records in this office as a business and entity "*qualified"* or "*authorized"* to transact business in the State of Utah, as appears of record in the office of the division." See **Exhibit** 6.

7.    On January 25, 2017, the Texas Secretary of State hereby issued a "certificate of fact" certifying under their oath of office that after a diligent search on the name of FLAGSTONE LENDING GROUP and in pertinent part states that there is "***no record"*** of a foreign corporation, professional corporation, or other foreign filing entity with a registration to transact business by the name search.  See **Exhibit** 7.

8.    Flagstone Lending Group a Foreign Non-Existent "Utah Corporation" criminally and illegally operated a mortgage lending business in the State of Texas without regulated lenders license. **Specifically;** FLAGSTONE Lending Group a Non-Existent Foreign "Utah Corporation" did not have, a "Regulated Loan License" statutorily required pursuant to Texas Finance Code § 342.051, to engage in the business of making, transacting, or negotiating loans in the State of Texas and operating without a license is *illega*l it's a criminal offense a "*felony of the third degree* Texas Finance Code 151.708(2). See Affidavit of E. Thomas and  **Exhibit** 8.

9.. PCF Properties of Texas LLC., counter/claims and third party claims are all derived through FLAGSTONE Lending Group a Non-Existent Foreign "Utah Corporation"  violation the statute Texas Finance Code § 342.051 by operating without a license a criminal offense a "***felony of the third degree***" pursuant to Texas Finance Code 151.708(2). See **Exhibits** 1 and 2.

11.    On February 14, 2019, the Honorable Judge Jaclanel McFarland granted debtor Elizabeth Thomas November 30, 2018, Debtor Elizabeth Thomas filed a Motion for Summary

Judgment ("SJM") as a matter of law *Flagstone Lending Group a Non-Existent Utah Corporation "Deed of Trust"* **_formerly_** recorded in the Harris County Real Property Records under instrument No. 20070643669, is not a valid lien against said property and signed a "**_plaintiff take nothing'" final judgment order and dismissed all claims and the whole case with prejudice_** in the case styled as *Robert L Thomas James Allen vs. McCarthy & Holthus LLP.,on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A., and Elizabeth Thomas,* **in** the 133rd Judicial District Court, Harris County Texas, cause No. 2018-14171. (the validity of a lien on real property is a question of law. *Florey v. Estate of McConnell,* 212 S.W.3d 439 (Tex. App.-Austin 2006, pet. denied). See **Exhibits** 9. Debtor Thomas pleaded thirteen grounds supported by unconverted evidence in support of the SJM. **Exhibits** 10. ( a, b, c, d. e, f, g, h, i, j k, l m).

12.  Third Party Defendant *J.P. Morgan Chase Bank N.A,* was named as a party a defendant in this case and Chase interest in this case *was* represented by its own Substitute Trustees Defendants McCarthy & Holthus LLP., was also named *as party in the case* and *failed* filed a response to the SJM Motion or objected to any of the SJM evidence and never filed compulsory counter claim rule pursuant to Tex. R. Civ. P. 97(a)(d). See **Exhibits** 11 and 12.

13.  On June 17, 2020, the Honorable Judge Sean H. Lane U.S.B.J., of the U.S. Bankruptcy Court Southern District of New York: under cause No. 23676, in the case In re Elizabeth Thomas signed "disallowance order" denying J.P. Morgan Chase Bank N.A., claims and granted debtor Thomas Motion to "**Reclassify** and **Expunge**" J.P. Morgan Chase Bank N.A Claims No. 5. See **Exhibit** 13.

14.  On January 7, 2019, J.P. Morgan Chase Bank N.A, had filed a proof of claim, in the Debtor Elizabeth Thomas bankruptcy alleging to be a secured creditor and that debtor Thomas

was in default in the amount of $489, 069.96, in mortgage payments that is a secured claim encumbering the property located at 8202 Terra Valley Lane, Tomball Tx 77375,  In support of its claim, CHASE submitted a copy of Flagstone Lending Group a Utah Corporation Deed of Trust **formerly** recorded in the Harris County Real Property Records under instrument No. 20070643669. See **Exhibit**  14.

15.   On **January 13, 2020**, debtor E. Thomas filed a "Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5." Thomas pleaded that the "Debtor borrowed approximately **$235, 262. 37** from her lender  **MTH Lending Group** on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx., 77375., (the Property). See **Exhibit** 15. On October 19, 2002. Debtor Thomas closed a Texas Equity Loan with MTH Lending Group at f/k/a MTH Title Company L.C. See **Exhibits**  16.

16.   On February  **5, 2020**, JP Morgan Chase has litigate the same claims that are presently before this court (i) the court granted Chase in rem relief Flagstone deed of trust supports Chase secured creditor status (ii) Debtor was participating in a scheme to hinder, delay, or defraud Chase (iii) fraudulently recorded was release of lien by Andersen and; (iv) the deeds transferring the interest in the property from debtor Thomas are fraudulent. See **Exhibit**  17.

## GROUNDS FOR SUMMARY JUDGMENT

17.   The Movants seeks summary judgments on Counter/Defendant-Plaintiffs PCF Properties of Texas LLC., Successor to Flagstone Lending Group a Foreign Non-Existent Utah Corporation ("PCF") counter/claims and third party claims on the grounds of affirmative defenses of illegality, lack of legal existence as such capacity to sue or defend though a successor or agent and res judiciata pursuant to Fed. R. Civ. P. 8 as a matter of law.

## ARGUMENTS AND AUTHORITIES

**A.   CLAIMS ARISING FROM ILLEGAL CONTRACTS OR AGREEMENTS RELATED TO ILLEGALITY ARE UNENFORCEABLE AND VIOD AS A MATTER OF LAW.**

Claims arising from illegal agreements or transactions may not be satisfied by the courts. *Smith v. Gladney*, 128 Tex. 354, 98 S.W.2d 351, 352 (1936). Courts will not enforce an illegal contract. *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991); *Texaco v. Pennzoil Co.*, 729 S.W.2d 768, 806 (Tex. App—Houston [1st Dist.] 1987). An illegal contract must not be enforced even if it would result in a windfall for one party. *Denson v. Dallas County Credit Union*, 262 S.W.3d 846, 855 (Tex. App.—Dallas 2008, no pet.). A party may assert the defense of illegality to prevent the enforcement of an illegal contract against him even though he was himself equally guilty with the other party. *Emco, Inc. v. Healy*, 602 S.W.2d 309, 313 (Tex. Civ. App.— Texarkana 1980, no writ). The rationale behind refusing to legitimize illegal contracts through the courts arises from long standing Texas law holding that a contract to do a thing that cannot be performed without a violation of the law is void. *Lewis v. Davis*, 199 S.W.2d 146 (Tex. 1947). The policy is not to protect or punish either party to the contract, but is for the benefit of the public. *Id.* at 151. Courts should no more favor aiding one attempting to enforce such a contract than they should be disposed to assist the party who uses the illegality to avoid liability.

Accordingly, the courts will generally leave the parties as they found them. *Plumlee v. Paddock*, 832 S.W.2d 757, 759 (Tex. App.—Forth Worth 1992, writ denied)(court refused to enforce contract for illegal practice of law); *Peniche v. Aeromexico*, 580 S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.] 1979, no writ)("Ordinarily the Texas courts will not enforce an illegal contract, particularly where the contract involves the doing of an act prohibited by statutes for the protection of the public health and welfare, and it is the  duty of the courts to at once decline

to give it any validity."); _Rogers v. Traders & General Ins. Co._, 135 Tex. 149, 155 (Tex. 1940)("

its well settled that, where statutes enacted to protect  the public against fraud or imposition,

safeguard the public health or  morals, contain a prohibition and impose a penalty, all contracts

in violation thereof are void.").

### B.   IN TEXAS IT'S ILLEGAL TO OPERATE AS a "**REGULATED LENDER**" WITHOUT A LICENSE.

Pursuant to Texas Finance Code § 342.051 (the "Statue") provides that a person's _**must**_ hold

a "Regulated Loan License" to engage in the business of making, transacting, or negotiating

loans in the State of Texas. Under Texas Finance Code § 342.051 a "Regulated Loan License" is

mandatorily required by statute to: (a) person _**must**_ hold a license issued under this chapter to:

> (1)  engage in the business of making, transacting, or negotiating loans subject to this
> chapter;  or  (2) contract for, charge, or receive, directly or indirectly, in connection with a
> loan subject to this chapter, a charge, including interest, compensation, consideration, or
> another expense, authorized under this chapter that in the aggregate exceeds the charges
> authorized under other law;  (b)  A person may not use any device, subterfuge, or pretense
> to evade the application of  this section;

Under the Texas Finance Code §151.708 it's a criminal offense to engage in the business of

making, transacting, or negotiating loans without having procured a license. Texas Finance Code

§151.708-(2) provides that knowingly engaging in an activity for  which  a license is required

under Subchapter D or F of  the Texas Finance Code § 342.051(b)  without being licensed is

illegal and a criminal offense **an** offense under this section (b)  is a _**felony of the third degree**_;

There can be little doubt that under the statute Texas Finance Code § 342.051 required

Flagstone Lending Group a Foreign Non-Existent Utah Corporation  to have a "Regulated Loan

License" as a condition precedent to engage in the business of making, transacting, or

negotiating loans in the State of Texas this is a valid exercise of a state police power for the

purpose of protecting the safety of the general public and any contract in derogation of such law

**_would be illegal_** under Texas Finance Code §151.708.

The rule that illegal contracts that violate the statute by operating without license may not be enforced because doing so would be contrary to Texas public policy has also been applied in circumstances like those present here. **For example:** Texas has consistently enforced the laws relating to the use of licenses particularly where the contract involves the doing of an act prohibited by statutes intended for the protection of the public health and welfare, and it is the duty of the court to at once decline to give it any validity.  See, e.g., _Merry Homes, Inc. v. Luu,_ 312 S.W.3d 938, 949–50 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (affirming judgment declaring lease void when lease required use of leased premises only for purposes prohibited by ordinance because of leased premises' proximity to school); _Swor v. Tapp Furniture Co_., 146 S.W.3d 778, 783–84 (Tex. App.—Texarkana 2004, no pet.) (holding oral agreement for finder's fee void because "finder" was not licensed real-estate broker in violation of Real Estate License Act); _Peniche v. Aeromexico_, 580 S.W.2d 152, 155 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ) (holding contract for driving services void and illegal because driver did not have chauffeur's license and, consequently, performance of contract would violate law requiring chauffeur's license, which was enacted for purpose of public safety). _Villanueva v. Gonzalez_, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003) (holding contract was illegal as a matter of law Villanueva agreement where Gonzalez agreed to write surety bonds and the proceeds of this surety bond business would be split in equal half shares to both Villanueva and Gonzalez without a license the agreement was illegal because it violated the statute) _Denson v. Dallas County Credit Union_, 262 S.W.3d 846, 852 (Tex. App.—Dallas 2008, no pet.)( the court held that contract related to auto sales was barred as a matter of law due to illegality, car dealer did not have permit required by statute to sell cars to Credit Union).

Texas has long recognized that a contract violating a ***statutory proscription*** is void and unenforceable.   The reasons for adopting this rule of law were summarized in <u>Woolsey v. Panhandle Refining Co.</u>, 116 S.W.2d 675, 678 (Tex. 1938):

> It may be true that by refusing to enforce this contract injury may result to plaintiff[ ...].  In line with the universally accepted rule, this court has repeatedly refused to enforce contracts which are either expressly or impliedly prohibited by statutes or by public policy. *James v. Fulcrod*, 5 Tex. 512, 55 Am.Dec. 743; *Hennessy v. Automobile Owners' Ins. Ass'n*, Tex.Com.App., 282 S.W. 791, 46 A.L.R. 521; *Gorman v. Gause*, Tex.Com.App.,56 S.W.2d 855; *Davis v. Sittig*, 65 Tex. 497; *Queen Ins. Co. v.State*, 86 Tex. 250, 24 S.W. 397, 22 L.R.A. 483; *Hall v.Edwards*, Tex. Com. App., 222 S.W. 167; *Seeligson v. Lewis & Williams*, 65 Tex. 215, 57 Am .Rep. 593; 10 Tex. Jur., p.183, s107.

*Accord* <u>Phillips v. Phillips</u>, 820 S.W.2d 785, 789 (Tex. 1991) ("the other principle is that the courts will not enforce a plainly illegal contract even if the parties do not object. Enforcement of an illegal contract is against public policy.") (internal citations omitted); <u>Texas Life, Accident, Health and Hospital Service Insurance Guaranty Association v. Lorena State Bank</u>, 911 S.W.2d 842, 844 (Tex. App. 1996) ("illegal contracts are void and courts shall not enforce them"); <u>Montgomery v. Browder</u>, 930 S.W.2d 772, 778 (Tex.App. 1996) ("It is well settled that a contract which violates public policy is void."); <u>Plumlee v. Paddock</u>, 832 S.W.2d 757, 759  (Tex. App 1992) ("Moreover, courts will not enforce illegal contracts").

Texas Courts will not allow such persons as Flagstone Lending Group a  Foreign Non-Existent Utah Corporation to violate the statute by illegally operating as a lender in the State of Texas  without a "Regulated Lender License" as statutorily required pursuant to Texas Finance Code § 342.051  where operating  without a license is a violation of  law §151.708, of the Texas Finance Code which is a "***felony of the third degree***"  "then  invoke the aid of the court to secure the benefits thereof would be to encourage the doing  of the very thing the ***law prohibits***.  Texas

Courts have held that in situations where public policy concerns have led to government supervised statutory licensing scheme, courts have consistently held the unlawful and unlicensed participation in such regulated business cannot form the basis of recovery. *See: M.M.M., Inc., v. Mitchell,* 153 Tex. 227, 265 S.W.2d 584 (Tex. 1954) *Ahumanda v, Dow Chem. Co*., 992 S.W.2d 555, 558059 (Tex. App. Houston 14th Dist. 1999, pet. Denied. *Rodriquez v. Love*, 860 S. W.2d 541   (Tex. App. El Paso 1993. No writ).   Texas holds that an illegal contract is void. *See McCreary v. Bay Area Bank & Trust,* 68 S.W.3d 727, 733  (Tex.App . 2001) (a contract made in violation of a statute is illegal and void). Where a contract is void, is has no legal existence binds no one and is a mere nullity.  *See: Seafarers' Welfare Plan v. George E. Light Boat Storage, Inc.,* 402 S.W.2d 231, 234 (Tex .App. 1966) ("The law is well settled that a void contract is no contract at all.").   All of Defendant PCF Properties of Texas LLC., Successor to Flagstone Lending Group a Foreign Non-Existent Utah Corporation counter/claimants and third party claims arise out of FLAGSTONE illegal contracts/ agreements or transactions in violation of the statute Texas Finance Code § 342.05 and is illegal a criminal offense "***felony of the third degree***" Texas Finance Code §151.708-(2) as such is void and unenforceable as a matter of law. Because there are no genuine of material facts as to the affirmative defense of illegality the movants are entitled to summary judgment as a matter of law.

## B. ITS WELL ESTABLISH LAW IN TEXAS THAT A "NON-EXISTENT" FOREIGN CORPORTATION IS PROHIBITED FROM LITIGATIN IN  "*ANY OF COURT TEXAS COURTS.*"

Flagstone Lending Group is a Non-Existent Foreign Utah Corporation that lacks a  legal existence due to never being duly formed. According to Ms. Kath Berg the Director of the Utah Department of Commerce Division of Corporations & Commerce Code "the department cannot certify the existence of "FLAGSTONE LENDING GROUP" as it does not appear on any

computer records in this office as a business and entity "*qualified"* or "*authorized"* to transact business in the <u>State of Utah</u>, as appears of record in the office of the division."

On January 25, 2017, the Texas Secretary of State issued a "certificate of fact" certifying under their oath of office that after a diligent search on the name of <u>FLAGSTONE LENDING GROUP</u> and in pertinent part states that there is "***no record"*** of a foreign corporation, professional corporation, or other foreign filing entity with a registration to transact business by the name search. Under Texas law a non-existent foreign entity cannot sue and may not maintain or defend an action, in "***any court of this state"*** without a certificate of authority.   No action, suit, or proceeding on any cause of action may be maintained in any court in Texas by any "**successor" "assignee"**, or "**legal representative"** of a non-existent entity.   Tex. Bus. Org. Code. 9.051, expressly precludes a foreign entity which is transacting, or has transacted, business in Texas, without a **valid** certificate of authority, from obtaining any affirmative relief on any matter in ***any of our Texas courts***.   Under the Texas Tax Code, a corporation without corporate privileges is "**denied"** the right to sue or defend in courts of this state." *See* Tex. Tax Code Ann. § 171.252.

A non-existent entity does not have standing to assert claims under a contract. See <u>In *Fish v. Tandy Corp.*</u>*,* 948 S.W.2d 886, 890 (Tex. App. Fort Worth 1997).   Defendants PCF Properties of Texas LLC., cannot be a successor or agent to non-existent Flagstone Lending Group a Foreign Non-Existent Utah Corporation and litigate its claims before this court. Texas law has long held that a nonexistent corporation can have ***no*** successor or agent. See <u>*Cator v. Commonwealth Bonding Cas. Ins. Co*</u>., 216 S.W. 140, 142 (Tex .Com. App. 1919, judgm't adopted); <u>*Weatherford, M.W. N.W. Ry. Co. v. Granger*</u>, 86 Tex. 350, 353, 24 S.W. 795, 796 (1894); <u>*Cavaness v. General Corp*</u>., 272 S.W.2d 595, 598 (Tex. Civ. App. — Dallas,

1954), aff'd, 155 Tex. 69, 283 S.W.2d 33 (1955).Movants are entitled to judgment on their affirmative defense lack of legal existence for Flagstone Lending Group is a Non-Existent Foreign Utah Corporations  PCF cannot be a successor or agent of non-existent corporation to litigate its claims and because there are no genuine disputed on any issue of material facts and movants are entitled  to summary judgment as a matter of law.

### E.  PCF CLAIMS ARE BARRED UNDER THE DOCTRINE OF <u>RES JUDICATA</u>

Movants move the court pursuant to Rule 201 of the Federal Rules of Evidence to take judicial notice of adjudication of two (2) prior judicial proceedings for the purpose of applying the affirmative defense of res judicata/claim preclusion.

### 1.  The Honorable Judge Jaclanel McFarland February 14, 2019 Order is a "<u>Final judgment on the merits as to the Validity of Flagstone "Deed of Trust"</u>

On February 14, 2019, the Honorable Judge Jaclanel McFarland granted debtor Elizabeth Thomas motion for summary judgment and signed a "***plaintiff take nothing'***"  ***final judgment order*** in the case styled as *Robert L Thomas James Allen  vs. McCarthy & Holthus LLP.,  on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A., and Elizabeth Thomas**, in*** the 133rd Judicial District Court, Harris County Texas, cause No. 2018-14171.

November 30, 2018, Debtor Elizabeth Thomas filed a Motion for Summary Judgment ("SJM") as a matter of law *Flagstone Lending Group a Non-Existent Utah Corporation* Deed of Trust" ***<u>formerly</u>*** recorded in the Harris County Real Property Records under instrument No. 20070643669, is not a valid lien against said property. (the validity of a lien on real property is a question of law. *Florey v. Estate of McConnell,* <u>212 S.W.3d 439</u> (Tex. App.-Austin 2006, pet. denied). Debtor Elizabeth Thomas in support of the Motion for Summary stated thirteen (13) grounds as to why *Flagstone Lending Group a Non-Existent Utah Corporation* Deed of Trust"

*formerly* recorded in the Harris County Real Property Records under instrument No. 20070643669, was not a valid lien against the property at issue which was supported with unconverted summary judgment evidence for example: (i) Flagstone Lending Group is Non-Existent Foreign Utah Corporation, (ii) Non-Existent Flagstone Lending Group cannot be a beneficiary of a Trust and (iii) Debtor Thomas closed on a Texas Home Equity Loan etc.

Third Party Defendant *J.P. Morgan Chase Bank N.A,* was named as a party a defendant in this case and Chase interest in this case *was* represented by its Substitute Trustees Defendants McCarthy & Holthus LLP., was also named *as party in the case* and *failed* filed a response to the SJM Motion or objected to any of the SJM evidence and never filed compulsory counter claims pursuant to rule pursuant to Tex. R. Civ. P. 97(a)(d).

On July 8, 2019, JP Morgan CHASE counsel made a judicial admission before Judge Sean H. Lane, U.S.B.J., in the Southern District of New York in the case entitled *In Re Elizabeth Thomas*. That **CHASE was named as party** to this State Court action and that said judgment was entered that includes a finding of fact that there are no mortgages on the Property.

A take nothing judgment demonstrates that the trial court issued a final judgment even though only the individual defendant Ms. Thomas was the movant. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (describing judgments that purport to be final judgments but do not actually dispose of all claims as "erroneous, but final" judgments and stating that such judgments are appealable). The aspect of the trial court's February 14, 2019, order states it's a "take *nothing judgment* " as such is a "dismissal of all of plaintiffs claims with *prejudice* on the merits." *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (stating that take-nothing judgment is dismissal with prejudice functions as a *final determination on the merits*).

The February 14, 2019, summary judgment <u>order is final</u> wherein it states that the

"plaintiff take nothing" is a final judgment on the merits  this is true "*even if it was found that the order was incorrectly granted, **it is final**.*" See *Ritzell v. Espeche*  87 S.W.3d 536 (Tex. 2002). See also *Jacobs v. Satterwhite*, 65 S.W.3d 653 (Tex. 2001);  *Almanara World Class Rest., Inc. v. Caspian Enters., Inc.*, No. 14-02-00347-CV, 2003 WL 748180, at *4, ---S.W.3d ----, ---- (Tex. App.-Houston [14th Dist.] Mar. 6, 2003, no pet. h.) (stating that a take-nothing judgment is a dismissal with prejudice and *a final judgment on the merits of the case*). See: *Nguyen v. Desai,* 132 S.W.3d 115 (Tex. App. 2004); *Harrell v. Godinich,* NO. 01-16-00338-CV (Tex. App. Dec. 5, 2017) ( *trial court's judgment ordering plaintiffs take nothing constituted* "a dismissal with prejudice on the merits of all  the [plaintiffs'] claims");  see also *Daniels v. Empty Eye, Inc.,* 368 S.W.3d 743, 754 (Tex. App.-Houston [14th Dist.] 2012, pet. denied) ("[T]here is no difference between a dismissal with prejudice and a take-nothing judgment, and the terms frequently are used interchangeably."). A final judgment on an action extinguishes the right to bring suit on the same transaction, or series of connected transactions, out of which the action arose. See:*Barr v. Resolution  Truse  Corp. ex  rel. Sunbelt  Fed. Sav.*, 837  S.W.2d  627,  631 (Tex.  1992).  A dismissal  with prejudice ***has full res judicata and collateral estoppel effect.*** (A dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided. See: *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex. 1991)).  An order dismissing a case with prejudice ***has full res judicata and collateral estoppel effect.*** See *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). Res judicata is an affirmative defense. Tex.R. Civ. P. 94. The party asserting *res judicata* must show the following:(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

**First** the February 14, 2019 "plaintiff takes nothing" is a final judgment on the merits and dismissal of all plaintiffs claims with prejudice no party question jurisdiction. **Second** James Allen, Robert L. Thomas was named as plaintiffs in the first suit and Allen Haye. Haye is in privity with James Allen, Robert L. Thomas as successor interest deriving his claims through James Allen, and Robert L. Thomas. Defendant, Elizabeth Thomas and J.P. Morgan Chase Bank N.A. were named as a defendant in the first suit, CHASE was also in privity with its own Substitute Trustees McCarthy & Holthus LLP., who represented Chase interest in this case and was also named as a party. PCF is in privity with J.P. Morgan Chase Bank N.A., as successor interest deriving their claims through J.P. Morgan Chase Bank N.A.,, a party to the prior action. To determine whether the same claims are involved, Texas applies the transaction test. *Barr v. Resolution Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). When claims "arise out of the same subject matter of a previous suit," they are deemed to be from the same transaction. *Id.* The 2019 claim involved the same property and Non-Existent Flagstone Deed of Trust as this case res judicata applies. See:*Amstadt v. U.S. Brass Corp*., 919 S.W.2d 644, 652–53 (Tex. 1996) (citations omitted). Res judicata also applies to counter claims pursuant to Rule 97(a) of the Texas Rules of Civil Procedure, none of the Defendants filed any compulsory counter claims and must bring the counterclaim in the same proceeding or it will be deemed waived. See *Bard v. Charles R. Myers Ins. Agency, Inc*., 839 S.W.2d 791, 796 (Tex. 1992). *In re a P Co*. No. 14-09-00729-CV (Tex. App. Sep. 10, 2009),   Additionally Texas transactional approach mandates that the defendants bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit. See *Miller,* 52 S.W.3d at 696; *Barr,* 837 S.W.2d at 630; see also *Ingersoll-Rand Co. v. Valero Energy Corp*., 997 S.W.2d 203, 208-10 (Tex. 1999) (res judicata bars assertion of claims that were

compulsory counterclaims in an earlier suit). See also *Zurita v. Lombana*, 322 S.W.3d 463 (Tex. App. 2010).

    2.    **The Honorable Judge Sean H. Lane U.S.B.J., June 17, 2020 Claim Disallowance Order is a final judgment on the merits.**

On June 17, 2020, the Honorable Judge Sean H. Lane U.S.B.J., of the U.S. Bankruptcy Court Southern District of New York: under cause No. 23676, in the case In re Elizabeth Thomas signed "disallowance order" denying J.P. Morgan Chase Bank N.A., claims and granted debtor Thomas Motion to "**Reclassify** and **Expunge**" J.P. Morgan Chase Bank N.A Claim No. 5..

On January 7, 2019, J.P. Morgan Chase Bank N.A, filed a proof of claim, alleging to be a secured creditor and claiming that debtor Thomas was in default and owned the outstanding amount of $489, 069.96, in mortgage payments that is a secured claim encumbering the property located at 8202 Terra Valley Lane, Tomball Tx 77375,   In support of its claim, CHASE submitted a copy of Flagstone Lending Group a Utah Corporation Deed of Trust *formerly* recorded in the Harris County Real Property Records under instrument No. 20070643669.

On January 13, 2020, debtor E. Thomas filed a "*Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5 and 7.*" Thomas pleaded that the "Debtor borrowed approximately $235, 262. 37 from her lender   MTH Lending Group on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx., 77375.

Debtor Elizabeth Thomas had evidence instead that on October 19, 2007, had instead closed on a Texas Home Equity Loan in the amount of $235, 262. 37 with her lender MTH Lending

Group L.P., at f/k/a MTH Title Company LC.

On **<u>February 5, 2020</u>**, JP Morgan Chase has litigate the same claims that are presently before this court (i)  the court granted Chase in rem relief Flagstone  of trust  shows supports secured creditor status (ii) Debtor was participating in a scheme to hinder, delay, or defraud Chase (iii) fraudulently recorded was release of lien by Andersen and; (iv) the deeds transferring the interest in the property are fraudulent.

A bankruptcy order disallowing a proof of claim pursuant to 11 U.S.C. § 502(b)(1) is a final judgment on the merits by a court of competent jurisdiction, and is a predicate for ***res judicata***. *See<u>:  EDP Med. Computer Sys. v. United States</u>*, 480 F.3d 621, 625 (2nd Cir. 2007); *<u>In re Residential Capital, LLC</u>*, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015); *<u>Moore v. Wiz</u>*, 2008 WL 2357406, *1 (E.D.N.Y. Jun. 4, 2008). As explained in *<u>Warner v. CMG Mortg. Inc.</u>*, 2015 WL 7454151, *4-5 (N.D. Cal. Nov. 24, 2015) (footnotes and interna citations omitted) (dismissing a plaintiff's case with prejudice following the disallowance of her claim in bankruptcy):  A final judgment on the merits of an action precludes the parties or their privities from relitigating the same issues or claims that were or could have been raised in that action." *<u>EDP Med. Computer Sys. Inc., v. U.</u>S*, 480 F.3d 621, 624 (2d Cir. 2007)(quoting *<u>St. Pierre v. Dyer</u>* 208 F.3d394, 399 (2d Cir 2000)). The doctrine bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) in a case involving the same parties or their privities, and (3) involving the same cause of action. **Id** at 624 (citing *<u>In re Teltronics Servs. Inc</u>*., 762 F.2d 185, 190 (2 Cir. 1985). This rule applies with full force to matters decided by bankruptcy courts. See *<u>Katchen v. Landy</u>*, 382 U.S. 323, 334 (1996)("the normal rules of *res judicata* and collateral estoppels apply to the decisions of the bankruptcy courts"). Additionally, *res judicata* does not require the precluded claim to actually have been litigated; it concern, rather is that the party

against whom the doctrine is asserted had a full and fair opportunity to litigate the claim. *See*: *EDP Med. Computer Sys. Inc.*, *v. U.S*, 480 F.3d at 626 (citing *Federated Dep't Stores. Inc., v. Moitie*, 452 U.S. 394, 398 (1981); see also *Falbaum v. Pomerantz*, 19 Fed. Appx, 10, 2001 WL 1019616 (2d Cir. Sept. 6, 2001)(plaintiffs were barred from bringing a disparate impact claim because they could have timely raised such a claim during the bankruptcy proceeding).

A creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined and if the ***claim*** is rejected its ***validity*** may not be re-litigated in another proceeding on the same claim." *Katchen*., 382 U.s. at 334 (internal citations omitted).  ***An order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and is a final judgment, furnishes a basis for a plea of res judicata.***").... *Per Cost v. Super Media*, 482 B.R. 857, 861-863 (S.D.N.Y. 2012) (internal citations omitted) See also e.g., *Moore v. The Wiz, Cablevision*, 2008 WL 2357406, *3 (E.D.N.Y. Jun. 4, 2008).  All the three (3) elements establishing res judicata have been met:  (1) the June 12, 2020 "disallowance order" is a final judgment on the merits from bankruptcy court of competent jurisdiction; (ii) Elizabeth Thomas and J.P. Morgan Chase are same parties to the bankruptcy proceedings and PCF is in privity with Chase as successors in interest  deriving their claims through Chase a party to the prior action (iii) the claims before this court are based on the same claims the same property and *Flagstone Lending Group a Non-Existent Utah Corporation* "Deed of Trust" the same claims have already been raised in the prior action and or could have or should have been raised in the first action  that res judicata now bars. *Per Cost v. Super Media*, 482 B.R. 857, 861-863 (S.D.N.Y. 2012).

## CONCLUSION

Based on the above, Third Party Defendants James M. Andersen, and Elizabeth Thomas Jointly with Plaintiffs James Allen, Robert L. Thomas and Allan Haye respectfully requests that the Court   grant this motion for summary judgment on the grounds that under Texas law the parties must be left where the Court finds them due to illegality dismissing Counter/Defendant-Plaintiffs PCF Properties of Texas LLC., counter/claims and third party claims on the grounds that there is no genuine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law.

Dated: January 6, 2023

Respectfully submitted,


By/s/Elizabeth Thomas

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington DC 20002
elizthomas234@gmail.com
832-813-9231


By:/s/James M. Andersen

James M. Andersen
 Texas State Bar No. 01165850
 P. O. Box 58554
 Webster, Texas 77598-8554
 Tel. (281)488-2800
 Fax. (281)480-4851
 E-Mail:jandersen.law@gmail.com


By:/s/Keith Robinson Nguyen

 Keith Robinson Nguyen
 Texas State Bar No. 24062919
 PO BOX 1787
 Alief, TX 7741
 Tel. 832-869-3419
  Fax. 281-271-8077
  krnlawfirm@gmail.com


By/s/Colleen M. McClure

 COLLEEN M. MCCLURE
 ATTORNEY AT LAW
 Texas Bar No. 24012121
 18482 Kuykendahl Rd. Box 106
 Spring, Texas 77379
 Tel. (281) 440-1625
 Fax. (281) 946-5627
   colleen.mcclure@att.net


ATTORNEY FOR ALLAN HAYE

 ATTORNEY FOR JAMES ALLEN AND
 ROBERT l. THOMAS

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen
James M. Andersen