## UNITED STATES DISTRICTCOURT
## FOR  THE SOUTHERN DISTRICT
## OF  TEXAS  HOUSTON DIVISION

| | |
|---|---|
| In Re:<br><br>**ELIZABETH THOMAS**<br>*Debtor* | Adversary Case No. **22-cv-00705** |
| **JAMES ALLEN, ROBERT L. THOMAS ALLAN HAYE**<br>      *Plaintiffs/Counter-Defendants*<br>**vs.**<br><br>**PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION**<br>      *Defendants/Counter- Plaintiffs*<br><br>**PCF PROPERTIES OF TEXAS LLC**,<br>      *Third Party Plaintiff*<br>vs.<br><br>**JP MORGAN CHASE BANK N.A ELIZABETH THOMAS AND  JAMES M. ANDERSEN**<br>      *Third Party Defendants* | |

### MOTION TO SHOW AUTHORITY

**TO HONORABLE JUDGE ALFRED H. BENNETT  U.S.D.J.**

Pursuant to Tex. R. Civ. P. 12 Third Party Defendant James M. Andersen (the "Movant" ) files this Motion to Show under the belief that this lawsuit is being instituted without authority on the part of John Burger and the Law Firm Barry & Sewart, PLLC., who has signed counter/claims, third party claims and the pleadings which includes Defendant FLAGSTONE LENDING GROUP A NON-EXISTENT FOREIGN UATH CORPORATION ("FLAGSTONE"),c and demand that the attorneys showsufficient

authority from Flagstone to institute or prosecute the suit filed to enforce its contract. T.R.C.P. 12, 'Attorney to Show Authority'. Further PCF Properties of Texas LLC., lacks capacity to unilaterally act as Non-Existent FLAGSTONE LENDING GROUP successor or agent and shows the Court as follows:

## I.       **Rule of Law**

There is a rebuttable presumption that an attorney has authority. See _Noland Open MRI Center, Inc v. Pachero_, 13-13-00552/CV (Tex. App—Corpus Christi 2015) (unpublished opn.).   Rule 12 of the Texas Rules of Civil Procedure allows a party to challenge an attorney's authority to prosecute or defend a lawsuit. _Id_. The Rule's purpose is to enforce a party's   right to know who authorized the suit and protect against groundless suits Id. Typically, under a Rule 12 motion, the challenged attorney satisfies his burden if he produces an affidavit or testimony from his Client indicating that the attorney was retained to provide representation. I_d_

Further  when a corporate entity is involved,  there must be evidence that the attorney  was appointed pursuant to  the  Business Organization's Code  and the  entity's governing documents. _See; Nolano Open MRI Center Inc. v. Pechero_, (Case No. 13-13-00552-CV,  Tex. App—Corpus Christi 2015).   In _Square 67 Development Corp. v. Red Oak State Bank_, 559 S.W.2d 136, 137-38 (Tex. Civ. App. — Waco 1977, writ ref. n.r.e.), the plaintiff corporation's action was dismissed because its attorney was unable to point to any authority to prosecute the suit on behalf of the corporation other than his employment by the corporation's president. . The court held that under the Business Corporations Act, a corporation's president is "not authorized to employ an attorney to

conduct litigation for the company absent express authority or implied authority . . . set forth in the bylaws or by proper action of the board of directors." Id. at 138. See also, _Candle Meadow Homeowners Association v. Jackson_, 2018 WL 6187616 (Tex. App—Dallas 2018)(affirming trial court's ruling that HOA did not have authority to file suit against former board members when there was no evidence of a board membership vote). _See_ also _Mobile Homes of America, Inc. v. Easy Living, Inc_., 527 S.W.2d 847 (Tex. Civ. App. 1975)

Defendant Flagstone Lending Group, a Non-Existent Foreign Utah Corporation, is the real party in interest in this lawsuit pursuant to Fed. R. Civ. P. 17 (a)(1), because the contract presently sought to be enforce only names Flagstone Lending Group a Non-Existent Foreign Utah Corporation organized and existing under the laws of **State of Utah** and Elizabeth Thomas as the parties. As a general rule, the benefits and burdens of a contract belong solely to the contracting parties, and "no person can sue upon a contract except if that person or entity is a party to or in privity with it." See _House v. Hous. Waterworks Co_., 31 S.W. 179, 179 (Tex. 1895) and a non-existent entity does not have standing to assert claims under a contract. _See_ In _Fish v. Tandy Corp_., 948 S.W.2d 886, 890 (Tex. App. Fort Worth 1997). _See_; **Exhibit** -A Attached hereto.

There are no parties in privity with Flagstone Lending Group is a Non-Existent Foreign Utah Corporation that was never duly form or organized or existing under the laws of the State of Utah. Defendant PCF Properties of Texas LLC., cannot be and has not been appointed as a successor or agent to Non-Existent Flagstone Lending Group a Foreign Utah Corporation to enforce its contract before this court. _Texas courts have long_

*held that a nonexistent corporation can have **no** successor or agent.* Se*e Cator v. Commonwealth Bonding Cas. Ins. Co*., 216 S.W. 140, 142 (Tex .Com. App. 1919, judgm't adopted)*; Weatherford, M.W. N.W. Ry. Co. v. Granger*, 86 Tex. 350, 353, 24 S.W. 795, 796 (1894)*; Cavaness v. General Corp*., 272 S.W.2d 595, 598 (Tex. Civ. App. — Dallas, 1954), aff'd, 155 Tex. 69, 283 S.W.2d 33 (1955).

Flagstone Lending Group is a Non-Existent Foreign Utah Corporation and in order to have been organized and existing under the laws of **State of Utah,** would have been subject to Utah Revised Business Corporation Act.  As such Flagstone is required to file the following with the Utah Department of Commerce Division of Corporations & Commerce Code.: its Corporate Name Utah Code 16-10a-203 and Articles of incorporation Utah Code 16-10a-202 A, Organization of the Corporation. Utah Code 16-10a-205, Bylaws, Utah Code 16-10a-206. Also Utah Corporation Act requires corporations formed under its laws to maintain records of its board meetings.

As a foreign Utah Corporation Flagstone Lending Group by doing business in the State of Texas is subject to Section 9.001 of the Texas Business Organizations Code ("BOC") which requires foreign entities to file an application for registration with the Texas Secretary of State if the entity is "transacting business" in Texas. Business Organizations Code poses penalties for not registering, which includes (i) Inability to maintain an action, suit, or proceeding in a Texas court until registration; (ii) Injunction from transacting business in Texas; (iii) Civil penalty equal to all fees and taxes that would have been imposed if the entity had registered when first required; e and  iv)  Late filing fees owed to the secretary of state.

Flagstone Lending Group is a Non-Existent Foreign Utah Corporation that failed to file a application for registration with the Texas Secretary of State and under Texas Business Organizations Code ("BOC") a non-existent foreign entity cannot sue and may not maintain or defend an action, in *"**any court of this state**"* without a certificate of authority. No action, suit, or proceeding on any cause of action may be maintained in any court in Texas by any "successor" "assignee", or "legal representative" of a non-existent entity. Tex. Bus. Org. Code. 9.051, expressly precludes a foreign entity which is transacting, or has transacted, business in Texas, without a valid certificate of authority, from obtaining any affirmative relief on any matter in *any of our Texas **courts***. Under the Texas Tax Code, a corporation without corporate privileges is "denied" the right to sue or defend in courts of this state." *See* Tex. Tax Code Ann. § 171.252.

According to the Texas Business Organization's Code ("BOC"), Flagstone Lending Group is a Non-Existent Foreign Utah Corporation has no authority to sue in the courts of the State and, consequently, no authority to hire attorneys for that purpose. Further, the Movants states that an attorney who initiating and prosecuting this suit has no legal authority to do so.

In order for Flagstone Lending Group a Non-Existent Foreign Utah Corporation to retain counsel there must be evidence that the attorney was appointed by the majority of the board of directors or its managers and counsel must show (1) a signed attorney agreement; and (2) board minutes showing the vote to retain an attorney to pursue litigation to prosecute and defend Non-Existent Flagstone to enforce its contract. A Corporation may not direct litigation and hire an attorney unless sanctioned by its

governing authority—i.e., a majority of the board of directors or managers. See: In *Street Star Designs, LLC v. Gregory*,( Case No. 4:2011-cv-00915, S.D. TX).

## II.   The Facts.

Flagstone Lending Group is a Non-Existent Foreign Utah Corporation lacks a legal existence due to never being duly formed under the laws of the State of Utah. According to Ms. Kath Berg the Director of the Utah Department of Commerce Division of Corporations & Commerce Code "the department cannot certify the existence of "<u>FLAGSTONE LENDING GROUP"</u> as it does not appear on any computer records in this office as a business and entity "*<u>qualified"</u>* or "*<u>authorized"</u>* to transact business in the <u>State of Utah</u>, as appears of record in the office of the division." There is no record that these entities have filed a certificate of formation or other organizational documents as a domestic entity in State of Utah *Id*. There is no record that Defendants Flagstone Lending Group has filed a certificate of authority to conduct business in the State of Utah. *Id*. *See*: **<u>Exhibit</u>** B attached hereto.

According to the Texas Secretary of State after a diligent search of its records shows, that there is no record of any business entity, foreign or domestic, in the name of "Flagstone Lending Group." There is no record that this entity has not filed a certificate of formation or other organizational documents as a foreign entity in the State of Texas *Id*. There is no record that Defendants Flagstone Lending Group has not filed a certificate of authority to conduct business in the State of Texas. *Id*.   *See*: **<u>Exhibit</u>** C attached hereto.

Issues of lack of legal existence are properly raised under FED. R. CIV. P. 9(a), made applicable to adversary proceedings by FED. R. BANKR. P. 7009. Rule 9(a) provides in material part:

> When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued . . . the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

*See***: __Exhibit__ D attached hereto**.**

Objections have been made before the Court pursuant to FED. R. CIV. P. 9(a), that Defendants Flagstone Lending Group is a Non-Existent Foreign Utah Corporation that was never organized or existing under the laws of the State of Utah.  There has been no evidence in opposition to the specific negative averments proving the legal existence of this alleged Utah Corporation.

There has been no board meeting held to hire an attorney to represent Defendant Flagstone Lending Group  a Non-Existent Foreign Utah Corporation that has never been duly formed and as no board members or managers.  It is Movants belief that the attorney is PCF Properties of Texas LLC., personal attorney and is representing Flagstone Lending Group a Non-Existent Foreign Utah Corporation via PCF as successor or agent to Flagstone without valid authority to enforce Flagstone contract for which PCF is not a party to or third party beneficiary to said contract it seeks to enforce,

## III.   Arguments

The Movants challenge PCF and its Counsel to show authority for representing Flagstone Lending Group a Non-Existent Foreign Utah Corporation to enforce its contact as a non-existent entity does not have standing to assert claims under a contract. See <u>In</u>

*Fish v. Tandy Corp.*, 948 S.W.2d 886, 890 (Tex. App. Fort Worth 1997).  In support of Movants good faith argument that PCF and its Counsel do not have authority to act on behalf of Flagstone.  Movants shows the following:

1.   Movants states there is no evidence of a board meeting to hire counsel for Flagstone Lending Group a Non-Existent Foreign Utah Corporation

2.   Movants states there is no evidence of a board meeting to hire counsel for Flagstone Lending Group a Non-Existent Foreign Utah Corporation enforce its contract by filing counter/claims or third party claims or any other pleadings before this Court in its defense.

3.   Movants is aware of no entity structure in the State of Utah or the State of Texas that Flagstone Lending Group a Non-Existent Foreign Utah Corporation operates under and  there can never be a unanimous consent of any board members to hire counsel or  a majority vote of non-existent corporation to appoint counsel and authorize an attorney to pursue  this litigation as said non-existent entity has no governing members is not authorized to maintain an action, suit, or proceeding in any Texas court without a certificate of formation.

4.   Movants states that the attorney has no authority to defend or prosecute Flagstone Lending Group a Non-Existent Foreign Utah Corporation contract or claims under the false guise of representing PCF Properties of Texas LLC., as they are not named as a party to the contract sought to be enforced or a third party beneficiary and PCF cannot be a successor or agent for a non-existent corporation.

Attorneys must have authority to defend or prosecute pursuant to the Business Organization Code. *See:  Nolano Open MRI Center Inc. v. Pechero*, (Case No. 13-13-00552-CV,  Tex. App—Corpus Christi 2015).   If they do not then they have no authority. I*d*.

In *Nolano Open MRI,,*  the Appellate Court upheld the trial court's ruling that the attorney had no authority to prosecute an appeal because there was no evidence regarding the application of the Business Organization Code nor was there any proof of compliance to the corporations charter or bylaw. *Id*

Further the Movants have seen no written minutes or approval of those minutes authorizing the filings of counter/claims, third party clams seeking enforcement of Flagstone Lending Group a Non-Existent Foreign Utah Corporation's alleged contract or any other pleadings before this court or retaining of counsel.  If the corporation exists it is required to keep accurate minutes per the Business Organization Code.

Thus, the Attorney John Burger and the Law Firm Barry & Sewart, PLLC., should have a copy of the minutes and votes from the Flagstone Lending Group's corporate board meeting showing authority to retain of counsel pursuant to the Texas Business Organizations Code to (1.) retain John Burger and the law firm of Barry & Sewart PLLC; (2.) agreement for John Burger and the law firm of Barry & Sewart PLLC., to pursue this litigation of the enforcement of Flagstone Lending Group's alleged contract by filing (a) counter/claims; (b) third party claims; and (c) motions and other pleadings before this court and (3) the appointment or authorization of PCF Properties of Texas LLC., to enforce Flagstone Lending Group's alleged contract as a successor or agent as PCF is neither a party to this alleged, contract nor a third party beneficiary.  Actual authority doesn't exist. Actual authority arises where the principal authorizes the agent. See _Cameron County Sav. Ass'n v. Stewart Title Guaranty Co_., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied).

Rule 12 provides that a party may file a sworn motion stating that the party believes the suit or proceeding is being prosecuted or defended without authority and cause the challenged attorney to appear before the  court to show his authority to act on behalf of the other party. See: Tex. R. Civ. P. 12; _Boudreau v. Fed. Trust Bank_, 115 S.W.3d 740, 741

(Tex. App.-Dallas 2003, pet. denied).  At the hearing on the motion, the burden of proof is on the challenged attorney to show his authority to prosecute or defend the suit. Tex. R. Civ. P.  12; _Boudreau_, 115 S.W.3d at 741.

## IV.   Prayer

Therefore, Movants respectfully requests that the authority be produced or on a finding of no authority, and the Court strike all Motions, pleadings, Counter/claim and Third Party Claim that arise out Flagstone Lending Group is a Non-Existent Foreign Utah Corporation contract.  Movants further request any other relief to which he  may show himself justly entitled.

Respectfully submitted

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023 a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen
James M. Andersen