IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ALLEN, et al._<br>_Plaintiffs/Counter-Defendants,_<br>v.<br><br>PCF PROPERTIES IN TEXAS, LLC, et al.<br>_Defendants/Counter-Plaintiff_<br><br>PCF PROPERTIES IN TEXAS, LLC<br>_Third-Party Plaintiff_<br>v.<br><br>ELIZABETH THOMAS, et al.<br>_Third-Party Defendants._ | § § § § § § § § § § § § § § § § | Civil Cause No. 4:22-cv-00705 |

**JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO
AMENDED JOINT MOTION FOR SUMMARY JUDGMENT (DOC. 50)**

Subject to its pending motion to remand, JPMorgan Chase Bank, N.A. ("Chase") files this Opposition to the Amended Joint Motion for Summary Judgment (Doc. 50) filed by Third-Party Defendants James M. Andersen and Elizabeth Thomas, and Plaintiffs James Allen, Robert L. Thomas, and Allan Haye (the "Thomas Parties").

## I.    BACKGROUND

This matter arises from a residential mortgage loan (Exs. A-1, A-2) that Chase foreclosed on March 3, 2020 (Ex. F) after a decade of default.

Elizabeth Thomas is the borrower and mortgagee (Exs. A-1, A-2). In prior litigation filed by Ms. Thomas, this Court upheld the validity of Chase's Deed of Trust (_see_ Ex. G-3, Order Granting [Chase's] Motion for Judgment on the Pleadings, _Elizabeth Thomas, et al. v. J.P. Morgan Chase, N.A., et al._, Civil Action No. 4:13-cv-01022 (S.D. Tex. Feb. 14, 2014)). Nonetheless, Ms. Thomas—together with her brother James Allen, son Robert Thomas, and straw-buyer Alan

Haye—engaged in a "ten year campaign of lawsuits and bankruptcies" to delay and now challenge foreclosure. (*See* Ex. H, *In re Haye*, 4:19-cv-04231 (S.D. Tex. Apr. 22, 2021) (order attaching a schedule of fifteen lawsuits and bankruptcies and affirming award to Chase of extraordinary in rem relief)). In this suit, they premise their defenses on alleged origination defects and baseless contentions that an agreed judgment between the Thomas Parties on a suit for money damages somehow invalidated Chase's Deed of Trust, and that Elizabeth Thomas's most recent bankruptcy impaired Chase's lien rights though the bankruptcy court's order states the opposite.

On August 19, 2014, the U.S. District Court for the Southern District of Texas sanctioned Ms. Thomas for bringing litigation to harass defendants. *Elizabeth Thomas v. The Professional Law Firm and Corp. of Barret, Daffin, Frappier, Turner & Engel L.P.*, 4:13-cv-2481 (S.D. Tex. Aug. 19, 2014). The Court, however, was "not persuaded that she continued her contumacious conduct after it warned her that sanctions were a very real possibility" and therefore declined to bar her from future litigation. *Id*. Approximately 30 days later, on September 22, 2014, Ms. Thomas initiated litigation in Harris County District Court (Cause No. 2014-54729), the dismissal of which was affirmed. *Elizabeth Thomas v. Meritage Homes dba Meritage Home of Texas LLC*, No. 01-15-00863-cv (Tex. App.—Houston [1st Dist.] July 21, 2017).

James Allen and Robert Thomas assisted in the scheme to delay and defraud Chase in its efforts to foreclose. In 2017, Ms. Thomas conveyed her interest in the Property to her son Robert Thomas. James Allen, doing business as JEVE, purported to take a lien against the Property. These conveyances positioned James Allen and Robert Thomas to file a spate of suits. The James Allen suits involving the Property include (1) Cause No. 2014-54729, *Thomas v. Meritage Homes*; (2) Cause No. 2017-76078, *James Allen v. MTH Lending Group L P*; (3) Cause No. 2018-14171, and (4) *Thomas v. McCarthy & Holthus LLC*; and (2) Cause No. 2020-35780, *Allen v. PCF Properties*

*in TX LLC*. On November 13, 2017, James Allen filed suit alleging Chase's lien constituted a cloud on his title in Harris County District Court (Cause No. 2017-76078). The Robert Thomas suits include (1) Cause No. 2017-75641, *Robert Thomas v. Flagstone Lending Group* and (2) Cause No. 2018-14171, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP and Elizabeth Thomas*.

Allan Haye, who held record title at the time of Chase's foreclosure sale, filed five lawsuits and a bankruptcy petition. The Haye suits involving the Property include (1) Cause No. 2019-08058, *Haye v. McCarthy & Holthus LLP*; (2) Cause No. 2019-30835, *Haye v. McCarthy & Holthus LLP*; (3) Cause No. 2019-31310, *Haye v. Sewart*; (4) Cause No. 2020-12212, *Haye v. McCarthy & Holthus LLP*; and (5) Cause No. 2020-35780, *Allen v. PCF Properties in TX LLC*.

On October 29, 2018, Ms. Thomas commenced a Chapter 13 bankruptcy case in the U.S. Bankruptcy Court for the Southern District of New York (the "NY Bankruptcy Court"), as Case No. 18-23676 (the "Thomas Bankruptcy Case"). On December 20, 2019, the NY Bankruptcy Court correctly "determined that the filing of the Thomas Bankruptcy Case was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings by Debtor and affecting the Property," and it granted Chase *in rem* relief.

Similarly, the U.S. Bankruptcy Court for the Southern District of Texas awarded Chase extraordinary *in rem* relief, recognizing Allan Haye's role in the scheme (finding Mr. Haye's acquisition of the Property was part "of a scheme to delay, hinder, and defraud creditors…"). The *in rem* order was affirmed on appeal.

On March 3, 2020, Chase foreclosed its Deed of Trust; PCF Properties in Texas, LLC ("PCF") successfully bid at the sale.

To prevent PCF from taking possession of the Property, James Allen (Elizabeth Thomas's brother) initiated this litigation in state court on June 15, 2020. On February 18, 2021, Elizabeth Thomas appeared in the state court action where she litigated for more than a year before attempting to remove the case. Chase and PCF Properties in Texas, LLC filed a motion to remand, which remains pending.

The Thomas Parties now move for summary judgment challenging PCF's right to title and possession of the Property as the successful purchaser at foreclosure. Contrary to the records of the Office of Consumer Credit Commissioner, they allege that Flagstone was not licensed as a Regulated Lender when the Loan was originated on October 19, 2007. They also contend, contrary to the records of the Texas Secretary of State, that Flagstone did not exist. These factual allegations have no merit and *res judicata* bars the Thomas Parties' challenge to the validity of the Deed of Trust. Additionally, The Thomas Parties "affirmative defenses" mirror claims that they have asserted in this suit and others. Accordingly, the four-year statute of limitations bars them.

## II. ISSUES TO BE DECIDED

(1) The Thomas Parties' "illegality" argument lacks merit because Flagstone held a Regulated Lender license.

(2) The Thomas Parties' "lack of legal capacity" defense lacks merit because Flagstone Lending Group existed as a registered assumed name for Primary Residential Mortgage, Inc.

(3) Res judicata bars the Thomas Parties from relitigating the validity of the Deed of Trust.

(4) The agreed judgment among the Thomas Parties in a prior action did not affect Chase's lien or the 2020 foreclosure sale, and it does not preclude PCF's claims to the Property.

(5) Elizabeth Thomas's bankruptcy did not affect the validity of the foreclosure sale nor PCF's claims to the Property.

(6) The four-year statute of limitations bars the Thomas Parties' affirmative defenses.

### III.    MATERIAL FACTS

A.   Flagstone, a licensed Regulated Lender, originated the Loan, and Chase took assignment of the lien from the original mortgagee, Mortgage Electronic Registration Systems, Inc.

On or about October 19, 2007, Elizabeth Thomas purchased the property located at 8202 Terra Valley Lane, Tomball, Texas (the "Property") with financing secured by the Property. Ex. A-1. The purchase-money Deed of Trust associated with that loan identifies the Lender as Flagstone Lending Group ("Flagstone") and its address as 4750 West Wiley Post Way, Suite 200, Salt Lake City, Utah (Ex. A-2), which aligns with the address for Primary Residential Mortgage Inc. on file with the Texas Secretary of State. (Ex. B.).

According to the Texas Secretary of State's records, Flagstone is a registered assumed name of Primary Residential Mortgage, Inc. Ex. B. At the time of the Loan's origination, Primary Residential Mortgage, Inc., doing business as Flagstone, held a license (# 48010) issued by the Office of Consumer Credit Commissioner as a Regulated Lender. Exs. C; J.

Mortgage Electronic Registration Systems, Inc., as nominee for Lender and Lender's successors and assigns ("MERS"), was the original mortgagee under the Deed of Trust.

On November 30, 2010, MERS assigned the Deed of Trust to Chase. Ex. D.

B.   A decade of vexatious filings ensued during which time the validity of Chase's Deed of Trust was affirmed.

As noted above, the Thomas Parties filed suit after suit in connection with the Property. The prior litigation between Elizabeth Thomas and Chase includes the 2013 suit filed by Ms. Thomas to challenge the validity of the Deed of Trust, *Elizabeth Thomas and Abdehalim H. Mohd v. JPMorgan Chase, N.A., f/k/a Chase Home Finance, LLC, its successors and assigns Does 1-50*, Case No. 4:13-cv-01022 in the United States District Court for the Southern District of Texas (the

"2013 Suit"). A copy of the Complaint from the 2013 Suit is attached as Ex. G-1. Chase hereby requests that the Court take judicial notice of the pleadings, motions, and orders in the 2013 Suit.

In the 2013 Suit, Ms. Thomas sought a declaration that the Deed of Trust was "invalid and unenforceable," contending she was married at the time she purchased the Property—contrary to the recitals in the Deed of Trust and her vesting deed; she also alleged forgery on the part of the originating lender. Ex. G-1. On January 22, 2014, Chase moved for judgment on the pleadings in the 2013 Suit. Ex. G-2. Chase raised—among other defenses—judicial estoppel due to Ms. Thomas' 2010 bankruptcy, where she failed to identify any of the claims asserted in the 2013 Suit. On February 14, 2014, the Court in the 2013 Suit granted Chase's Motion for Judgment on the Pleadings and dismissed with prejudice Ms. Thomas's claims. Ex. G-3.

C.  Efforts to confuse the status of Chase's lien persisted.

After Chase prevailed in the 2013 Suit, Ms. Thomas and James Andersen, Esq., who represented Ms. Thomas in the 2013 Suit, prepared and recorded a series of documents in the real property record for the apparent purpose of misrepresenting the Deed of Trust as "terminated" and to create the appearance that the 2007 Loan is a home equity loan when it was actually a purchase-money loan. These documents include a purported appointment by Ms. Thomas (not Chase) of her attorney James Andersen as substitute trustee and a purported "termination" of the Deed of Trust. When the Thomas Parties characterize Chase's Deed of Trust as "formerly recorded," they glancingly refer to these documents created by Ms. Thomas and her attorney.

D.  Chase foreclosed in 2020, prompting James Allen to file this suit against PCF.

On March 3, 2020, Chase foreclosed, and PCF purchased the Property at the 2020 sale. Ex. E. On the same day, James Allen also purported to foreclose against the Property. Ex. F. Though James Allen's purported lien arose later and was consequently subordinate to Chase's Deed of Trust under the "first in time, first in right" rule, James Allen sued PCF to challenge its title on the

basis that his sale occurred first. (*See* Orig. Pet.)

PCF asserted a counterclaim for trespass to try title against James Allen in connection with its claim for title and possession to the Property. It also sought declaratory judgment against Ms. Thomas and Mr. Andersen to determine that the ultra vires filings had no effect.

E.  The Thomas Parties premise their motion on a series of false allegations.

The Amended Joint Motion for Summary Judgment contains so many misrepresentations that Chase may not succeed in addressing each one. But at bottom, the Thomas Parties allege the Deed of Trust is void (Doc. 50 at 10-11) based on false allegations that Flagstone is "non-existent." The years of litigation with Flagstone (or Primary Residential Mortgage, Inc.) highlight the absurdity of this contention. (*see e.g.* Ex. K.) The Thomas Parties seek a free house because— though Flagstone had its headquarters in Utah—its state of incorporation is Nevada. (Ex. B.). They further allege Flagstone failed to obtain a license but offer no competent evidence to support their bald allegation, which the records of the Office of the Consumer Credit Commissioner refute. Nonsensically, they contend that PCF cannot prosecute its claims in this litigation yet offer no legal authority or evidence to support their stance.

The Thomas Parties also try to confuse the Court about the most basic aspects of the purchase-money loan at issue. Elizabeth Thomas took title on October 19, 2007 under the General Warranty Deed with Vendor's Lien in Favor of Mortgagees, which recites the original principal amount of the purchase-money loan ($239,400). Ms. Thomas, however, falsely testifies that she instead closed on a Texas Home Equity Loan on that same date in the amount of $235,262.37. (Doc. 51 at 9). This testimony does not pass a simple smell test. How could a borrower obtain a home equity loan contemporaneously with her purchase of real estate when she has essentially no

equity in the property? Why would her vesting deed recite the terms of the Deed of Trust that she denies is legitimate?

The Thomas Parties also incorrectly suggest that the orders in Elizabeth Thomas's most recent bankruptcy action stripped the Deed of Trust from the Property (Doc. 50 at 14) contrary to the express holdings of the bankruptcy court (Ex. H). With respect to her pending bankruptcy action, the Property was not part of the bankruptcy estate. As noted above, Elizabeth Thomas had conveyed the Property to her son prior to filing the bankruptcy petition. (Exs. L-1.)

Allan Haye (not Elizabeth Thomas) held record title to the Property at the time of the foreclosure sale (Ex. L-2). And he non-suited his claims against Chase and its foreclosure counsel, McCarthy, *with prejudice*. Chase Ex. N.

As discussed below, the Thomas Parties' motion for summary judgment should be denied in total.

### IV. ARGUMENT

**A. The Thomas Parties' "illegality" arguments lack merit because Flagstone held a Regulated Lender license.**

The Thomas Parties' illegality argument, premised on allegations that Flagstone did not hold a license, lacks any factual foundation. A contract to do a thing in violation of statute and which cannot be performed without a violation of the law is void. *Philadelphia Indemnity Insurance Company v. White*, 490 S.W.3d 468, 477 (Tex. 2016). The purpose behind this rule is not to protect or punish either party to the contract, but to benefit and protect the public. *Lewis v. Davis*, 145 Tex. 468, 199 S.W.2d 146, 148–49 (1947). But where nothing in a contract requires a violation of the law, the contract is not illegal. *Lewis*, 199 S.W.2d at 149; *Philadelphia Indemnity Insurance Company*, 490 S.W.3d at 483 ("A contract that could have been performed in a legal manner will not be declared void because it may have been performed in an illegal manner.") A

party seeking to avoid a contract on the affirmative defense of invalidity bears the burden of pleading and proving the contract's invalidity. *Philadelphia Indemnity Insurance Company*, 490 S.W.3d at 477.

Here, the Thomas Parties have not met their burden of demonstrating the Loan was made by an unlicensed lender. They offer no competent evidence in support of their allegation. Further, the certified records of the Office of Consumer Credit Commissioner, in fact, show the opposite. Flagstone was licensed as a Regulated Lender in 2007 (Ex. C) when the Loan was originated (Ex. A-2). Flagstone, which was licensed as a Regulated Lender, originated the Loan and sold it to Chase, who foreclosed in 2020. The Property struck off to PCF.

Because the Thomas Parties have failed to demonstrate illegality and that allowing PCF to have title to, and possession of, the Property requires a violation of law, their motion for summary judgment should be denied in full.

**B.     The Thomas Parties are not entitled to summary judgment based on Flagstone's alleged "lack of capacity" or "non-existence"; Flagstone was a registered assumed name for Primary Residential Mortgage, Inc.**

The Thomas Parties mischaracterize Flagstone as "Non-Existent" and contend that an assignee of an unregistered foreign entity cannot maintain any action, citing Tex. Bus. Org. Code § 9.051. The Texas Secretary of State's records flatly contradict this absurd and persistent allegation. Ex. B. Primary Residential Mortgage, Inc. existed as a foreign corporation with its principal office in Salt Lake City, Utah and did business under the registered, assumed name of Flagstone. Ex. B. Because Flagstone was a registered foreign entity, the statute does not apply.

Further, the plain text of the statute does not support the Thomas Parties' position. Even if Flagstone had not registered with Texas Secretary of State (which Chase denies, *see* Ex. B), its failure to register would not affect the rights of an assignee such as Chase as "the holder in due course of a negotiable instrument" (Tex. Bus. Org. Code § 9.051(b)(1)). It furthermore would not

invalidate any contract or act of the foreign filing entity (Tex. Bus. Org. Code § 9.051(c)(1)) or affect the rights of purchaser at foreclosure (namely, PCF) to litigate its claims. The Thomas Parties neither allege nor show that PCF is a non-existent foreign entity. The Court should deny their request for summary judgment.

**C.     Res Judicata bars the Thomas Parties from litigating alleged origination defects.**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Dotson v. A. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022), cert. denied, 143 S. Ct. 102 (2022). Preclusion law varies from jurisdiction to jurisdiction; to determine which law applies, courts look to the court where the prior judgment was entered. *Id*. Federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity. *Id*.

Here, the judgment in the 2013 Suit was entered by the same court where this suit is currently pending—the Southern District of Texas, sitting in diversity. This Court would, therefore, apply federal common law, meaning the preclusion law of the Texas (the forum state) unless incompatible with federal interests." *Dotson,* 24 F.4th at 1002. For res judicata, a party must prove (1) the existence of a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties ***or those in privity with them***, and (3) a subsequent action based on the same claims that were or could have been raised in the prior action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The doctrine of res judicata in Texas holds that a final judgment in an action bars the parties and their privies from bringing a second suit " 'not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.' " *Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001).

The first element of res judicata is met, Elizabeth Thomas litigated the validity of the Deed of Trust in the 2013 Suit like the Thomas Parties attempt to do here. The parties are the same, or their privies. Chase and Elizabeth Thomas are parties to both actions. Co-movants Robert Thomas, James Allen, and Alan Haye are Ms. Thomas's privies, and they cannot relitigate the prior adverse ruling by purporting to deed the Property or grant interests to one another. Although people are generally not bound by a judgment in a suit to which they were not parties, *res judicata* "creates an exception to this rule by forbidding a second suit arising out of the same subject matter of an earlier suit by those in privity with the parties to the original suit." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652–53 (Tex. 1996) (citations omitted). "The purposes of the exception are to ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Id*. (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971)). As the Texas Supreme Court has noted, privity between people can occur in at least three forms: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Id*. at 653.

As a matter of law, Allan Haye, James Allen, and Robert Thomas are in privity with Elizabeth Thomas. Any interest they claim in the Property emanates from Elizabeth Thomas's 2017 deed to Robert Thomas—granted after the 2013 Suit. As the alleged successors to the rights of Elizabeth Thomas in the Property, the co-movants are in privity with Elizabeth Thomas and bound by prior adverse rulings against her. *Amstadt*, 919 S.W.2d at 653 ("[A]ll persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action.") (citing *Kirby Lumber Corp. v. Southern Lumber Co.*, 145 Tex.

151, 196 S.W.2d 387, 388 (1946) ("'Privity, in this connection, means the mutual or successive relationship to the same rights of property.'")). Simply put, "one acquiring an interest in the property involved in a lawsuit takes the interest subject to the parties' rights as finally determined by the court." *Id*. Thus, the second element of res judicata is satisfied.

With respect to the third element, the 2013 Suit and this action involve the "same claims" within the meaning of the transaction test because the claims in this suit could have been raised in the prior action. *See Amstadt*, 919 S.W.2d at 653. (Res judicata bars the suit "even if the second plaintiff does not allege causes of action identical to those asserted by the first" and "precludes a second action on claims that arise out of the same subject matter and which might have been litigated in the first suit.") The Thomas Parties cannot seek to invalidate the Deed of Trust or foreclosure sale based on alleged defects at origination. Such alleged defects could have been litigated in 2013 Suit and are now barred. The mere fact that Plaintiffs assert slightly different claims in this suit does not make the present suit viable. Both suits involve facts related in time, space, origin or motivation (i.e. the origination of the Loan); the claims in the two suits form a "convenient trial unit"; and their treatment as a single trial unit conforms to the parties' expectations or business usage. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630-1 (Tex. 1992).

Allan Haye is further barred from challenging Chase's Deed of Trust because he litigated the same claims (within the meaning of the transactional test) in Cause No. 2019-31310, *Haye v. McCarthy & Holthus, LLP, et al.* (the "2019 Suit"). In the 2019 Suit, Haye alleged that Chase's efforts to foreclose were "fraudulent" and sought injunctive relief. (Ex. N-1.) Haye dismissed his claims against Chase *with prejudice*. (Ex. N-2.) Because all three elements of res judicata are met, the 2019 Suit precludes Haye from relitigating the same claims here. Specifically, the 2019 Suit

concluded with a final judgment from a court of competent jurisdiction (finality of judgment); it involved the same parties (Haye and Chase) and addressed the same claims (validity of Chase's Deed of Trust).

Res judicata provides additional grounds for the Court to deny the joint motion for summary judgment.

**D.     The Property encumbered by Chase's lien was not part of Thomas's 2018 Bankruptcy Estate, and the bankruptcy court clarified its orders did not impair Chase's lien.**

The allegation that Elizabeth Thomas' bankruptcy proceeding somehow resulted in an order invalidating Chase's lien has no merit. (Doc. 50 at 17-19.) In fact, the bankruptcy court explicitly rejected this notion. On April 28, 2022, the U.S. Bankruptcy Court for the Southern District of New York ruled:

> The order reclassifying of JPMorgan Chase's claim to unsecured was based solely on the fact that Debtor does not own the Texas Property. That the claim is not being paid in Debtor's plan is only because the Debtor previously discharged her personal obligation to repay the debt.
>
> The Court made no determination as to JPMorgan Chase's right to enforce its interests against the Texas Property. Indeed, this Court granted JPMorgan Chase the right to enforce any rights it has in the Texas Property when it granted *in rem* relief. ECF No. 80 (specifically giving permission for JPMorgan Chase Bank, N.A. as servicer for JPMorgan Chase Bank, National Association and **any subsequent successor or assign** to enforce its interest in the Texas Property). The validity of the March 3, 2020 foreclosure sale on the Texas Property is not invalidated or affected in any way whatsoever by this bankruptcy case.

(Ex. M-1 at 12.) On December 14, 2022, the U.S. District Court for the Southern District of New York dismissed the appeal. (Ex. M-2.) Thus, the bankruptcy court's ruling—that the bankruptcy case had no effect on the foreclosure sale—is final.

**E.     For a multitude of reasons, the agreed judgment between Elizabeth Thomas, Robert Thomas (her son), and James Allen (her brother) does not bind non-parties, Chase and PCF.**

The Thomas Parties allege that an agreed judgment between family members in a suit, to which Chase was not a party, binds Chase. The suit at issue, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP, on behalf of Flagstone Lending Group a Non-Existent Uath* [sic.] *Corp. and successor/assignee J.P. Morgan Chase Bank, NA.; and Elizabeth Thomas*, Cause No. 2018-14171 filed in the 133rd District Court of Harris County, Texas (the "2018 Suit"), has a deceptive style. Multiple entities' names appear in the 2018 Suit's caption, but the only two defendants in the suit were (1) Elizabeth Thomas and (2) McCarthy & Holthus, LLP ("McCarthy").

Robert Thomas and James Allen nonsuited McCarthy without prejudice when McCarthy moved for summary judgment. (*see* 6th Am. Pet., omitting claims against McCarthy). A nonsuit without prejudice does not adjudicate the rights of the non-suited party (here, McCarthy) but merely places it in the position in which it would have been had the suit not been filed. *See, KT Bolt Mgf. Co. v. Tex. Elec. Coop., Inc.*, 837 S.W. 273, 275 (Tex. App.–Beaumont, 1992, writ denied). Since only the claims against Elizabeth Thomas were dismissed with prejudice, the nonsuit restored McCarthy to its position as though it had never been a party to the suit. In other words, the judgment does not even bind McCarthy—let alone Chase or PCF. The 'identity of parties' element of res judicata has not been met.

The court signed an agreed take-nothing judgment between family members. Specifically, Elizabeth Thomas presented "Defendant [sic.] Unopposed Motion for Summary Judgment" against James Allen and Robert Thomas on their purported fraud claim for money damages. She obtained an order "that Plaintiffs [Robert Thomas and James Allen] take nothing by their claims pled in the Unopposed Motion for Summary Judgment and [Borrower] is dismissed from this suit." Robert Thomas and James Allen subsequently submitted a proposed agreed judgment to the Court

purporting to adjudicate the validity of the Chase Lien—although (again) Chase was not a party to the suit. McCarthy objected to the proposed agreed judgment, noting that Robert Thomas and James Allen could be attempting to create the false appearance that the Court had adjudicated the validity of the Deed of Trust. (Ex. I.) The Court declined to sign the proposed agreed judgment.

The Thomas Parties are not entitled to judgment on res judicata grounds. Chase was not a party to the suit at issue nor in privity to any party to the judgment.

F.  **The statute of limitations bars the Thomas Parties' challenge to the validity of the Deed of Trust.**

Though the Thomas Parties have couched their allegations as affirmative defenses, it is important to remember that James Allen initiated this litigation, claiming title to the Property and seeking to remove the substitute trustee's deed, vesting title in PCF, as an alleged cloud on his title. By seeking a judgment allowing the Thomas Parties to maintain possession of the Property, the Thomas Parties in essence still seek affirmative relief akin to Allen's original quiet title claim. A suit that seeks to resolve a title dispute is, in effect, an action in trespass to try title, whatever its form. *Brumley v. McDuff,* 616 S.W.3d 826, 836 (Tex. 2021) ("Much as a party does not turn a trespass-to-try-title dispute into a declaratory-judgment action through artful pleading, a party does not forfeit its trespass-to-try-title action by inartfully naming it.")

It is generally the case that "affirmative defenses are not ordinarily subject to the statute of limitations so long as they are properly pled and arise from the same transaction as the claims in the original complaint. *MWK Recruiting, Inc. Jowers v. Counsel Unlimited LLC*, 1:18-CV-444-RP, 2020 WL 7229977, at *6 (W.D. Tex. Dec. 8, 2020). But some district courts, including the U.S. District Court for the Western District of Texas, have acknowledged an exception to this rule when "affirmative defenses 'are simply time-barred claims masquerading as defenses and are likewise subject to the statute of limitations bar.' " *Id.*; *see also Davis v. 24 Hour Fitness*

*Worldwide, Inc.*, 75 F. Supp. 3d 635, 639 (D. Del. 2014). Courts have applied this exception when affirmative defenses are "mirror images of ... time-barred claims" and when the party asserting the affirmative defense is the "true aggressor." *Davis*, 75 F. Supp. 3d at 638–39 (citing *Evans*, 344 F.3d at 1035–36).

The Thomas Parties' campaign of vexatious litigation attempting to challenge Chase's Deed of Trust coupled James Allen's initiation of this lawsuit puts them firmly in the camp of "true aggressor." They cannot now raise affirmative defenses that mirror time-barred claims to invalidate the Deed of Trust or substitute trustee's deed based on alleged origination defects. The cause of action to avoid the Deed of Trust accrued in 2007 and even under the residual four-year statue of limitations, the deadline to litigate these issues expired in 2011.

For this additional reason, their request for summary judgment should be denied in full.

### V. OBJECTION TO AFFIDAVIT AND DECLARATION

**A.  Declaration of Elizabeth Thomas**

Chase objects to the Declaration of Elizabeth Thomas (Doc. 52). Ms. Thomas offers no foundation for her alleged "personal knowledge" of the alleged facts stated in the Declaration relating to Flagstone (Doc. 52, ¶¶ 2-4). (Fed. R. Evid. 602.) She asserts conclusory allegations of "personal knowledge" that are insufficient to support a finding of such. (Doc. 52.) She is not, for example, employed by the Texas Secretary of State, the Nevada Secretary of State, nor the Harris County Clerk's Office, nor authorized to make statements about records maintained by such offices.

The allegations contained in ¶¶ 2, 4-17 of the Declaration should furthermore be excluded as impermissible hearsay (Fed. R. Evid. 801-802) and as violative of the best evidence rule (Fed.

R. Evid. 1002-1005) because Elizabeth Thomas attempts to testify about the content of public records where a certified copy of the record should be offered to prove its contents.

Further, Ms. Thomas is not a lawyer. Though a lay person, she purports to speak to the legal existence of Flagstone (Doc. 52, ¶¶ 2-4), the status of Chase's Deed of Trust (Doc. 52, ¶ 5) and various legal aspects of district court and bankruptcy proceedings (Doc. 52, ¶¶ 5-17). Chase objects to Ms. Thomas's improper legal conclusions. Fed. R. Evid. 701, 702. Elizabeth Thomas attaches her Fourth Amended Original Petition (Doc. 52-1 at 3, 4) to her Declaration, which negates her allegation that Chase was a party to Cause No. 2018-14171 (showing two defendants (1) McCarthy & Holthus LLP and (2) Elizabeth Thomas).

Chase further objects to the nonsensical allegation regarding the "October 25, 2002, 'Deed of Trust'" as irrelevant (Doc. 52 ¶ 15). (Fed. R. Evid. 401.) This case does not involve a Deed of Trust dated October 25, 2002.

Chase objects to Exhibit 11 (alleged exhibits filed by Elizabeth Thomas in connection with her Motion for Summary Judgment) as hearsay (Fed. R. Evid. 801-802). None of the documents have been authenticated. Chase further objects to the Declaration because none of the alleged public records attached to the Declaration (Exhibits 9-16) are in certified form.

B.   **Affidavit of James M. Andersen**

Chase objects to the Affidavit of James M. Andersen (Doc. 51-1). Mr. Andersen offers no foundation for his alleged "personal knowledge" of the alleged facts stated in the Affidavit relating to Flagstone (Doc. 51-1, ¶¶ 2-15). (Fed. R. Evid. 602.) His conclusory allegations of "personal knowledge" are insufficient to support a predicate of such knowledge. (Doc. 52.)

Paragraphs 2-15 contain impermissible hearsay (Fed. R. Evid. 801-802) and violate the best evidence rule (Fed. R. Evid. 1002-1005) because Mr. Andersen attempts to testify about the

content of public records where a certified copy of the record should be offered to prove its contents.

Though Mr. Andersen is a lawyer, he has not provided any foundation to find that he has expertise regarding the legal conclusions that he offers. (Doc. 51-1, ¶¶ 6-16.) Moreover, legal conclusions are the province of the Court, [and] ... [e]xpert testimony is an improper mechanism for offering legal arguments to the Court." *See Fisher v. Halliburton*, CIV. A. H-05-1731, 2009 WL 5216949, at *5 (S.D. Tex. Dec. 21, 2009). They should be stricken from the Affidavit.

In addition, Chase objects to Exhibit 5 (a printout of an alleged webpage) on the basis of hearsay (Fed. R. Evid. 801-802).

## VI. PRAYER

To the extent the Court has jurisdiction over this suit, Chase requests that the Court deny in full the motion for summary judgment filed by Third-Party Defendants James M. Andersen and Elizabeth Thomas, and Plaintiffs James Allen, Robert L. Thomas, and Allan Haye. Chase further requests such other relief in equity and law to which it is justly entitled.

Respectfully submitted,

By: /s/ Rachel L. Hytken
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
RACHEL L. HYTKEN, of counsel
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,**
 **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com
Attorneys for JPMorgan Chase Bank, N.A.

**CERTIFICATE OF SERVICE**

    This is to certify that on January 27, 2023, a true and correct copy of the foregoing pleading has been furnished to all parties as follows:

| | |
|---|---|
| <u>Via ECF</u><br>James M. Anderson<br>jandersen.law@gmail.com | <u>Via CM,RRR 9314 8699 0430 0103 8634 45</u><br>Elizabeth Thomas<br>712 H St. NE Suite 1297<br>Washington DC., 20002 |
| <u>Via ECF</u><br>Keith R Nguyen   krnlawfirm@gmail.com<br>Attorney for Allan Haye | <u>Via ECF</u><br>Colleen McClure  colleen.mcclure@att.net<br>Attorney for Robert Thomas and James Allen |

                                                               */s/ Rachel Hytken*
                                                                Rachel Hytken