IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ELIZABETH THOMAS<br><br>  Debtor<br>_____<br><br>JAMES ALLEN, ROBERT L. THOMAS, and ALLAN HAYE,<br>  *Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>PCF PROPERTIES OF TEXAS LLC, SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION<br><br>*Defendants/Counter-Plaintiffs*<br>_____<br>PCF PROPERTIES IN TX, LLC<br>*Third-Party Plaintiff*<br>v.<br><br>JPMORGAN CHASE BANK, N.A<br>ELIZABETH THOMAS AND JAMES M. ANDERSEN<br><br>  *Third-Party Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Cause No. 4:22-cv-00705 |

### PCF PROPERTIES IN TX, LLC'S RESPONSE TO MOTION TO SHOW AUTHORITY

TO THE HONORABLE JUDGE OF THIS COURT:

    COMES NOW, P.C.F. PROPERTIES IN TX, LLC. ("PCF") and files its response to JAMES M. ANDERSEN's Motion to Show Authority (Doc. 54)., presumably brought under the Rule 12 of the *Texas* Rules of Civil Procedure, and responds as follows:

I. **BACKGROUND**

1. As this Court is aware, this removed proceeding arises from a residential mortgage loan that JPMorgan Chase Bank, N.A. ("Chase") foreclosed on March 3, 2020. PCF was the high bidder at the foreclosure sale. See, Exhibit 1.

2. During the course of these proceedings, Third-Party Defendants James M. Andersen and Elizabeth Thomas, and Plaintiffs James Allen, Robert L. Thomas, and Allan Haye (the "Thomas Parties") have asserted that Flagstone Lending Group is a "non-existent foreign Utah corporation". That is fundamentally false.

3. On or about October 19, 2007, Elizabeth Thomas purchased the property located at 8202 Terra Valley Lane, Tomball, Texas (the "Property") with financing secured by the Property. The purchase-money Deed of Trust associated with that loan identifies the Lender as Flagstone Lending Group ("Flagstone") and its address as 4750 West Wiley Post Way, Suite 200, Salt Lake City, Utah which aligns with the address for Primary Residential Mortgage Inc. on file with the Texas Secretary of State. See, Exhibit 2

4. According to the Texas Secretary of State's records, Flagstone is a registered assumed name of Primary Residential Mortgage, Inc. At the time of the Loan's origination, Primary Residential Mortgage, Inc., doing business as Flagstone, held a license (# 48010) issued by the Office of Consumer Credit Commissioner as a Regulated Lender. Mortgage Electronic Registration Systems, Inc., as nominee for Lender and Lender's successors and assigns ("MERS"), was the original mortgagee under the Deed of Trust. On November 30, 2010, MERS assigned the Deed of Trust to Chase.

5. Yet, The Thomas Parties have consistently and routinely referred to PCF as the "successor to Flagstone Lending Group a Foreign Non-Existent Utah Corporation." Chase is the

successor to Flagstone, as has been demonstrated repeatedly in other pleadings on file with this Court.

6. Now, James M. Andersen, has filed yet another pleading asserting Flagstone is a non-existent Utah corporation, this time in the form of his Motion to Show Authority (Doc. 54), demanding that PCF and its law firm show authority to institute or prosecute its claims for relief pursuant to Texas Rule of Civil Procedure 12.

## II. PCF's OBJECTIONS TO THE MOTION.

7. PCF objects to Andersen's Motion based on the fact that there is no legal basis for the filing of the same under the Federal Rules of Civil Procedure. PCF further objects to this Motion because it invades PCF's attorney-client relationship and seeks disclosure of private, confidential communications protected by the attorney-client privilege. Moreover, PCF, John V. Burger, and Barry & Sewart, PLLC, do not represent Flagstone in this case. Flagstone is not a party to this litigation, it has never been served with citation, and there are no pending claims against Flagstone. Chase is the assignee of the underlying mortgage, and it is represented by independent counsel in this case. Oddly, Andersen does not seek authority from Chase's law firm.

## III. ARGUMENT AND AUTHORITIES

8. Rule 12 of the Texas Rules of Civil Procedure provides:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the *attorney* to be cited to appear before the court and show *his* authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

Tex. R. Civ. P. 12 (emphasis added). Rule 12 does not apply to a party's authority but to the party's attorney.

9. This case is not governed by the Texas Rules of Civil Procedure, a minor detail an attorney licensed to practice law in the State of Texas and before this Court should know. Rule 1 of the Federal Rules of Civil Procedure provides that "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated Rule 81. They should be construed, administered, and employed by the court and the parties to secure just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 81(c)(1) provides that the Federal Rules of Civil Procedure apply in removed proceedings. Fed. R. Civ. P. 81(c)(1). Rule 81(d)(1) further provides that "[w]hen these rules refer to state law, the term "law" includes the state's statutes and the state's judicial decisions." Fed. R. Civ. P. 81(d)(1).

10. As has been conclusively established in numerous pleadings, PCF is the ***owner*** of the real estate that is the subject of this lawsuit, having purchased it at a non-judicial foreclosure sale when Chase exercised its rights under the loan documents agreed to and signed by Elizabeth Thomas. While *pro se* litigants might be forgiven for making this fundamental mistake, lawyers licensed to practice law in the State of Texas and admitted to practice before this Court should be expected to know the difference and should refrain from mischaracterizing the legal relationships involved.

11. Yet, the Thomas Parties' constant mischaracterization of PCF's ownership interest in the Property is intended to mislead the Court: the Thomas Parties want to delay PCF's right to possession of its property by filling the courts' records with long, inartful, incoherent, confusing, and irrelevant pleadings for which there is no basis in fact or law. The current motion is no different.

12. Andersen's Motion is filled with inapplicable case law, references to the Texas Business Organization Code, and irrelevant argument regarding Flagstone's legal status. Andersen appears to assert that, if Flagstone did not exist, then PCF could not have acquired the Property at foreclosure sale. Andersen's position ignores that Chase succeeded to Flagstone's interest, not PCF. PCF is not now, nor has it ever been Flagstone's successor to the mortgage loan and never acquired the mortgage servicing created by the loan documents Elizabeth Thomas signed. Chase did.

13. That being said, PCF's authority to initiate and prosecute its rights in the Property derives from its right to engage in business in the State of Texas, and from the foreclosure deed, coupled with the terms of the deed of trust, which grant PCF the right to immediate possession of the property along with the right to remove Elizabeth Thomas (and those claiming through her (including all of the Thomas Parties including each and every other purported assignee of Elizabeth Thomas in possession of the property) by a forcible detainer action and a writ of possession.

14. PCF is a limited liability company incorporated under the law of Texas. As a corporate entity it does not have the right to represent itself in legal proceedings; therefore, it must have an attorney to present and prosecute its legal rights. Therein lies the authority of your humble correspondent and his law firm to represent PCF in this case.

15. John V. Burger is licensed to practice law and is in good standing with the State Bar of Texas; additionally, he is admitted to practice before the United States District Court for the Southern District of Texas, as well the Unites States District Courts for the Eastern, Western, and Northern District of Texas, and recently was readmitted to practice before the United States Court of Appeals for the Fifth Circuit. He joined the law firm of Barry & Sewart, PLLC in June 2021, which law firm has represented PCF in this and other matters.

## IV. CONCLUSION AND PRAYER.

Based on the forgoing, Respondents pray that the Court deny the Motion and grant Respondents such other relief to which they may show themselves justly entitled.

        Respectfully submitted,

        **BARRY & SEWART, PLLC**

        By: */s/ John V. Burger*
        Anna C. Sewart, SBN: 24029832
        David W. Barry, SBN: 01835200
        Austin R. DuBois, SBN: 24065170
        John V. Burger, SBN: 03378650
        4151 Southwest Freeway, Suite 680
        Houston, Texas 77027
        Tele: (713) 722-0281
        Fax: (713) 722-9786
        Email: evictions@barryandsewart.com and
        john@barryandsewart.com
        *Attorneys for PCF Properties in TX, LLC*

**CERTIFICATE OF SERVICE**

      This is to certify that on January 27, 2023, a true and correct copy of the foregoing pleading has been furnished to all parties as follows:

RACHEL HYTKEN
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

    Email:    llewis@qslwm.com
    Email:    rhytken@qslwm.com

Colleen McClure
18482 Kuykendahl Road, Box 106
Spring, TX 77379

      Email:  colleen.mcclure@att.net

Colleen McClure
6046 FM 2920, Suite 425
Spring, TX 77379

      Email:  colleen.mcclure@att.net

Keith Robinson Nguyen
PO Box 1787
Alief, TX 77411

      Email:  krnlawfirm@gmail.com

| | |
|---|---|
| Elizabeth Thomas Self Represented | First Class United States Mail and |
| 712 H Street NE #1297 | Certified Letter, Return Receipt Requested |
| Washington D.C. 20002 | |

      And via email at:    elizthomas234@gmail.com and tethomas3@aol.com

                                     */s/ John V. Burger*
                                     John V. Burger