UNITED STATES DISTRICT COURT
FOR   THE SOUTHERN DISTRICT
OF TEXAS   HOUSTON DIVISION

| | |
|---|---|
| In Re:<br><br>**ELIZABETH THOMAS**<br>*Debtor* | Adversary Case No.  **22-cv-00705** |
| **JAMES ALLEN, ROBERT L. THOMAS**<br>**ALLAN HAYE**<br>            *Plaintiffs/Counter-Defendants*<br>**vs.**<br><br>**PCF PROPERTIES OF TEXAS LLC.**<br>**SUCESSOR TO FLAGSTONE LENDING**<br>**GROUP, A FOREIGN NON-EXISTENT UTAH**<br>**CORPORATION**<br>            *Defendants/Counter- Plaintiffs*<br><br>**PCF PROPERTIES OF TEXAS LLC**,<br>            *Third Party Plaintiff*<br>vs.<br><br>**JP MORGAN CHASE BANK N.A**<br>**ELIZABETH THOMAS AND JAMES M.**<br>**ANDERSEN**<br>            *Third Party Defendants* | |

**REPLY  TO  THE  PCF  PROPERTIES  OF  TEXAS  LLC. SUCESSOR  TO  FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION RESPONSE TO  RULE 12  MOTION TO SHOW AUTHORITY**

**TO THE HONORABLE JUDGE ALFRED H. BENNETT U.S.D.J.**

COMES  NOW,  James  M.  Andersen,  Elizabeth  Thomas,  James  Allen,  Robert  L.

Thomas  and  Allan Haye  (the "Movants" ) files this reply and  moves the Court to strike

the pleadings of John Burger and the Law Firm Barry & Sewart, PLLC., due to the failure

and/or refusal to show authority to institute or prosecute, or defend  this suit:

## I.   RULE 12 MOTION

**a.** **Attorney John Burger and the Law Firm Barry & Sewart, PLLC, have failed and/or Refuse to meet there burden of proof to show their authority to pursue litigation and to enforce Flagstone contract which is  <u>mandatory</u>**

Attorney John Burger and the Law Firm Barry & Sewart, PLLC., has failed to meet its burden to mandatorily show its authority to and has instead filed a impermissible objection.

Instead Attorney John Burger and the Law Firm Barry & Sewart, PLLC., seeks the court to impermissibly add to, vary, change or contradicted the recitals in the Deed Trust (the "Contract"), formerly recorded in the Harris County Real Property under Instrument 2007-0643668 which recites that the lender is Flagstone Lending Group a "Utah Corporation" organized and existing under the law of **the State of Utah Exhibit** A for the purpose of creating an ambiguity to give the contract recitals a meaning different from that which its language imports..

According to Attorney John Burger and the Law Firm Barry & Sewart, PLLC., the purchase-money  Deed of Trust (the contract) under Instrument 2007-0643668, formerly recorded in the Harris County Real Property Records  for which they seek to enforce identifies the Lender as Flagstone Lending Group ("Flagstone") and its address as 4750 West Wiley Post  Salt Lake City, Utah which aligns with the address for Primary Residential Mortgage Inc. on file with the Texas Secretary of State. See, <u>**Exhibit**</u> 2, and Flagstone is a registered assumed name of Primary Residential Mortgage, Inc.

In other words Attorney John Burger and the Law Firm Barry & Sewart, PLLC., seeks the Court to change the language in said contract at issue for which they are not

party to reflect that Flagstone Lending Group ("Flagstone") is a Texas local d/b/a  instead of

a Utah Corporation organized and existing under the law of **the State of Utah.**  These

statements of Attorney John Burger and the Law Firm Barry & Sewart, PLLC., and

evidence in support thereof  violate the  parol  evidence  rule and the contract at issue

speaks for itself and clearly recites that:

> **"Lender" is FLAGSTONE LENDING GROUP. Lender is a _"Corporation"_ organized and existing under the laws of the State of UTAH. Lender's address is 4750 WEST WILEY POST WAY, SUITE 200, SALT LAKE CITY,   UTAH 84116.**

Under Texas Law parol evidence  rule precludes  consideration  of extrinsic evidence

to contradict, vary or add to an unambiguous written agreement for the purpose of creating

an ambiguity or to give the contract recitals a meaning different from that which its

language imports. _See_: _Wright v. Nationwide Mut. Ins. Co.,_ No. 6:09–CV–183, 2010  WL

*4 (E.D.Tex. Jan. 19, 2010) (Davis, J.) _In re H.E. Butt Grocery Co_., 17 S.W.3d 360, 369 (Tex.

App.—Houston [14th Dist.] 2000), _See:_ Sacks v. Haden, 266 S.W.3d 447, 450 (Tex. 2008) (per

curiam). A written contract cannot be added to, varied, or contradicted by parol evidence.

_See_; _Edascio_, 264 S.W. 3d at 796; _ISG State Operations_, 234 S.W.3d at 719. Evidence that

violates the rule is _**incompetent**_ and is _**without probative force**_, and cannot properly

be given _**any legal effect**_. _See_: _Garner v. Fidelity Bank, N.A_., 244 S.W.3d 855, 859 (Tex.

App.-Dallas 2008, no pet.). It's a fundamental rule of law that "Courts may neither

rewrite the parties' contract nor add to its language." See _Am. Mfrs. Mut. Ins. Co. v._

_Schaefer_, 124 S.W.3d 154, 162 (Tex. 2003); _see also Dahlberg v. Holden,_ 238 S.W.2d 699, 701

(Tex. 1951) (quoting 13 C.J. _Contracts_ § 496 (1917)).

Attorney John Burger and the Law Firm Barry & Sewart, PLLC., seeks to enforce a

contract by  litigate belonging to Flagstone a Non-Existent Fictitious Utah Corporation has failed to produce a copy of the minutes and votes from the Flagstone Lending Group's corporate board meeting showing their authority pursuant to the Texas Business Organizations Code to  retain John Burger and the law firm of Barry & Sewart PLLC;  The primary purpose of rule 12 is to enforce a party's right to know who authorized the suit. See *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 422-23 (Tex. 1964); *Boudreau*, 115 S.W.3d at 742.

Elizabeth Thomas resides in New York, James Allen in Atlanta Ga., Allan Haye Florida and Robert L. Thomas in Cypress Texas and they do not have possession of said Property.  The Honorable Judge Lincoln Goodwin  of the Justice Court Precinct 4, Place 1 Cause No. 1156772   On July 13, 2020, the court after a trial on PCF Forcible Detainer filed on March 19, 2020, **Exhibit** B and  Elizabeth Thomas affirmative defenses of release **Exhibit** C. found that because the deed of trust was record as release on February 18, 2018, prior to March 3, 2020, the substitute trustee Anna Sewart had no power to transfer title to the property to PCF., therefore, PCF could not have obtained title or color of title from the substitute trustee. See: *Martin v. Cadle Company*, 133 S.W.3d 897 (Tex. App.- Precedential). The court award possession of the property to Elizabeth Thomas and James Allen . See. **Exhibit** D.  The present owner of said property is Jasmine B. Jarbis. See. Exhibit E**.**

PCF Properties of Texas LLC., as a matter of law *Martin v. Cadle Company*, 133 S.W.3d 897 (Tex. App.- Precedential),  on March 3, did  not obtained title or color of title from the substitute trustee Anna Sewart who had no power to transfer title to the property to PCF.

Instead needs a Court to declare they obtain title by seeking the court to declare **(i)**

releasing the Subject Property from Flagstone Lending Group a Utah Corporation Deed of Trust lien as a nullity and void ab initio; and (ii) declare the alleged lien, allegedly foreclosed by Andersen, to be inferior to the lien foreclosed by Flagstone Lending Group lien.  Until such time they have no interest in said property.

Attorney John Burger and the Law Firm Barry & Sewart, PLLC., has claimed an non-existing attorney-client privilege for both PCF and Flagstone Lending Group a Foreign Non-Existent Uath Corporation however Texas law provides that a Corporation and LLC may not direct litigation and hire an attorney unless sanctioned by its governing authority—i.e., a majority of the board of directors or managers. See: In *Street Star Designs, LLC v. Gregory*,( Case No. 4:2011-cv-00915, S.D. TX).

.                                          **PRAYER**

WHEREFORE due to Attorney John Burger and the Law Firm Barry & Sewart, PLLC.,,  failure to show such authority, the Movants moves the court to  refuse to permit said Attorney John Burger and the Law Firm Barry & Sewart, PLLC., to appear in this cause, and shall strike their pleadings

Respectfully submitted,

By/s/Elizabeth Thomas
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington DC 20002
elizthomas234@gmail.com
832-813-9231

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

By:/s/Keith Robinson Nguyen
Keith Robinson Nguyen

By/s/Colleen M. McClure
COLLEEN M. MCCLURE

Texas State Bar No. 24062919
PO BOX 1787
Alief, TX 7741
Tel. 832-869-3419
Fax. 281-271-8077
krnlawfirm@gmail.com

ATTORNEY AT LAW
Texas Bar No. 24012121
18482 Kuykendahl Rd. Box 106
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

ATTORNEY FOR ALLAN HAYE

ATTORNEY FOR JAMES ALLEN AND
ROBERT L. THOMAS

## CERTIFICATE OF SERVICE

I hereby certify that on January 31 2023 ,a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen

James M. Andersen