IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ALLEN, et al. § | | |
|     *Plaintiffs/Counter-Defendants*, § | | |
| v. § | | |
| § | | |
| PCF PROPERTIES IN TEXAS, LLC, et al. § | § | Civil Cause No. 4:22-cv-00705 |
|     *Defendants/Counter-Plaintiff* § | | |
| ───────────────────── § | | |
| PCF PROPERTIES IN TEXAS, LLC *Third* § | | |
| v. § | | |
| § | | |
| ELIZABETH THOMAS, et al. § | | |
|     *Third-Party Defendants.* § | | |

**P.C.F. PROPERTIES IN TX, LLC'S MOTION TO SET
ALL PENDING MOTIONS FOR ORAL HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, P.C.F. PROPERTIES IN TX, LLC ("PCF"), and files its Motion to Set All Pending Motions for Oral Hearing, and in support thereof, respectfully shows the following:

**BACKGROUND**

1. As this Court is aware, this removed proceeding arises from the non-judicial foreclosure of a residential mortgage loan executed by Elizabeth Thomas that JPMorgan Chase Bank, N.A. ("Chase") foreclosed on March 3, 2020. PCF was the high bidder at the foreclosure sale. Elizabeth Thomas is the borrower and mortgagee. As the Court is also aware, there is an extensive history of litigation initiated by Elizabeth Thomas, James Allen, Allan Haye, Robert Thomas, and/or James Andersen (the "Thomas Parties") challenging Chase's right to foreclose on the property along with PCF's ability to purchase it at a non-judicial foreclosure sale. In essence, the Thomas Parties contend that Flagstone Lending Group does not exist as a corporate

entity and, consequently, any foreclosure of the mortgage secured by the property is void; as a result, the Thomas Parties assert that PCF is not the current owner of the Property. The Thomas Parties have filed numerous, voluminous pleadings in this Court and elsewhere, asserting the same arguments. PCF and Chased filed a joint motion to remand this case to state court, asserting that there is no basis for federal court jurisdiction and the case should be remanded to state court for resolution. The Thomas Parties have objected to the motion to remand. That motion is pending before this Court. See, Docket No. 16.

## PENDING MOTIONS

2.   Presently, there are at least six (6) motions, besides the remand motion, pending before this Court. The Docket Numbers, along with the Docket Numbers reflecting responses and/or replies related to the pending motions are as follows:

| **Docket No.** | **Title of Motion** | **Response & Replies** |
| --- | --- | --- |
| Doc. 16 | Joint Second Motion to Remand | Doc. 17, 18, 19, 22, 27, 28, 29, 34 |
| Doc. 30 | Opposed Motions for Sanctions | Doc. 31, 35, 36, 39 |
| Doc. 36 | Motion for Oral Argument | |
| Doc. 37 | Opposed Motion to Abate | Doc. 40, 41 |
| Doc. 42 | Joint Motion for Summary Judgment | Doc. 43, 44, 45, 346, 48 |
| Doc. 50 | Amended Motion for Summary Judgment | Doc. 51, 52, 60, 61, 62 |
| Doc. 54 | Motion to Show Authority | Doc. 55, 56, 57, 58, 59 |

Some of these motions and/or responses include requests for sanctions against PCF and/or its counsel asserting, among other things, that either PCF or its counsel of record misrepresented and/or misinterpreted the nature and effect of an order issued by the United States Bankruptcy

Court for the Southern District of New York, aside from the independent motions for sanctions reflected in Doc. No. 30.

3. In this Court, all motions are ruled on by submission. See, Judge Alfred H. Bennett, Court Procedures and Practices, Part B, Section 5, revised February 1, 2023. The Court also advises that if "parties wish to have argument, a motion for hearing must be filed separately on the docket.". *Id*. The Local Rules of the United States District Court for the District of Texas provide allow for oral argument if "a party view oral argument as helpful to the Court." See, LR 7.5.A.

## RELIEF REQUESTED

4. PCF believes an oral hearing would be helpful to assist the Court in disposing of the pending motions. Principally, PCF believes this case is governed solely by state law and, as a result, the case should be remanded to state court as outlined in the Second Joint Motion to Remand. See, Doc. 16. PCF purchased the Property that is the subject of this lawsuit in March 2020, and it has been prevented from taking possession of its property for almost three years when there is no legitimate basis to do so. PCF has sustained losses associated with the funds used to purchase the Property, delays in taking possession of Property it lawfully owns, as well as having incurred tremendous legal fees and costs associated with this protracted litigation.

5. If, however, the Court determines this Court does have jurisdiction over the merits of this dispute, an oral hearing would assist the Court in establishing what issues, if any, the Court would be required to resolve for trial.

WHEREFORE, premises considered, P.C.F. Properties in TX, LLC., prays that, after notice and a hearing, this Court grant the Motion to Set Pending Matters for Oral Hearing, and

grant P.C.F. Properties in TX, LLC such other relief, both in law and equity, to which it may show itself justly entitled.

        Respectfully submitted,

        **BARRY & SEWART, PLLC**

        *By: /s/ John V. Burger*
        Anna C. Sewart, SBN: 24029832
        David W. Barry, SBN: 01835200
        Austin R. DuBois, SBN: 24065170
        John V. Burger, SBN: 03378650
        4151 Southwest Freeway, Suite 680
        Houston, Texas 77027
        Tele: (713) 722-0281
        Fax: (713) 722-9786
        Email: evictions@barryandsewart.com and
        john@barryandsewart.com
        *Attorneys for PCF Properties in TX, LLC*

## Certificate of Conference

    I hereby certify that on February 1, 2023, I circulated an email to all counsel and parties in this case in an attempt to confer. Movant has, therefore, conferred with all parties or their counsel in a good faith attempt to obtain an agreement. Counsel for JPMorgan Chase Bank, N.A. is not opposed to the relief requested.

    Counsel for James Allen, Allan Haye, Robert Thomas, and/or James Andersen stated they were opposed to the relief requested. Elizabeth Thomas, pro se, also stated she was opposed to the relief requested. The Thomas Parties contend PCF Properties in TX, LLC does not have authority to file this motion because it has not provided corporate resolutions from Flagstone Lending Group or other documentation authorizing retention of counsel to act represent its interests in this case. PCF Properties in TX, LLC, clearly disagrees with that position. Attached are the email responses from Mr. Andersen, Ms. McClure, and Ms. Thomas reflecting their opposition.

        */s/John V. Burger*
            John V. Burger

**CERTIFICATE OF SERVICE**

      This is to certify that on February 2, 2023, a true and correct copy of the foregoing pleading has been served on all parties as follows:

RACHEL HYTKEN
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

    Email:    llewis@qslwm.com
    Email:    rhytken@qslwm.com

Colleen McClure
18482 Kuykendahl Road, Box 106
Spring, TX 77379

    Email: colleen.mcclure@att.net

Colleen McClure
6046 FM 2920, Suite 425
Spring, TX 77379

    Email: colleen.mcclure@att.net

Keith Robinson Nguyen
PO Box 1787
Alief, TX 77411

    Email: krnlawfirm@gmail.com

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002

    Email: elizthomas234@gmail.com and tethomas3@aol.com

                             */s/ John V. Burger*
                                John V. Burger