## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF
## TEXAS HOUSTON DIVISION

| | |
|---|---|
| In Re:<br><br>**ELIZABETH THOMAS**<br><br>*Debtor* | Adversary Case No. **22-cv-00705** |
| **JAMES ALLEN, ROBERT L. THOMAS ALLAN HAYE**<br><br>*Plaintiffs/Counter-Defendants*<br><br>**vs.**<br><br>**PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION**<br><br>*Defendants/Counter- Plaintiffs*<br><br>**PCF PROPERTIES OF TEXAS LLC**,<br><br>*Third Party Plaintiff*<br><br>vs.<br><br>**JP MORGAN CHASE BANK N.A ELIZABETH THOMAS AND JAMES M. ANDERSEN**<br><br>*Third Party Defendants* | |

**JOINT REPLY TO THIRD PARTY PLAINTIFFS PCF PROPERTIES OF TEXAS LLC, SUCESSOR TO FLAGSTONE LENDING GROUP A FOREIGN NON EXISTENT UTAH CORPORATIONAND THIRD PARTY DEFENDANT J.P. MORGAN CHASE BANK N.A, RESPONSE IN OPPOSITION TO THE AMENDED MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE ALFRED H. BENNETT U.S.D.J.**

Attorney John Burger and the Law Firm Barry & Sewart, PLLC has refused to Show Authority, to prosecute this case and continues to act without authority and Objection to Third Party Defendant J.P. Morgan Chase Bank N.A. was expunged from Debtor Elizabeth Thomas and Allan Haye bankruptcy after a finding of non-creditor status as such lacks standing before this Court. Third Party Defendants James M .Andersen Elizabeth

Thomas and Plaintiffs Robert L. Thomas, James Allen and Allan Haye (the "Movants") files this reply and Statement of Material Facts to Third Party Plaintiff PCF Properties of Texas LLC., as Successor to Flagstone Lending Group a Foreign Non-Existent Utah Corporation and Third Party JP Morgan Chase Bank N.A. (the "Opposing Third Parties") response in opposition the Amended Motion for Summary Judgment (the "Motion") based on nothing more than a series of arguments that are not supported by any evidence, are irrelevant, and/or include misstatements or omissions of facts and presented no evidence to establish a genuine issue of material fact. Therefore, summary judgment should be granted on grounds of illegality, lack of legal existence and capacity to sue and res judicata.

## I. UNDISPUTED FACTS

Opposing Third Parties did not negated the material facts in Movants SMF, at 28, 29 or controverted the evidence in support thereof that on October 19, 2007, Debtor Elizabeth Thomas attended a closing at f/k/a MTH Title Company LC., with her lender MTH Lending Group L.P., and closed on Texas Home Equity Loan in the amount of $ $235, 262., bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx.77375 Opposing Third Parties did not negated the material fact that they were not present at f/k/a MTH Title Company LC., on October 19, 2007, and as such have absolutely no personal knowledge as what actually transpired. Opposing Third Parties did not negated the material fact that debtor Elizabeth Thomas has repaid in full the funds advance to her on October 19, 2007. *See:* Supplemental Declaration of Elizabeth Thomas, and **Exhibit** 11 (c) SMF, at 29.

POINTS AND AUTHORITIES IN REPLY

## II.  OPPOSING PARTIES FAILED TO MEET THEIR BURDEN FOR SURVIVING SUMMARY JUDGMENT

### A. Opposing Third Parties Burden in Responding to Summary Judgment

Opposing Third Parties fail to properly respond to the Movant's Motion. Under Fed. R. Civ. P. 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

The Supreme Court has held that "[t]he mere existence of a scintilla of evidence. . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202, 214. Moreover, the evidence the nonmovant does provide must raise more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the nonmovant is unable to make such a showing, the court must grant summary judgment. Little, 37 F.3d at 1075. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," _Brown v. City of Houston_, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, Little, 37 F.3d at 1075; accord Pioneer Expl., 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for

specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). There must be specific, admissible evidence identifying the basis for the dispute genuine'. *See*: <u>*Morris v. Covan World Wide Moving, Inc*</u>., 144 F.3d 377, 380 (5th Cir. 1998).  Opposing Third Parties quibbles and mere arguments fail to create any genuine material factual disputes and fail to identify the "facts" that are "material" to amended motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)

1.  **Opposing Third Parties failed to raise a genuine dispute of material fact as to whether Flagstone Lending Group a "Foreign Utah Corporation" Organized or Existing under the laws of the State of Utah has a legal existence.**

Opposing Third Parties have failed to put forth any specific, admissible, and significantly probative evidence that disputes the Movants Statement of Material Facts ("SMF"), or evidence in support of their affirmative defense of lack of legal existence of Flagstone Lending Group is a Corporation organized and existing under the law of the State of Utah.   Recited within the Deed Trust (the "Contract"), formerly recorded in the Harris County Real Property under Instrument 2007-0643668 recites that  the lender name is Flagstone Lending Group lender is a "Utah Corporation" organized and existing under the law of **the State of Utah** lenders address is 4750 West Wiley Post Way, suite 200, Salt Lake City Utah **.** *See*: James Andersen Supplement Affidavit pgs 2, 4  **Exhibit** 3, and SMF, at 4, 5, 6, 9 and 10.

Opposing Third Parties did not dispute and there is no genuine issue of any material fact that no other Lender is named as the lender in the deed of trust recorded under Instrument 20070643668 in the Harris County Real Property Records other than

Flagstone Lending Group a Utah Corporation organized and existing under the laws of the State of Utah lenders address is 4750 West Wiley Post Way, suite 200, Salt Lake City Utah. *See*: James Andersen Supplement Affidavit **Exhibit** 3,  and SMF, at 10.

The Opposing Third Parties do not dispute or create any genuine dispute as to any material fact that on November 16, 2016Utah Department of Commerce Division of Corporations & Commerce Code issued a letter that "the department cannot certify the existence of "<u>FLAGSTONE LENDING GROUP</u>." Elizabeth Thomas Supplement Declaration t **Exhibit** 3,  and SMF, at 11-D

The Opposing Third Parties do not dispute or create any genuine dispute as to any material fact that on January 25, 2017, the Texas Secretary of State hereby issued a "certificate of fact" certifying under its oath of office that after a diligent search on the name of Flagstone Lending Group and in pertinent part states that there is "***no record"*** of a foreign corporation, professional corporation, or other foreign filing entity with a registration to transact business by the name search. *See:* James Andersen Supplement Affidavit **Exhibit** 7  and , SMF, at  12.

Unable to produce any admissible evidence to create genuine issue of material fact that written contract recites that the lender is Flagstone Lending Group a "Utah Corporation" organized and existing under the law of the State of Utah.  Opposing Third Parties instead seeks this Court to alter, change or modify the written language in the contract to reflect that Flagstone Lending Group is a local Assume name a d/b/a organized under the laws of  Texas  instead of a Utah Corporation organized and existing under the law of the State of Utah because on file with the Texas Secretary of State is a assume

certificate for  Flagstone Lending Group filed by Primary Residential Mortgage Inc. *See:* James Andersen Supplement Affidavit **Exhibi**t 4 and , SMF at 7.

Even if court believes that contracts recites Flagstone Lending Group is a d/b/a [which is does not] an assumed name is merely a trade name that has no legal existence of its own. See <u>Steer Wealth Mgmt., LLC v. Denson</u>, 537 S.W.3d 558 (Tex. App.—Houston [1st Dist.] 2017, no pet. h.). *D/b/A* Flagstone Lending Group is a "***trade name***" and it's well-settled law that a" trade name has no legal existence."  See: <u>Kahn v. Imperial Airport, L.P.</u>, 308 S.W.3d 432,  438 (Tex. App.—Dallas 2010, no pet.).  Because Flagstone Lending Group is a "***trade name***" several other lenders such as AmericanHomekey, Weststar Mortgage also during the same time period used d/b/a Flagstone Lending Group from the same said addresses. *See:* James Andersen Supplement Affidavit **Exhibit** 5 and SMF at 8.

Opposing Third Parties conclusional allegation, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for evidence and their arguments and evidence in support thereof violate the parol evidence rule and the contract at issue speaks for itself.  Under Texas Law parol evidence rule precludes consideration of extrinsic evidence to contradict, vary or add to an unambiguous written agreement for the purpose of creating an ambiguity to give the contract recitals a meaning different from that which its language imports. *See*: <u>Wright v. Nationwide Mut. Ins. Co.</u>, No. 6:09–CV–183, 2010 WL 278482, at *4 (E.D.Tex. Jan. 19, 2010) (Davis, J.) <u>In re H.E. Butt Grocery Co</u>., 17 S.W.3d 360, 369 (Tex. App.—Houston [14th Dist.] 2000), *See*: Sacks v. Haden,  266 S.W.3d 447, 450 (Tex. 2008) (per curiam).    A written contract cannot be added to, varied, or contradicted by parol evidence. *See*; <u>Edascio</u>, 264

S.W. 3d at 796; _ISG State Operations_, 234 S.W.3d at 719. Evidence that violates the rule is **_incompetent_** and is **_without probative force_**, and cannot properly be given **_any legal effect_**. _See_: _Garner v. Fidelity Bank, N.A._, 244 S.W.3d 855, 859 (Tex. App.-Dallas 2008, no pet.). It's a fundamental rule of law that "Courts may neither rewrite the parties' contract nor add to its language." See _Am. Mfrs. Mut. Ins. Co. v. Schaefer_, 124 S.W.3d 154, 162 (Tex. 2003); _see also_ _Dahlberg v. Holden,_ 238 S.W.2d 699, 701  (Tex. 1951) (quoting 13 C.J. _Contracts_ § 496 (1917)). Flagstone Lending Group is a fictitious Non-Existent "Utah Corporation and under Texas law, without a **valid** certificate of authority a non-existent foreign entity cannot sue, may not maintain or defend an action or obtaining any affirmative relief on any matter in "**_any of our Texas courts_**". See: Tex. Bus. Org. Code. 9.051 Texas courts have long held that a nonexistent corporation can hav**e no** successor or agent. Se_e Cator v. Commonwealth Bonding Cas. Ins. Co_., 216 S.W. 140, 142 (Tex .Com. App. 1919, judgm't adopted)_; Weatherford, M.W. N.W. Ry. Co. v. Granger_, 86 Tex. 350, 353, 24 S.W. 795, 796 (1894)_; Cavaness v. General Corp._, 272 S.W.2d 595, 598 (Tex. Civ. App. — Dallas, 1954), aff'd, 155 Tex. 69, 283 S.W.2d 33 (1955).

## 2.   Opposing Third Parties failed to raise a genuine dispute of material fact as to whether Flagstone Lending Group a Non-Existent "Foreign Utah Corporation" held a "Texas Regulated Lender License" as Statutorily Required.

 Opposing Third Parties have failed to put forth any specific, admissible, or significantly probative evidence to create any genuine material factual disputes as to the material facts in the Movants Statement of Material Facts ("SMF"), and evidence that Flagstone Lending Group is a Non-Existent "Foreign Utah Corporation" that never procured a "Regulated Loan License" to legally engage in the business of making,

transacting, or negotiating loans in the State of Texas as statutorily required pursuant to Texas Finance Code § 342.051 in the State of Texas.  *See:* James Andersen Supplement Affidavit **Exhibit** 8 and , SMF, 14, 15. And 16.

There is no genuine dispute as to any material fact that Flagstone Lending Group a Non-Existent "Foreign Utah Corporation" criminally and illegally engaged in the business of making, transacting, or negotiating loans without having procured a license pursuant to Texas Finance Code § 342.051 in the State of Texas and operating without a license is a "***criminal offense*" a "*felony of the third degree.*" pursuant to Texas Finance Code 151.708(2). Rendering any transaction or contract illegal, agreements or transactions ***may not*** be satisfied by the courts. *Smith v. Gladney*, 128 Tex. 354, 98 S.W.2d 351, 352 (1936).

**3.  Claims arising from illegal agreements or contracts are unenforceable as a matter of law.**

Claims arising from illegal agreements or transactions may also not be satisfied by the courts. See: *Smith v. Gladney*, 128 Tex. 354, 98 S.W.2d 351, 352 (1936). Courts will not enforce an illegal contract. See *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991); *Texaco v. Pennzoil Co.*, 729 S.W.2d 768, 806 (Tex. App—Houston [1st Dist.] 1987). The rule that illegal contracts may not be enforced because doing so would be contrary to Texas public policy. Texas holds that a illegal contract is void. *See*: *McCreary v. Bay Area Bank & Trust*, 68 S.W.3d 727, 733 (Tex. App. 2001)(a contract made in violation of a statute is illegal and void). Where contract is void, it has no legal existence. Hence there is nothing to enforce.

PCF does not dispute the Movants material fact that all of its claim arises out of the criminal and illegal activities of Flagstone Lending Group is a fictitious Non-Existent "Utah Corporation: violation  the statute of Texas Finance Code § 342.051. *See:* James

Andersen Supplement Affidavit **Exhibi**ts 1 and 2 and , SMF, 1,2, 3 and 4.

Courts will not enforce an illegal contract. _Phillips v. Phillips_, 820 S.W.2d 785, 789 (Tex. 1991); _Texaco v. Pennzoil Co._, 729 S.W.2d 768, 806 (Tex. App—Houston [1st Dist.] 1987). The rationale behind refusing to legitimize illegal contracts through the courts arises from long standing Texas law holding that a contract to do a thing that cannot be performed without a violation of the law is void. _Lewis v. Davis_, 199 S.W.2d 146 (Tex. 1947).. Accordingly, the courts will generally leave the parties as they found them. _Plumlee v. Paddock_, 832 S.W.2d 757, 759 (Tex. App.—Forth Worth 1992, writ denied)(court refused to enforce contract for illegal practice of law); _Peniche v. Aeromexico_, 580 S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.] 1979, no writ)(" Texas courts will not enforce an illegal contract, particularly where the contract involves the doing of an act prohibited by statutes for the protection of the public health and welfare, and it is the duty of the courts to at once decline to give it any validity."); _Rogers v. Traders & General Ins. Co._, 135 Tex. 149, 155 (Tex. 1940)("The general rule is well settled that, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all _contracts in violation thereof are void_.").

4.   **Opposing Third Parties Affirmative Defense of Res Judicata Fails as a Matter of Law.**

Opposing Third Parties in support of their affirmative defense of re judicata has placed into evidence pleadings from a Case No. 4:13-cv-01022 styled _Elizabeth Thomas and Abdelhalim H. Mohd v. J.P. Morgan Chase, N.A. F/K/A Chase Home Finance, LLC, its Successors and Assigns DOES 1-50_, in the United States District Court for the Southern

District of Texas, Houston Division, (the 2013 Lawsuit), removed from the 269th Judicial District Court, Harris County Texas that was filed on March 22, 2013. *See* Opposing Third Parties Exhibits G-1, -G2 and G-3.

However in order to prevail on their claim for res judciata claims requires the court to change the claims in the pleadings from what's pleaded. Even with a cursory review of claims pleading in Exhibit Exhibits G-1, pgs. 6-9 clearly show that  on March 22, 2013, Debtor Elizabeth Thomas, filed a petition seeking a declaratory judgment that (i) the promissory note has not complied with Section 50(a)(6) Article XVI, of the Texas Constitution; and (2) that neither the promissory note or deed of trust an promissory note for the deed of trust constitute a valid and existing lien.

Specifically, Debtor Elizabeth Thomas sought a declaratory judgment that her lender MTH Lending Group L.P., violated on October 19, 2007, violated Article XVI, Section 50(a)(6)(Q)(vii) of the Texas Constitution, due to the failure to obtain her then spouse *Abdelhalim H. Mohd* signature on the Texas Home  Equity Deed of Trust an listed three (3) grounds a, b, c and under Texas Constitution that were allegedly violated. J.P Morgan Chase was designated as the servicer of Ms. Thomas Texas Home  Equity Deed of Trust which supported by the uncontroverted evidence of emails and letters Ms. Thomas received directly from J.P Morgan Chase in regard to the servicing  of  said Texas Home  Equity Deed of Trust. See Elizabeth Thomas Supplement Declaration **Exhibi**ts 11-H.   Opposing Third Parties is falsely alleging that with respect to the third element, the 2013 Suit and this action involve the "same claims" within the meaning of the transaction test because the claims in this suit could have been raised in the prior action. *See*

*Amstadt*, 919 S.W.2d at 653, when in fact there are no claims pending [second suit] before this Court in regard to  Mx. Thomas "Texas Home  Equity Deed of Trust" which is the only  "transaction for mortgage loan" that transpired on October 19, 2007.

5. **Opposing Third Parties do not dispute that a "Bankruptcy Disallowance Order"**  *furnishes a basis for a plea of res judicata."*

The Opposing Third Parties do not dispute or create any genuine dispute as to any material fact that **a "bankruptcy disallowance order"**  *furnishes a basis for a plea of res judicata."* The Opposing Third Parties do not dispute or create any genuine dispute as to any material fact that on **February 5, 2020**, JP Morgan Chase litigate the same claims that are presently before this court in that (i) the bankruptcy court granted Chase in rem relief (ii) Flagstone Deed of trust supports Chase  secured creditor status (iii) Debtor Thomas is  participating in a scheme to hinder, delay, or defraud Chase (iv) a fraudulently recorded release of lien was recorded by Andersen and; iv) the deeds transferring the interest in the property are fraudulent. *See* Elizabeth Thomas Supplement Declaration **Exhibi**ts 13, 14 and 15 and , SMF, 26, 27, 28, 29 and 30.

A bankruptcy order disallowing a proof of claim pursuant to 11 U.S.C. § 502(b)(1) is a final judgment on the merits by a court of competent jurisdiction, and is a predicate for **res judicata**. See: EDP Med. Computer Sys. v. United States, 480 F.3d 621, 625 (2nd Cir. 2007); In re Residential Capital, LLC, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015); Moore v. Wiz, 2008 WL 2357406, *1 (E.D.N.Y. Jun. 4, 2008). As explained in Warner v. CMG Mortg. Inc., 2015 WL 7454151, *4-5 (N.D. Cal. Nov. 24, 2015) (footnotes and internal citations omitted) (dismissing a plaintiff's case with prejudice following the disallowance of her claim in bankruptcy): A final judgment on the merits of an action precludes the

parties or their privities from relitigating the same issues or claims that were or could have been raised in that action." EDP Med. Computer Sys. Inc., v. U.S, 480 F.3d 621, 624 (2d Cir. 2007)(quoting St. Pierre v. Dyer 208 F.3d394, 399 (2d Cir 2000)*).*

1. **Opposing Third Parties Opposing Third Parties do not dispute that 133rd Harris State Court Judgment** *furnishes a basis for a plea of res judicata."*

The Opposing Third Parties do not dispute or create any genuine dispute as to any material fact that the February 14, 2019, "Take Nothing Judgment Order" in the case in the case styled as *Robert L. Thomas and James Allen v. McCarthy Holthus LLP, on behalf of Flagstone Lending Group a Non-Existent Utah Corp. and successor/assignee J.P. Morgan Chase Bank, NA.; and Elizabeth Thomas,* Cause No. 2018-14171 filed in the 133rd District Court of Harris County, Texas (the "2018 Suit"), is a final judgment on the merits and ***furnishes a basis for a plea of res judicata.*** *See* Elizabeth Thomas Supplement Declaration **Exhibits** 9, 10, 11, C, D,  H, J, K, L, and , SMF 18, 19, 20,and  21.

The Opposing Third Parties do not dispute or create any genuine dispute as to any material fact that on January 26, 2017, J.P. Morgan Chase Bank N.A., appointed the  law firm of McCarthy & Holthus LLP., as its "substitute trustee." *See* Elizabeth Thomas Supplement Declaration **Exhibi**ts 12 and , SMF 22.   After J.P. Morgan Chase Bank N.A., hired the law firm of McCarthy & Holthus LLP., to represent Chase in the foreclosure of the property at issue. See Affidavit of Thuy Frazier.  Nor did J.P. Morgan Chase Bank N.A., dispute the fact that on July 8, 2019, stated in writing that Chase is named as a party to the state court action. *See* Elizabeth Thomas Supplement Declaration **Exhibi**ts 12-1- and , SMF, 24.

The February 19, 2019, take nothing judgment demonstrates that the trial court issued a final judgment even though only the individual defendant Ms. Thomas was the movant. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (describing judgments that purport to be final judgments but do not actually dispose of all claims as "erroneous, but final" judgments and stating that such judgments are appealable). The aspect of the trial court's February 14, 2019, order states it's a "take *nothing judgment*" as such is a "dismissal of all of plaintiffs claims with *prejudice* on the merits." *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (stating that take-nothing judgment is dismissal with prejudice functions as a *final determination on the merits*). see also *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208-10 (Tex. 1999) (res judicata bars assertion of claims that were compulsory counterclaims in an earlier suit). See also *Zurita v. Lombana*, 322 S.W.3d 463 (Tex. App. 2010).

6. **Opposing Third Parties statute of limitations bars challenges to the validity of Deed of Trust fails as a matter of law.**

During the two (2) course of litigation between Ms. Thomas and Chase in the bankruptcy court never addressed J.P. Morgan Chase Bank N.A., lien because it simply does not exist. ." *See* Elizabeth Thomas Supplement Declaration **Exhibit**s 11-H and , SMF, 21.    Contrary to the Opposing Third Parties false statements James Allen does not have any claim pending as he no longer has title or possession to the property has been sold sever time. There are no pleadings before the court challenging the validity of the Deed of Trust for which a statute of limitation would apply as that issue has already been litigated (the validity of a lien on real property is a question of law. *Florey v. Estate of McConnell*, 212 S.W.3d 439 (Tex. App.-Austin 2006, pet. denied) in the case styled as *Robert L.*

*Thomas and James Allen v. McCarthy Holthus LLP, on behalf of Flagstone Lending Group a Non-Existent Utah Corp. and successor/assignee J.P. Morgan Chase Bank, NA.; and Elizabeth Thomas*, Cause No. 2018-14171 filed in the 133rd District Court of Harris County, Texas (the "2018 Suit"), and dismissed with prejudice. *See* Elizabeth Thomas Supplemental Declaration **Exhibit**s 9  and , SMF 18.

Federal District Court lacks subject matter jurisdiction under the Rooker-Feldman abstention doctrine to review the vadility of state court order as the Opposing Third Parties see. .  *See* <u>Rooker v. Fidelity Trust Co</u>., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," See <u>Gentner v. Shulman</u>, 55 F.3d 87, 89 (2d Cir.1995), and "federal review, if any, can occur only by way of a certiorari petition to the [United States] Supreme Court," <u>Moccio v. New York State Office of Court Admin.,</u> 95 F.3d195, 197 (2d Cir.1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." <u>Hachamovitch v. DeBuono</u>, 159 F.3d 687, 693 (2dCir.1998).  Federal Civil Rule 56(e) allows the Court to "permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. James Andersen and Elizabeth Thomas have filed supplemental affidavits which includes a affidavit of Thuy Frazier.

Therefore, the Movants are entitled to summary judgment as a matter of law on all counts of its Complaint, and it is entitled to monetary relief.

Respectfully submitted,

By/s/Elizabeth Thomas
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington DC 20002
elizthomas234@gmail.com
832-813-9231

By:/s/James M. Andersen
  James M. Andersen
  Texas State Bar No. 01165850
  P. O. Box 58554
  Webster, Texas 77598-8554
  Tel. (281)488-2800
  Fax. (281)480-4851
  E-Mail:jandersen.law@gmail.com

By:/s/Keith Robinson Nguyen
 Keith Robinson Nguyen
 Texas State Bar No. 24062919
 PO BOX 1787
 Alief, TX 7741
 Tel. 832-869-3419
 Fax. 281-271-8077
 krnlawfirm@gmail.com

By/s/Colleen M. McClure
  COLLEEN M. MCCLURE
  ATTORNEY AT LAW
  Texas Bar No. 24012121
  18482 Kuykendahl Rd. Box 106
  Spring, Texas 77379
  Tel. (281) 440-1625
  Fax. (281) 946-5627
  colleen.mcclure@att.net

ATTORNEY FOR ALLAN HAYE

ATTORNEY FOR JAMES ALLEN AND
ROBERT L. THOMAS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen
  James M. Andersen

4. **Opposing Third Parties Affirmative Defense of Res Judicata Fails as a Matter of Law.**

Here Defendants PCF/Successor Flagstone Lending Group,

alleges that the underlying claims have been litigated and resolved in Case No. 4:13-cv-01022, and styled *Elizabeth Thomas and Abdelhalim H. Mohd v. J.P. Morgan Chase, N.A. F/K/A Chase Home Finance, LLC, its Successors and Assigns DOES 1-50*, in the United States District Court for the Southern District of Texas, Houston Division, (the 2013 Lawsuit).

Opposing Third Partiesquibbles and mere arguments fail to create any genuine ma terial factual disputes and fail to identify the "facts" that are "material" to its motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that a fact is "material" only if it "might affect the outcome of the suit under the governing law").

Rather than providing only material facts, Plaintiffs offer, instead, <mark>no factual assertions, including general background information</mark>

<mark>and matters otherwise immaterial to this case</mark> Plaintiffs' failure even to identify a specific paragraph, much less any evidence, concedes the facts <mark>Plaintiffs a</mark>void their obligation of responding to the *specific* undisputed facts.

Despite their best efforts, PCF Properties of Texas LLC., Successor to Flagstone Lending Group a

Fictitious Non-Existent Utah Corporation and  J.P. Morgan Chase Bank N.A.,

PCF

 cannot hide from the undisputed facts that form the basis of Movants Amended Motion for

Summary Judgment by relying generally upon sophistic wordplay and misplaced editorializing

about other related facts.

   Plaintiffs'

 Factual controversies regarding the existence of a genuine issue for trial must be resolved

in favor of the nonmovant. Id. Nevertheless, a nonmovant may not simply rely on the

Court to sift through the record to find a fact issue, but must instead point to specific

evidence in the record and articulate precisely how that evidence supports the challenged

claim. Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). And "[o]nly

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." Pioneer Expl., 767 F.3d at 511 (internal quotation marks and footnote omitted)

The Court will not assume "in the absence of any proof … that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted)

Cory moves for summary judgment on the ground that Plaintiffs' securities-fraud claim is barred by the statute's two-year limitations period. Doc. 144, Cory's Br. Summ. J., 42–43. Cory argues this is the case because there is evidence that shows Plaintiffs were aware or should have been aware that Farb was no longer the CFO of Atherio in 2013— more than two years before they filed suit in 2016. Id. at 43. In response, Plaintiffs point to conflicting evidence that seems to indicate that they did not learn that Farb had resigned until a separate proceeding was initiated in January 2015, which would be within the two-year limitations period. Doc. 156, Pls.' Resp., 47

**Cory points to portions of Plaintiffs' depositions as evidence that Plaintiffs were aware, or should have been aware with reasonable diligence, of the facts constituting the violation. First, Cory cites Stewart's deposition as evidence Stewart knew Farb had resigned shortly after the close in July 2013. Doc. 144, Cory's Br. Summ. J., 51. When asked when he learned that Farb was no longer CFO of Atherio, Stewart stated: "Probably July [2013] when they couldn't pay our bills. We knew that we didn't have anyone running the financial back office of Atherio. . . . [A]nd they told us he had left and they were looking for a controller." Doc. 145-13, Cory's App'x, 280–81 (Stewart's Depo.). And when asked "so almost immediately after the close, you learned that Farb was no longer CFO," Stewart responded: "I was told Farb wasn't there, that he had resigned and he was gone. And they**

**Undisputed**, but immaterial not named as party to this litigation and does not raise a genuine dispute of material fact,.

**The Property encumbered by Chase's lien was not part of Thomas's 2018 Bankruptcy Estate, and the bankruptcy court clarified its orders did not impair Chase's lien**

Undisputed. The response asserts an immaterial fact, but it raises no dispute of the proposed fact

and must be excluded pursuant to Fed. R. Evid. 401

despite a response of "disputed," the non-moving party has, you should succinctly state why.Disputed

**Undisputed:**  PCF  admitted to SMF ¶ 28  that the

Elizabeth Thomas Affidavit, Jan. 6, 2007, p.1, ¶ 3,  And Exhibits C, G and H
raised a genuine dispute of material fact,

he law is clear: except for admissions of a party opponent, no hearsay is admissible without

some proof sufficient to show by a preponderance that the original declarant had personal

knowledge. Gainer v. Wal-Mart Stores East, L.P., 933 F. Supp. 2d 920, 928-929 ( E.D. Mich.

2013)(collecting cases); In re Estate of Maggio, 2012 VT 99, P26, 193 Vt. 1, 12, 71 A.3d 1130,

1137-1138, 2012 Vt. LEXIS 96, *16-18, 2012 WL 5992162 (Vt. 2012)(" the personal

knowledge foundation requirement of Rule 602 should apply to hearsay statements

admissible as exceptions under Rules 803 and 804 but not to admissions..."). hearsay and

incompetent summary judgment evidence"); *Ham v. Lopez,* No. 5:01–ca–936–NN,

2002 WL 31396066, at *5 (W.D.Tex. Sept. 26, 2002)

   a statement that [ ] ... the declarant does not make while testifying at the current

trial or hearing; and ...

 a party offers in evidence to prove the truth of the matter asserted in the

statement." [Fed.R.Evid. 801(c)](#).

irrelevant to Plaintiff's claims and must be excluded pursuant to Fed. R. Evid. 401

indicate that he would have had the opportunity to observe any type of review of the form..."

the Court concluded that "therefore the statement is not within his personal knowledge."

Ripple v. Marble Falls Indep. Sch. Dist., 2015 U.S. Dist. LEXIS 39078, *21 (W.D. Tex. Mar.

27, 2015)

hat averments as to debt made by deponents other than those involved in the original loan transaction

(in this case a debt servicing agent) will be inadmissible as hearsay if it cannot be demonstrated that

the deponent had access to the historical records of the debt, and there is insufficient evidence of a

true ongoing course of dealing between the parties.

A court can award summary judgment only when there is no genuine dispute of material fact. It

cannot rely on irrelevant facts, and thus relevance objections are redundant. Instead of objecting,

parties are better advised to argue that certain facts are not material. Similarly, statements based

on speculation, improper legal conclusions, or argumentative statements, are not facts and can

only be considered as arguments, not as facts, on a motion for summary judgment. Objections on

any of these grounds are superfluous. Instead of challenging the admissibility of this evidence,

lawyers should challenge its sufficiency

As previously stated herein, a non-moving party must not only present material facts in opposition to its opponent's motion for summary judgment, but the material facts must be genuine. A factual dispute is "genuine" and summary judgment would be precluded if the evidence presented in support of and in opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986). Because the grand jury transcript of Ana Alliegro's testimony is unadulterated hearsay and not admissible at trial, such a document should not be considered by the Court as containing "genuine material facts". In attempting to raise a genuine material issue of fact in its response to the defendant's motion for summary judgment, plaintiff has the burden of establishing that it has the ability to present such evidence in an admissible form at trial. See Federal Rule of Civil Procedure 56(c)(2). Unless the plaintiff can establish in good faith that Ms. Alliegro is available to testify to the facts contained in the grand jury testimony, the transcript should not be considered by the Court's as containing genuine material facts in opposition to defendant's motion for summary judgment

Throughout its memorandum in opposition to defendant's motion for summary judgment and in its opposing statement of material facts, the FEC sets forth conclusions and arguments without the required genuine material facts to support it. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, an unsubstantiated assertion that a fact issue exists will not suffice. Morris v. Covan Worldwide Moving Inc., 144 F.3d 377, 380 (5th Cir. 1998). "[T]he non-moving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case" Id. The district court must, in considering a defendant's motion for summary judgement, view the evidence "through the prism of the substantive evidentiary burden" Anderson v. Liberty Lobby Inc., 106 S.Ct. at 2513 (1986)

Nothing raised by Defendants shows that there is a genuine issue of material fact on the issues raised in Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion").

Therefore, summary judgment should be granted to Plaintiff in this case. Defendants' arguments for Defendant Blum break down in certain key areas: (1) misunderstanding the import of nonbinding and distinguishable case law, (2) mischaracterizing the facts of and over-relying on the discussion on July 9, 2015, and (3) failing to point to any facts that dispute that Plaintiff's pain was a serious medical need. Defendants' arguments for Correct Care Solutions ("Correct Care") also break down because they misinterpret case law and fail to appreciate the import of the relevant facts. Defendants have presented no evidence of a dispute of material facts in opposition to Plaintiff's Motion for Summary Judgment, so the court should grant summary judgment to

The defendant filed a motion for summary judgment, accompanied by a statement of material facts in compliance with Tennessee Rule of Civil Procedure 56.03. The plaintiff responded to the defendant's motion for summary judgment but failed to respond to the separate statement of material facts. As a

result of the plaintiff's failure to respond to the statement of material facts, the Trial Court
deemed those facts as stated by the defendant as admitted and granted summary judgment
in favor of the defendant upon its determination that the defendant had negated an essential
element of the plaintiff's claim. Discerning no error, we affirm.


The Court of Appeals ruled that this evidence negated an element of plaintiff's

claim (that the worker was an employee of Comcast), and that plaintiff failed to

offer any countervailing evidence. The Court reasoned that the "law is clear that in

order to hold a principal liable for the acts of another, a plaintiff must prove that

the person causing the injury was the principal's agent." (internal citation omitted).

Here, the affidavit and statement of facts filed by defendant established that the

worker was an independent contractor of CES. Defendant "negated the proposition

that the alleged tortfeasors were working on their behalf," and plaintiff "did not

marshal any evidence controverting the established fact that the individual

tortfeasors were working as independent contractors for CES at the time of the

events in question." Summary judgment was accordingly affirmed.

This case shows the importance of properly responding to a motion for summary

judgment. Plaintiff's failure to respond to defendant's statement of facts here was

deemed fatal to their case.