UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| In Re:<br>    **ELIZABETH THOMAS**<br>        *Debtor* | Adversary Case No. **22-cv-00705** |
| **JAMES ALLEN, ROBERT L. THOMAS ALLAN HAYE**<br>    *Plaintiffs/Counter-Defendants*<br>**vs.**<br><br>**PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION**<br>    *Defendants/Counter- Plaintiffs*<br><br>**PCF PROPERTIES OF TEXAS LLC**,<br>    *Third Party Plaintiff*<br>vs.<br><br>**JP MORGAN CHASE BANK N.A ELIZABETH THOMAS AND JAMES M. ANDERSEN**<br>    *Third Party Defendants* | |

**OBJECTIONS TO PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION AND JP MORGAN CHASE BANK N.A SUMMARY JUDGMENET EVIDENCE AND MOTION TO STRIKE**

**TO THE HONORABLE JUDGE ALFRED H. BENNETT U.S.D.J.**

NOW COMES Third Party Defendants James M. Andersen, and Elizabeth Thomas jointly with Plaintiffs James Allen, Robert L. Thomas and Allen Haye (the "Movant") and seeks the record to reflect that Attorney John Burger and the Law Firm Barry & Sewart, PLLC has refused to Show Authority, to prosecute this case and continues to act without

authority and Objection to Third Party Defendant J.P. Morgan Chase Bank N.A. was expunged from Debtor Elizabeth Thomas and Allan Haye bankruptcy after a finding of non-creditor status as such lacks standing before this Court and files this Objection Summary Judgment Evidence and Motion to Strike and respectfully shows the following:

### **OBJECTIONS TO EVIDENCE**

The Movants objects to and respectfully requests that this Court strike the following evidence found in Defendant PCF Properties of Texas LLC., Successor to Flagstone Lending Group a fictitious Non-Existent Utah Corporation and Third Party J.P. Morgan Chase Bank N.A., Exhibits in support of their to Amended Motion for Summary Judgment.

1) **Exhibit A:**

   a. Exhibit A is a copy of a Warranty Deed formerly recorded on October 25, 2007, in the Harris County Real Property Records under clerks file No. 20070643668, which has since been corrected and removed.

   b. This Exhibit is irrelevant under Fed. R. Evid. 401 must be excluded. The evidence is "irrelevant" because it does not establish a genuine dispute as to the pleaded material facts for the affirmative defenses of illegality, lack of existence and res judicata evidence is relevant only where it has any tendency in reason to prove or disprove a material fact.

2) **Exhibit- A-1**

   a. Exhibit A-1 is a copy of a Deed of Trust (the "Contract") formerly recorded on October 25, 2007, in the Harris County Real Property Records under Clerk File No. 20070643669.

   b. the contract recites that the lender name is Flagstone Lending Group lender is a corporation organized and existing under the State of Utah. Lender address being 4750 West Wiley Post Way Salt Lake City, Utah 84116.

   c. Exhibit A-1 is cited for the proposition that opposing parties who are not a party to said contract seeks to alter, add to, change the language in the contract to Flagstone Lending Group is a d/b/a, for Primary Residential Mortgage Inc.,

   d. Movants object to this Exhibit extent of opposing party seeks to alter, add to, change the language in the contract it is impermissible. A written contract cannot be added to, varied, or contradicted by parol evidence. *See*; <u>Edascio</u>, 264 S.W. 3d at 796; <u>ISG State Operations</u>, 234 S.W.3d at 719. Evidence that violates the rule is <u>**incompetent**</u> and is <u>**without probative force**</u>, and cannot properly be given **any legal effect**. *See*: <u>Garner v. Fidelity Bank, N.A</u>., 244 S.W.3d 855, 859 (Tex. App.-Dallas 2008, no pet.). It's a fundamental rule of law that "Courts may neither rewrite the parties' contract nor add to its language." See <u>Am. Mfrs. Mut. Ins. Co. v. Schaefer</u>, 124 S.W.3d 154, 162 (Tex. 2003); *see also* <u>Dahlberg v. Holden,</u> 238 S.W.2d 699, 701 (Tex. 1951) (quoting 13 C.J. *Contracts* § 496 (1917)). Since parol evidence is generally inadmissible in evidence to vary the terms of a written contract, parol evidence is not proper summary judgment evidence.

2) **Exhibit B:**

   a. Exhibit B is a document from the Texas Secretary of State which certifies the existence of Primary Residential Mortgage Inc., and also certifies an a Assume Name Certificate for Flagstone Lending Group used by Primary.

   b. Exhibit B is cited for the proposition that Deed of Trust (the Contract ) at issue

formerly recorded on October 25, 2007, in the Harris County Real Property Record under clerks file No. 20070643669, Exhibit A-1 which names the lender as Flagstone Lending Group a Corporation Organized and Existing under the Laws of the State of Utah, in is instead d/b/a Flagstone Lending Group of Primary Residential Mortgage Inc.

   c.   It is cited to support proposition that Flagstone Lending Group is not a Corporation Organized and Existing under the Laws of the State of Utah as recited in the Deed of Trust (the "Contract") but is instead a local Texas d/b/a.

   d.   This Exhibit is inadmissible parol evidence: only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation, and admit extraneous evidence to determine the true meaning of the instrument parol evidence rule precludes consideration of extrinsic evidence to contradict, vary or add to an unambiguous written agreement for the purpose of creating an ambiguity to give the contract recitals a meaning different from that which its language imports. *See*: <u>Wright v. Nationwide Mut. Ins. Co., No. 6:09–CV–183, 2010 WL 278482, at *4</u> (E.D.Tex. Jan. 19, 2010) (Davis, J.) <u>In re H.E. Butt Grocery Co</u>., 17 S.W.3d 360, 369 (Tex. App.—Houston [14th Dist.] 2000), *See:* <u>Sacks v. Haden, 266 S.W.3d 447, 450 (Tex. 2008</u>) (per curiam). A written contract cannot be added to, varied, or contradicted by parol evidence. *See*; <u>Edascio</u>, 264 S.W. 3d at 796; <u>ISG State Operations</u>, 234 S.W.3d at 719. Evidence that violates the rule is ***<u>incompetent</u>*** and is ***<u>without probative force</u>***, and cannot properly be given ***<u>any legal effect</u>***. *See*: <u>Garner v. Fidelity Bank, N.A</u>., 244 S.W.3d 855, 859 (Tex. App.-Dallas 2008, no pet.). It's a fundamental rule of law that "Courts may neither rewrite the parties' contract nor add to its language." See <u>Am. Mfrs. Mut. Ins. Co.</u>

*v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003); *see also* <u>Dahlberg v. Holden,</u> 238 S.W.2d 699, 701 (Tex. 1951) (quoting 13 C.J. *Contracts* § 496 (1917)). Since parol evidence is generally inadmissible in evidence to vary the terms of a written contract, parol evidence is not proper summary judgment evidence.

**Exhibit C**

a. Exhibit C is a document from the Texas Office of Consumer Credit which certifies that Primary Residential Mortgage Inc., d/b/a Flagstone Lending Group was licensed as a Regulated lender, only for 342-E loans on Non-Real Property Loans; 342-F loans for the max does not exceed $200.00; 342-G secondary mortgage loans; A6 Texas Home Equity Loans and 348- vehicle retail loans and not advance cash purchase money loans.

b. This Exhibit is irrelevant under Fed. R. Evid. 401 and 402 because Primary Residential Mortgage Inc., d/b/a Flagstone Lending Group is not named as lender in the Deed of Trust (the Contract ) at issue formerly recorded on October 25, 2007, in the Harris County Real Property Record under clerks file No. 20070643669 and must be excluded pursuant to Fed. R. Evid. 401.

**Exhibit D**

a. Exhibit D is an Assignment of Deed of Trust from Mortgage Electronic Registration System to Chase Home Finance LLC., on December 10, 2010.

b. This Exhibit is irrelevant under Fed. R. Evid. 401 must be excluded. The evidence is "irrelevant" because it does not establish a genuine dispute as to the pleaded material facts for the affirmative defenses of illegality, lack of existence and res judicata evidence

is relevant only where it has any tendency in reason to prove or disprove a material fact.

**Exhibit E**

a. Exhibit E is a Substitute Trustee Deed of Trust for PCF Properties of Texas LLC recorded on March 13, 2020 in the Harris County Real Property Records under Clerk File No. RP 2020-116398.

b. This Exhibit is irrelevant under Fed. R. Evid. 401 must be excluded. The evidence is "irrelevant" because it does not establish a genuine dispute as to the pleaded material facts for the affirmative defenses of illegality, lack of existence and res judicata evidence is relevant only where it has any tendency in reason to prove or disprove a material fact.

**Exhibit F**

a. Exhibit E is a Substitute Trustee Deed of Trust recorded on March 3, 2020 in the Harris County Real Property Records under Clerk File No. RP 2020-97072.

b. This Exhibit is irrelevant under Fed. R. Evid. 401 must be excluded. The evidence is "irrelevant" because it does not establish a genuine dispute as to the pleaded material facts for the affirmative defenses of illegality, lack of existence and res judicata evidence is relevant only where it has any tendency in reason to prove or disprove a material fact.

**Exhibit H**

**a.** Exhibit H is an appeal decision rendered by the U.S. District Court Southern Texas: Houston Division in the case styled as Allan Armando Haye vs. J.P Morgan Chase Bank N.A., on April 22, 2021.

b. This Exhibit inadmissible as it constitutes a legal conclusion or the legal implications of evidence is inadmissible under improper legal conclusions. Fed. R. Evid. 701,

702

c. This Exhibit is inadmissible because a court cannot take judicial notice of the factual findings from another proceeding, otherwise the doctrine of collateral estoppel would be superfluous. See, e.g., <u>Taylor v. Charter Med. Corp</u>., 162 F.3d 827, 829-30 (5th Cir. 1998). Facts adjudicated in a prior case do not satisfy either test of indisputability contained in Rule 201(b). Thus, although a court can take judicial notice that a pleading or motion was filed or that a judgment was entered in another judicial proceeding, or that certain allegations were made in that proceeding, the court cannot take judicial notice of the truth of the allegations or findings.

**Exhibit I**

a. Exhibit I is a document of 65 pages of pleadings filed in state and federal court cases.

b. This pg. 1 thru 5 which refers to Objection to Agreed to Final Judgment filed McCarthy & Holthus LLP., and J.P. Morgan Chase Bank N.A. on March 5, 2019, McCarthy & Holthus LLP., in the case styled Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on Behalf of Flagstone Lending Group a Non-Existent Utah Corporation and Successor J.P. Morgan Chase Bank N.A. and Elizabeth Thomas, in the 133rd Judicial District Court, Harris County, Texas, filed a pleading after the case was closed and disposed of on February 14, 2019.

c. This exhibit was cited for proposition that on March 5, 2019, the court denied filing the final agreement when in fact the case was disposed of on February 14, 2019.

d. This Exhibit inadmissible as it constitutes a legal conclusion or the legal

implications of evidence is inadmissible under improper legal conclusions. Fed. R. Evid. 701, 702

**Exhibit J**

a. Exhibit J is a Affidavit prepared by a Christine Summons a licensing manager for Primary Residential Mortgage Inc., d/b/a Flagstone Lending Group.

b. This Exhibit is irrelevant under Fed. R. Evid. 401 and must be excluded because Primary Residential Mortgage Inc., d/b/a Flagstone Lending Group is not a party to this lawsuit.

**Exhibit-K**

a. Exhibit k is a copy of Petition and Request for Class Action filed in the year of 2017 challenging the mortgage origination, purchase contracts and title insurance issued now pending in the 333rd Judicial District Court, Harris County, Texas.

b. This exhibit was cited for the false proposition of alleged years of litigation with Flagstone (or Primary Residential Mortgage, Inc.,) when in fact Flagstone Lending Group is not mention in the petition.

c. This Exhibit is inadmissible as it constitutes a legal conclusion or the legal implications of evidence is inadmissible under improper legal conclusions. Fed. R. Evid. 701, 702

**Exhibit-L-1**

a. Exhibit L-1 is a copy of a Special Warranty Deed recorded on April 15, 2017, in the Harris County Real Property Records under Clerk No. RP-2017-244905.

b. This Exhibit is irrelevant under Fed. R. Evid. 401 must be excluded. The evidence

is "irrelevant" because it does not establish a genuine dispute as to the pleaded material facts for the affirmative defenses of illegality, lack of existence and res judicata evidence is relevant only where it has any tendency in reason to prove or disprove a material fact.

**Exhibit-L-2**

   a.   Exhibit L-2 is a copy of a Correction Deed recorded on July 2, 2019, from Robert L. Thomas to Allan Haye.

  b. This Exhibit is irrelevant under Fed. R. Evid. 401 must be excluded. The evidence is "irrelevant" because it does not establish a genuine dispute as to the pleaded material facts for the affirmative defenses of illegality, lack of existence and res judicata evidence is relevant only where it has any tendency in reason to prove or disprove a material fact.

**Exhibit M-1**

   a. Exhibit-M-1 is a Memorandum Decision rendered on April 28, 2022, from the U.S. Bankruptcy Court for the Southern District of New York for James Allen, Robert L. Thomas vs. Primary Residential Mortgage Inc.,

   b. This Exhibit is inadmissible as it constitutes a legal conclusion or the legal implications of evidence is inadmissible under improper legal conclusions. Fed. R. Evid. 701, 702

   c.  Facts adjudicated in a prior case do not satisfy either test of indisputability contained in Rule 201(b). Thus, although a court can take judicial notice that a pleading or motion was filed or that a judgment was entered in another judicial proceeding, or that certain allegations were made in that proceeding, the court cannot take judicial notice of the truth of the allegations or findings. *See, e.g., Taylor v. Charter Med. Corp.*, 162 F.3d 827,

829-30 (5th Cir. 1998).

**Exhibit M-2**

Exhibit-M-2 is a Memorandum Decision rendered on December 13, 2022, from the U.S. District Court for the Southern District of New York for James Allen, Robert L. Thomas vs. Primary Residential Mortgage Inc., ranting their motion to dismiss appeal.

a. This Exhibit is inadmissible as it constitutes a legal conclusion or the legal implications of evidence is inadmissible under improper legal conclusions. Fed. R. Evid. 701, 702

b.. Facts adjudicated in a prior case do not satisfy either test of indisputability contained in Rule 201(b). Thus, although a court can take judicial notice that a pleading or motion was filed or that a judgment was entered in another judicial proceeding, or that certain allegations were made in that proceeding, the court cannot take judicial notice of the truth of the allegations or findings. *See, e.g., Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-30 (5th Cir. 1998).

**N-1**

Exhibit N-1 is a copy a Order dated April 15, 2020 in the case styled as Allan Haye vs. MCCarthy & Holthus LLP., et al in the U.S. District Court Southern Texas: Houston Division granting Haye voluntary dismissal.

a. This Exhibit is inadmissible as it constitutes a legal conclusion or the legal implications of evidence is inadmissible under improper legal conclusions. Fed. R. Evid. 701, 702

b.. Facts adjudicated in a prior case do not satisfy either test of indisputability

contained in Rule 201(b). Thus, although a court can take judicial notice that a pleading or motion was filed or that a judgment was entered in another judicial proceeding, or that certain allegations were made in that proceeding, the court cannot take judicial notice of the truth of the allegations or findings. *See, e.g., Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-30 (5th Cir. 1998).

## Conclusion

The Movants requests that the Court sustain its objections to exhibits **A, A-1, B, C, D, E, F, H, I, J, K, L-1, L-2, M-1, M-2** and **N-1.** . The Court should strike these exhibits from the summary judgment record.

Respectfully submitted,

By/s/Elizabeth Thomas
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington DC 20002
elizthomas234@gmail.com
832-813-9231

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

By:/s/Keith Robinson Nguyen
Keith Robinson Nguyen
Texas State Bar No. 24062919
PO BOX 1787
Alief, TX 7741
Tel. 832-869-3419
Fax. 281-271-8077
krnlawfirm@gmail.com

By/s/Colleen M. McClure
COLLEEN M. MCCLURE
ATTORNEY AT LAW
Texas Bar No. 24012121
18482 Kuykendahl Rd. Box 106
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

ATTORNEY FOR ALLAN HAYE

ATTORNEY FOR JAMES ALLEN AND

12 | P a g e

ROBERT L. THOMAS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen<br>James M. Andersen