UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | |
|---|---|
| In Re:<br>    **ELIZABETH THOMAS**<br>        *Debtor* | Adversary Case No. **22-cv-00705** |
| **JAMES ALLEN, ROBERT L. THOMAS ALLAN HAYE**<br>    *Plaintiffs/Counter-Defendants*<br>**vs.**<br><br>**PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION**<br>    *Defendants/Counter- Plaintiffs*<br><br>**PCF PROPERTIES OF TEXAS LLC**,<br>    *Third Party Plaintiff*<br>vs.<br><br>**JP MORGAN CHASE BANK N.A ELIZABETH THOMAS AND JAMES M. ANDERSEN**<br>    *Third Party Defendants* | |

**JOINT RESPONSE AND OBJECTION TO PCF PROPERTIES OF TEXAS LLC. SUCESSOR TO FLAGSTONE LENDING GROUP, A FOREIGN NON-EXISTENT UTAH CORPORATION MOTION TO SET ALL PENDING MOTION FOR A ORAL HEARING**

**TO THE HONORABLE JUDGE ALFRED H. BENNETT U.S.D.J.**

COMES NOW, Third Party Defendants James M. Andersen and Elizabeth Thomas and Plaintiffs James Allen, Robert L. Thomas and Allan Haye (the "Movants"), filed this objection to the setting of a oral hearing all pending motion and moves the court to instead hold an evidentiary hearing for Attorney John Burger and the Law Firm Barry & Sewart, PLLC., to show proof of authority which has been rebutted:

**BACROUND FACTS**

1. As the court is aware this removal proceedings arises from PCF Properties of Texas LLC., Successor to Flagstone Lending Group Fictitious Foreign Non-Existent Utah Corporation contempt and disregard of bankruptcy orders. After two years of litigation in the U.S. Bankruptcy Court Southern District of New York between Debtor Elizabeth Thomas and J.P. Morgan Chase Bank N.A., to determine whether on October 19, 2007, if the Debtor Elizabeth Thomas (i) obtained a Texas home Equity Loan from lender MTH Lending Group L.P., **_or_** (ii) a advance cash purchase money loan from Flagstone Lending Group Fictitious Foreign Non-Existent Utah Corporation? on June 18, 2020, the Honorable Judge Sean H. Lane U.,S.D.J., agreed with a dozen other judges that on October 19, 2007, Debtor Elizabeth Thomas obtained a Texas home Equity Loan from her lender MTH Lending Group L.P., and repaid all the funds advanced to her at closing the court signed a "disallowance order" not only denying J.P. Morgan Chase Bank N.A., proof of claim but expunging it completely from the bankruptcy proceedings.

2. The Honorable Judge Sean H. Lane U.,S.D.J., June 18, 2020, "disallowance order" precludes all claims precludes re-litigation of all claims that were litigated by J.P. Morgan Chase Bank N.A., and its privites from being re-litigated such as (i) claiming that debtor Thomas was in default and owned the outstanding amount of **$489, 069.96**, in mortgage payments that is a secured with a Deed of Trust recorded in the Harris County Real Property Records under instrument No. 20070643669 (ii) Deed of Trust was fraudulently recorded as release by Andersen; and (iii) that deeds transferring the interest in the property are fraudulent have been adjudicated to the final judgment on the merits.

3. PCF Properties of Texas LLC., Successor to Flagstone Lending Group a Non-Existent Utah Corporation, despite like J.P. Morgan Chase have absolutely no personal knowledge as to what loan documents Ms. Thomas executed on October 19, 2007, seeks to collaterally attack the bankruptcy court June 18, 2020, disallowance order by re-litigating in state court the same claims already litigated by J.P. Morgan Chase, in the bankruptcy under the false pretense of foreclosing on lien purporting to secure a criminal and illegal debt that has been recorded as release since December 27, 2016, in order to undermine the bankruptcy process and the integrity of the proceedings and cause irreparable harm to the parties of a bankruptcy. *See* <u>In re Skyport Glob. Commc'ns, Inc.</u>, 528 B.R. 297, 328 (S.D. Tex. 2015), *aff'd in part sub nom.*, 642 F. App'x 301 (5th Cir. 2016) (; <u>In re Chiron Equities, LLC</u>, 552 B.R. 674, 699 (Bankr. S.D. Tex. 2016) (holding that continued prosecution of a state-court action constitutes a collateral attack that undermines the bankruptcy process and causes irreparable harm to the parties to a bankruptcy).

4. The U.S. Supreme Court held in <u>Travelers Indemnity Co. v. Bailey</u>, 557 U.S. 137, 152 (2009) explicitly precludes collateral attacks on final bankruptcy orders by parties and their privities to the proceedings "whether or not [they] were proper exercises of bankruptcy court jurisdiction and power" in the first instance. 557 U.S. at 152, 129 S. Ct. at 2205. To hold otherwise would upend the need for finality in the judicial system, because "this sort of collateral attack cannot be squared with res judicata." . It is just as important that there should be a place to end as that there should be a place to begin litigation." Id. at 154, 129 S. Ct. at 2206 (internal quotation marks and citation omitted).

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a). See *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.)*, 118 F.3d 1056, 1063 (5th Cir.1997) (noting that a proceeding to enforce and/or construe a federal court order issued constitutes a proceeding arising in case under title 11).

6. The Court should take judicial notice that the collection of an unlawful debt violates 18 U.S.C. § 1961(6), which violates 18 U.S.C. § 1964(c), and (d) and is a criminal offense. The Movants have the right to know who retained counsel.

## RELIEF REQUESTED

7. The Movants challenges that Attorney John Burger and the Law Firm Barry & Sewart, PLLC., have no authority to prosecute or defend this suit. There is a rebuttable presumption that an attorney has authority. See *Noland Open MRI Center, Inc v. Pachero*, 13-13-00552/CV (Tex. App—Corpus Christi 2015) (unpublished opn.). Rule 12 of the Texas Rules of Civil Procedure allows a party to challenge an attorney's authority to prosecute or defend a lawsuit. *Id*. The Rule's purpose is to enforce a party's right to know who authorized the suit and protect against groundless suits Id.

8. PCF Properties of Texas is a Texas Limited Liability Company and under Texas law a, LLC., may not direct litigation and hire an attorney unless sanctioned by its governing authority—i.e., a majority of the board of directors or managers. See: In *Street Star Designs, LLC v. Gregory*,( Case No. 4:2011-cv-00915, S.D. TX).

9. The Movants have seen no written minutes or approval of those minutes by board members or manager's unanimous consent to hire counsel or a majority vote

authorizing retaining of counsel in compliance with the Business Organization Code.

10. Flagstone Lending Group a Foreign Non-Existent Utah Corporation and there must be evidence of a certificates of formation and evidence that the attorney was appointed pursuant to the Business Organization's Code and the entity's governing documents. *See;* <u>Nolano Open MRI Center Inc. v. Pechero</u>, (Case No. 13-13-00552-CV, Tex. App—Corpus Christi 2015). In <u>Square 67 Development Corp. v. Red Oak State Bank</u>, <u>559 S.W.2d 136, 137-38</u> (Tex. Civ. App. — Waco 1977, writ ref. n.r.e.).

11. The Movants have seen no certificates of formation for Flagstone Lending Group a Foreign Non-Existent Utah Corporation or written minutes or approval of those minutes by its board members or managers unanimous consent to hire counsel or a majority vote authorizing retaining of counsel in compliance with the Business Organization Code.

12. Attorneys must have authority to defend or prosecute pursuant to the Business Organization Code. *See:* <u>Nolano Open MRI Center Inc. v. Pechero</u>, (Case No. 13-13-00552-CV, Tex. App—Corpus Christi 2015). **<u>If they do not then they have no authority</u>**. I*d*.

## IV.  Prayer

Therefore, Movants respectfully requests that for Attorney John Burger and the Law Firm Barry & Sewart, PLLC., to show proof of authority by producing five days before the scheduled hearing the following (i) a copy of PCF Properties of Texas written minutes or approval of those minutes by board members or manager's unanimous consent to hire counsel or a majority vote authorizing retaining of counsel in compliance with the Business Organization Code: and (ii) a copy of Flagstone Lending Group a Foreign Non-

Existent Utah Corporation certificates of formation and a copy of written minutes or approval of those minutes by board members or managers unanimous consent to hire counsel or a majority vote authorizing retaining of counsel in compliance with the corporations charter or bylaws and upon the failure to show such authority, that the Court strike all Motions, pleadings, Counter/claim and Third Party Claim filed by Attorney John Burger and the Law Firm Barry & Sewart, PLLC., and any further request any other relief to which he may show himself justly entitled.

                                             Respectfully submitted,

By:/s/Elizabeth Thomas  
Elizabeth Thomas Self Represented  
712 H Street NE #1297  
Washington DC 20002  
elizthomas234@gmail.com  
832-813-9231

By:/s/James M. Andersen  
James M. Andersen  
Texas State Bar No. 01165850  
P. O. Box 58554  
Webster, Texas 77598-8554  
Tel. (281)488-2800  
Fax. (281)480-4851  
E-Mail:jandersen.law@gmail.com

By:/s/Keith Robinson Nguyen  
Keith Robinson Nguyen  
Texas State Bar No. 24062919  
PO BOX 1787  
Alief, TX 7741  
Tel. 832-869-3419  
Fax. 281-271-8077  
krnlawfirm@gmail.com

By/s/Colleen M. McClure  
COLLEEN M. MCCLURE  
ATTORNEY AT LAW  
Texas Bar No. 24012121  
18482 Kuykendahl Rd. Box 106  
Spring, Texas 77379  
Tel. (281) 440-1625  
Fax. (281) 946-5627  
colleen.mcclure@att.net

## CERTIFICATE OF SERVICE

    I hereby certify that on February 13, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties and all counsel of record registered to receive electronic notice in this bankruptcy case.

By:/s/James M. Andersen