United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT THOMAS, *et al*, § § § Plaintiffs, § VS. § § PCF PROPERTIES IN TEXAS, LLC, *et al*, § § Defendants. § § § | CIVIL ACTION NO. 4:22-CV-705 |

## ORDER

Before the Court are Defendant/Third-Party Plaintiff PCF Properties in Texas, LLC ("PCF") and Third-Party Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Second Motion to Remand (Doc. #16); Responses from Plaintiff/Counter Defendant Allan Haye (Doc. #17), Third-Party Defendant Elizabeth Thomas (Doc. #28), and Plaintiff/Counter Defendant James Allen (Doc. #29); and a Reply from PCF and Chase (Doc. #34). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion to Remand.

In 2007, Third-Party Defendant Elizabeth Thomas ("E. Thomas") obtained a residential mortgage loan to purchase real property located at 8202 Terra Valley in Tomball, Texas (the "Property"). Doc. #16 at 1. In 2010, the mortgage for the Property was assigned to Chase through a deed of trust. *Id.* at 1–2. For a decade, E. Thomas failed to make payments, so on March 3, 2020, Chase foreclosed on the mortgage. *Id.* at 2; Doc. #34 at 1. PCF purchased the Property at a foreclosure sale. Doc. #16 at 2. E. Thomas, and Plaintiff/Counter Defendants James Allen ("Allen") (E. Thomas' brother), Robert Thomas ("R. Thomas") (E. Thomas' son), and Allan Haye ("Haye") (a straw buyer) (collectively, the "Aligned Litigants") have repeatedly filed frivolous lawsuits and bankruptcies to prevent PCF from taking possession of the Property. *Id.* (listing

eleven lawsuits collectively filed by Allen, R. Thomas, and Haye); *id.*, Ex. 5 at 1 (U.S. Bankruptcy Judge Cecelia G. Morris noting that E. Thomas has filed at least six bankruptcies). Judges have found that the Aligned Litigants are working together to "delay and defraud [Chase] in its efforts to foreclose against the [Property]." Doc. #16, Ex. 5 at 2; *Id.*, Ex. 3 at 1 (U.S. Bankruptcy Judge Sean H. Lane finding that "the filing of [E. Thomas'] bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors"). In fact, on April 15, 2019, U.S. District Court Judge David Hittner enjoined E. Thomas, R. Thomas, and Allen from filing any notices of removal from the 127th Judicial District in Harris County for three pending cases without advance written permission from the Chief Judge of the Southern District of Texas. *Id.*, Ex. 1. In his order, Judge Hittner stated,

> Failure of Defendants [E. Thomas, R. Thomas, and Allen] to comply with this Order or to continue to file any vexatious or frivolous notices of removal, complaints, motions, or actions raising similar issues addressed in the above-referenced Order may result in the imposition of monetary sanctions and/or an order of contempt of court.

*Id.*

Yet, despite Judge Hittner's admonishments, the Aligned Litigants have continued their tactics. On June 15, 2020, Allen, as an alleged owner of the Property, sued PCF in the 80th Judicial District of Harris County for quiet title and declaratory judgment regarding ownership of the Property. Doc. #2, Ex. 10 ¶ 2. Haye and R. Thomas were later joined as Plaintiffs, and in February 2021, the plaintiffs filed their Eighth Joint Amended Petition with claims against E. Thomas. *Id.* ¶¶ 4–5, 9. On March 7, 2022, E. Thomas removed the case to this Court claiming that under 28 U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer the case to the U.S. Bankruptcy Court for the Southern District of New York, White Plains Division, where she has a pending Chapter 13 bankruptcy case. Doc. #4 at 17 (Amended Notice of Removal).

PCF and Chase argue that the case must be remanded because this Court lacks jurisdiction

2

under Section 1452. Doc. #16 at 6. Section 1452 allows a party to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334(b) of 28 U.S.C. gives district courts "original but not exclusive jurisdiction of all civil proceedings arising under [T]itle 11, or arising in *or related to a case under [T]itle 11*." 28 U.S.C. § 1334(b) (emphasis added). A matter is related to a Title 11 case when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

E. Thomas argues that this case "is directly related" to her bankruptcy case within the meaning of Section 1334 because the relief sought by PCF and Chase is the same as claims already litigated against her. Doc. #4 at 17. However, United States Bankruptcy Judge Cecelia G. Morris of the Southern District of New York, who presided over E. Thomas' aforementioned Chapter 13 case, stated in a memorandum decision that the Property "is not (and has never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11. Even further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure sale on the . . . Property is not invalidated or affected in any way whatsoever by this bankruptcy case." *Id.*, Ex. 5 at 12. Because the Property is not a part of the bankruptcy estate, the case is not related to a title 11 proceeding; the outcome of this case as it relates to the Property will not impact the estate being administered in E. Thomas' bankruptcy proceeding. *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate."). Therefore, the Court lacks jurisdiction under Section 1334(b) as required for a removal pursuant to Section 1452.

For the foregoing reasons, the Motion to Remand is hereby GRANTED, and this case is

REMANDED to the 80th Judicial District Court, Harris County, Texas for further proceedings. This Court also expands Judge Hittner's previous directive that the Aligned Litigants receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court. Moreover, as noted by Judge Hittner, continued frivolous notices of removal, complaints, and motions by the Aligned Litigants will result in the imposition of monetary sanctions and/or an order of contempt from this Court.

It is so ORDERED.

FEB 1 6 2023
Date

The Honorable Alfred H. Bennett
United States District Judge